# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS
211 S. Court Street
Rockford, IL 61101

**Kenneth S. Gardner**, Bankruptcy Clerk

|  |  |
|---|---|
| | Date  July 21, 2008 |

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

*Judge Reinhard*

**08 C 50 1 48**

F I L E D

JUL 2 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case Number      03-71403

Case Name      Terence Bruce Richards

Notice of Appeal Filed      June 9, 2008

Appellant      Terence Bruce Richards

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | | |
|---|---|---|
| ✓ Transmittal Letter and Civil Cover Sheet | ✓ | Notice of Appeal |
| ✓ Designation and Statement of Issues | ✓ | Copy of Documents Designated |
| ✓ Transcript of Proceeding | ☐ | Exhibits |
| ☐ In Forma Pauperis | ☐ | Expedited Notice of Appeal |

Additional Items Included

☐ _____

_____

**5**    Total Volumes Transmitted

The following items will be transmitted as a supplemental to the Record on Appeal:

☐ _____

_____

Previous D C Judge _____        Case Number _____

By Deputy Clerk    *Cindy Shales*

**DEPUTY CLERK**

Revised 03/26/08rj

Official Form 17
(12/04)

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUN 09 2008
KENNETH S. GARDNER, CLERK
BY_____
DEPUTY CLERK

# United States Bankruptcy Court

_NORTHERN_ District Of _ILLINOIS_

In re _TERENCE BRUCE RICHARDS_
_____
Debtor

## F I L E D

JUL 2 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No. _03B71403_

Chapter _7_

_[Caption as in Form 16A, 16B, or 16D, as appropriate]_

## NOTICE OF APPEAL

08 C 50148

_TERENCE BRUCE RICHARDS_ the plaintiff [_or defendant or other party_] appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge (describe) entered in this adversary proceeding [_or other proceeding, describe type_] on the _4TH_ day of _JUNE_, _2008_.
(month)      (year)

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

_JAMES E STEVENS BANKRUPTCY TRUSTEE_
_BARRICK, SWITZER, LONG, BAICSLEY_
_STALTER DRIVE_
_ROCKFORD, ILLINOIS 61101_

Dated: _JUNE 4TH, 2008_

Signed: _Terence Bruce Richards_
Attorney for Appellant (or Appellant, if not represented by an Attorney)

Attorney Name: _TERENCE BRUCE RICHARDS_

Address: _105 SOUTH ASHLAND AVE_
_CHICAGO, ILLINOIS 60607_

Telephone No: _____

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this notice of appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

_If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required._

```
         UNITED  STATES
      BANKRUPTCY  COURT
          ILLINOIS NORTHERN
          ROCKFORD DIVISION

      #  29148      -  R3
      *  *  C  O  P  Y  *  *
        July  21,  2008
            15:09:10


         AP  MOTION
           03-71403
Amount.:                  $5.00 CA


          APPEAL
           03-71403
Amount.:                $250.00 CA



  Total->    $255.00


FROM: RICHARDS
```

**DSCHGREVOKED, CLOSED, APPEAL**

## U.S. Bankruptcy Court
### Northern District of Illinois (Rockford)
### Bankruptcy Petition #: 03-71403

*Assigned to:* Hon. Manuel Barbosa
Chapter 7
Voluntary
Asset

*Date Filed:* 03/14/2003
*Date Terminated:* 08/30/2006

*Debtor*
**Terence Bruce Richards**
PO Box 3030
Chicago, IL 60690
SSN: xxx-xx-0642
*aka*
**Terence B Richards**
*aka*
**Terence Richards**

represented by **Terence Bruce Richards**
PRO SE

*Trustee*
**James E Stevens**
Barrick, Switzer, Long, Balsley & Van Ev
6833 Stalter Drive
Rockford, IL 61108
815-962-6611

represented by **James E Stevens**
Barrick, Switzer, Long, Balsley & Van
Ev
6833 Stalter Drive
Rockford, Il 61108
815-962-6611
Fax : 815-962-1758
Email: jstevens@bslbv.com

*U.S. Trustee*
**William T Neary**
Office of the U.S. Trustee, Region 11
780 Regent Street
Suite 304
Madison, WI 53715
608-264-5522

**08 C 50 148**

This is to certify that the within and attached
document is a full, true and correct copy of the
original thereof as the same appears on file in the
office of the Clerk of the United States Bankruptcy
Court for Northern District of Illinois.

KENNETH S. GARDNER
CLERK OF COURT

By _____
Deputy Clerk

Dated  7/21/08

| Filing Date | # | Docket Text |
|---|---|---|
| 03/14/2003 | 1 | VOLUNTARY petition under chapter 7 [PG] (Entered: 03/17/2003) |
| 03/14/2003 | 2 | RECEIPT No. 5037/$50 [PG] (Entered: 03/17/2003) |
| 03/14/2003 | 3 | APPLICATION and Order to Pay Filing Fees in Installments [PG] (Entered: 03/17/2003) |
| 03/28/2003 | 4 | MOTION for Extension of Time to file Schedules and Statement of Affairs until 3-31-03 by Debtor hearing on 03/31/2003 at 9:30 a.m. at U.S. Bankruptcy Court, Federal Courthouse 211 South Court, Rockford, Illinois[Disposed] [MW] (Entered: 03/28/2003) |
| 03/31/2003 | 5 | ORDER GRANTED until 4-2-03 to file balance of petition RE: Item# 4 [MW] (Entered: 04/01/2003) |
| 04/01/2003 | 6 | NOTICE of Meeting of Creditors and Deadlines with Certificate of Service [MW] (Entered: |

| | | |
|---|---|---|
| | | 04/01/2003) |
| 04/02/2003 | 7 | SCHEDULES [MW] (Entered: 04/03/2003) |
| 04/02/2003 | 8 | STATEMENT of Financial Affairs [MW] (Entered: 04/03/2003) |
| 04/04/2003 | 9 | RECEIPT No. 5704/$50.00 [MW] (Entered: 04/04/2003) |
| 04/07/2003 | 10 | MOTION to Avoid Non-Possessory, Non-Purchase Money Lien RE: CitiFinancial hearing on 04/14/2003 at 9:30 a.m. at U.S. Bankruptcy Court, Federal Courthouse 211 South Court, Rockford, Illinois[Disposed] [MW] (Entered: 04/07/2003) |
| 04/14/2003 | 11 | ORDER Avoiding Non-Possessory, Non-Purchase Money Lien of Creditor[s] RE: Item# 10 [MW] (Entered: 04/15/2003) |
| 04/23/2003 | 12 | FINAL Report of Trustee in No Asset Case [MW] (Entered: 04/24/2003) |
| 05/16/2003 | 13 | RECEIPT No. 7170 $50 [JS] (Entered: 05/16/2003) |
| 05/21/2003 | 14 | MOTION to Surrender of Property held by Second Party hearing on 05/28/2003 at 9:30 a.m. at U.S. Bankruptcy Court, Federal Courthouse 211 South Court, Rockford, Illinois [JS] (Entered: 05/21/2003) |
| 05/28/2003 | 15 | HEARING Continued hearing on 06/16/2003 at 10:00 a.m. RE: Item# 14 [JB] Original NIBS Entry Number: 14A (Entered: 05/28/2003) |
| 06/09/2003 | 16 | MOTION to Receive Notices and/or Added to Service List RE: American Express Travel Related Services Co Inc % Becket & Lee LLP By Attorney Barbara Hamilton [Disposed] [AB] Original NIBS Entry Number: 15 (Entered: 06/10/2003) |
| 06/10/2003 | 17 | ORDER to Receive Notices and/or Added to Service List RE: Item# 16 [AB] Original NIBS Entry Number: 16 (Entered: 06/11/2003) |
| 06/11/2003 | 18 | MOTION To Rescind No-Asset Report - Trustee hearing on 07/09/2003 at 9:30 a.m. at U.S. Bankruptcy Court, Federal Courthouse 211 South Court, Rockford, Illinois [CB] Original NIBS Entry Number: 17 (Entered: 06/11/2003) |
| 06/11/2003 | 19 | APPLICATION to Employ - Trustee hearing on 07/09/2003 at 9:30 a.m. at U.S. Bankruptcy Court, Federal Courthouse 211 South Court, Rockford, Illinois [CB] Original NIBS Entry Number: 18 (Entered: 06/11/2003) |
| 06/11/2003 | 20 | AFFIDAVIT - James E Stevens [CB] Original NIBS Entry Number: 19 (Entered: 06/11/2003) |
| 06/12/2003 | 21 | ADVERSARY PROCEEDING FILED NO. 03 A 7063 to recover money or property [LS] Original NIBS Entry Number: 20 (Entered: 06/12/2003) |
| 06/16/2003 | ●22 | Amended Petition to correct: Debtors Aliases Filed by Terence Bruce Richards . (Gianesin, Paul) (Entered: 07/01/2003) |
| 06/16/2003 | ●23 | Amended Schedule(s) :D and F Receipt Number 8113, Fee Amount $20 Filed by Terence Bruce Richards . (Gianesin, Paul) (Entered: 07/01/2003) |

| 06/16/2003 | 🔵24 | Summary of Schedules Filed by Terence Bruce Richards . (Gianesin, Paul) (Entered: 07/01/2003) |
| 06/16/2003 | 🔵25 | Statement of Financial Affairs Filed by Terence Bruce Richards . (Gianesin, Paul) (Entered: 07/01/2003) |
| 06/17/2003 | 🔵26 | Order Withdrawing Motion (Related Doc # 14). Signed on 6/17/2003. (Marko, Kathie) CORRECTIVE ENTRY: THE TIME TO FILE SEC. 523 AND SEC. 727 COMPLAINTS IS EXTENDED TO 7/31/03. Modified on 7/16/2003 (Weatherford, Mary). (Entered: 07/01/2003) |
| 07/07/2003 | 🔵27 | Notice of Appearance and Request for Notice Filed by Gabriella R Comstock on behalf of Harris Trust & Savings Bank . (Shabez, Cindy) (Entered: 07/11/2003) |
| 07/09/2003 | 🔵28 | Order Granting Application to Employ James E Stevens (Related Doc # 19). Signed on 7/9/2003. (Marko, Kathie) (Entered: 07/15/2003) |
| 07/09/2003 | 🔵29 | Order Granting Motion (Related Doc # 18). Signed on 7/9/2003. (Marko, Kathie) (Entered: 07/15/2003) |
| 07/16/2003 | 🔵30 | CORRECTIVE ENTRY THE TIME TO FILE SEC. 523 AND SEC. 727 COMPLAINTS IS EXTENDED TO 7/31/03 (RE: 26 Order on Generic Motion). (Weatherford, Mary) (Entered: 07/16/2003) |
| 07/23/2003 | 🔵31 | Notice of Motion and Motion to Approve Reaffirmation Agreement Pursuant To 11 U.S.C. 524 Filed by Terence Bruce Richards . Hearing scheduled for 7/28/2003 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Continuation Pages# 2 Proposed Order) (Weatherford, Mary) (Entered: 07/24/2003) |
| 07/23/2003 | 🔵35 | Reaffirmation Agreement with Wells Fargo Financial National Bank for $980.00 Filed by Terence Bruce Richards . (Marko, Kathie) (Entered: 07/30/2003) |
| 07/24/2003 | 🔵32 | Notice of Motion and Motion to Authorize Debtor to Apply for Approval to file Reaffirmation Agreement with Harris Bank Filed by Terence Bruce Richards . Hearing scheduled for 7/30/2003 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Marko, Kathie) (Entered: 07/28/2003) |
| 07/28/2003 | 🔵36 | Reaffirmation Agreement with Wells Fargo Financial Naitonal Bank for $980.00 Filed by Gabriella R Comstock on behalf of Terence Bruce Richards . (Shores, Janice) (Entered: 08/11/2003) |
| 07/29/2003 | 🔵33 | 454 (Recover Money/Property): Complaint by James E Stevens on behalf of James E Stevens against Donald Harrington . (Bonifacio, Aggie) (Entered: 07/29/2003) |
| 07/30/2003 | 🔵34 | Hearing Continued (RE: 32 Motion to Authorize, ). Hearing scheduled for 8/27/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 07/30/2003) |
| 07/30/2003 | 🔵37 | Reaffirmation Agreement with Harris Bank for $17,527.53 Filed by Harris Trust & Savings Bank . (Shores, Janice) (Entered: 08/13/2003) |
| 07/30/2003 | 🔵38 | Reaffirmation Agreement with Harris Bank for $44,484.32 Filed by Harris Trust & Savings Bank . (Shores, Janice) Additional attachment(s) added on 8/19/2003 (Weatherford, Mary). CORRECTIVE ENTRY: ATTACHED PDF Modified on 8/19/2003 (Weatherford, Mary). (Entered: 08/13/2003) |

| | | |
|---|---|---|
| 08/18/2003 | 🌑40 | Notice of Motion and Motion to Withdraw Document and Surrender Property ( 38 Reaffirmation Agreement) Filed by Terence Bruce Richards . Hearing scheduled for 8/25/2003 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Weatherford, Mary) (Entered: 08/19/2003) |
| 08/19/2003 | 🌑39 | Notice of Motion and Application to Employ John Miller as Auctionneer Filed by James E Stevens . Hearing scheduled for 9/10/2003 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 08/19/2003) |
| 08/19/2003 | 🌑41 | CORRECTIVE ENTRY ATTACHED PDF (RE: 38 Reaffirmation Agreement, ). (Weatherford, Mary) (Entered: 08/19/2003) |
| 08/25/2003 | 🌑42 | Hearing Continued (RE: 40 Motion to Withdraw Document, ). Hearing scheduled for 9/8/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 08/25/2003) |
| 08/25/2003 | 🌑44 | Affidavit Filed by John Miller of Miller Auction Service, Inc. (RE: 39 Application to Employ). (Marko, Kathie) (Entered: 09/04/2003) |
| 08/27/2003 | 🌑43 | Order Denying Motion to Approve (Related Doc # 31). Signed on 8/27/2003. (Marko, Kathie) (Entered: 08/29/2003) |
| 09/08/2003 | 🌑45 | Hearing Continued (RE: 40 Motion to Withdraw Document, ). Hearing scheduled for 9/22/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Gianesin, Paul) (Entered: 09/08/2003) |
| 09/09/2003 | 🌑46 | Notice of Motion and Motion for Relief from Stay as to 2408 Aspen Drive Woodstock, IL. Receipt Number 10795, Fee Amount $75, Filed by Gabriella R Comstock on behalf of Harris Trust & Savings Bank . Hearing scheduled for 9/8/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Bonifacio, Aggie) (Entered: 09/10/2003) |
| 09/09/2003 | 🌑47 | Statement of Default Filed by Gabriella R Comstock on behalf of Harris Trust & Savings Bank . (Bonifacio, Aggie) (Entered: 09/10/2003) |
| 09/10/2003 | 🌑48 | Order Granting Application to Employ John Miller (Related Doc # 39). Signed on 9/10/2003. (Bonifacio, Aggie) (Entered: 09/11/2003) |
| 09/12/2003 | 🌑49 | Notice of Motion and Motion for Relief from Stay as to 2408 Aspen Drive Woodstock, IL. Receipt Number 10910, Fee Amount $75, Filed by Gabriella R Comstock on behalf of Harris Trust & Savings Bank . Hearing scheduled for 9/22/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Proposed Order) (Bonifacio, Aggie) (Entered: 09/12/2003) |
| 09/12/2003 | 🌑50 | Statement of Default Filed by Gabriella R Comstock on behalf of Harris Trust & Savings Bank . (Bonifacio, Aggie) (Entered: 09/12/2003) |
| 09/22/2003 | 🌑51 | Order Granting Motion for Relief from Stay (Related Doc # 49). Signed on 9/22/2003. (Shabez, Cindy) (Entered: 09/22/2003) |
| 10/02/2003 | 🌑52 | Request for Discharge Order (Gianesin, Paul) (Entered: 10/02/2003) |
| 10/02/2003 | 🌑53 | BNC Certificate of Mailing - Order of Discharge. No. of Notices: 53. Service Date 10/04/2003. (Related Doc # 52) (Admin.) (Entered: 10/05/2003) |

| 11/25/2003 | 🌀54 | Notice of Motion and Motion to Pay the Law Firm of Barrick, Switzer, Long, Balsley and Van Evera the amount of $654.63 Filed by James E Stevens . Hearing scheduled for 12/17/2003 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 11/25/2003) |
|---|---|---|
| 12/03/2003 | 🌀55 | Report of Sale and Payment to Miller Auction d/b/a Heritage Estate Sales Filed by Trustee James E Stevens . (Shabez, Cindy) (Entered: 12/10/2003) |
| 12/17/2003 | 🌀56 | Order Granting Motion To Pay (Related Doc # 54). Signed on 12/17/2003. (Shabez, Cindy) (Entered: 12/17/2003) |
| 12/30/2003 | 🌀58 | Notice of Change of Address for Debtor To: POB 7862 Gurnee, IL 60031 Filed by Terence Bruce Richards . (Bonifacio, Aggie) (Entered: 01/14/2004) |
| 01/05/2004 | 🌀57 | Order RE: Approving Report of Sale and Payment to Miller Auction DBA Heritage Estate Sales (RE: 55 Report of Sale). Signed on 1/5/2004 (Bonifacio, Aggie) (Entered: 01/08/2004) |
| 03/08/2004 | 🌀59 | Initial Report of Assets & Request for Notice to Creditors Filed by Trustee James E Stevens . Proofs of Claims due by 6/7/2004. Government Proof of Claim due by 6/7/2004. (Bonifacio, Aggie) (Entered: 03/09/2004) |
| 03/09/2004 | 🌀60 | BNC Certificate of Mailing - Notice Fixing Time for Filing Claims No. of Notices: 53. Service Date 03/11/2004. (Related Doc # 59) (Admin.) (Entered: 03/12/2004) |
| 06/28/2004 | 🌀61 | Notice of Motion and Motion for Remand Filed by Terence Bruce Richards . Hearing scheduled for 7/7/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 06/29/2004) |
| 07/07/2004 | 🌀62 | Order Denying Motion For Remand (Related Doc # 61). Signed on 7/7/2004. (Marko, Kathie) (Entered: 07/07/2004) |
| 07/13/2004 | 🌀63 | 424 (Obj/Revocation Discharge 727) : Complaint 04-07077 Filed by James E Stevens against Terence Bruce Richards (Shores, Janice) (Entered: 07/13/2004) |
| 09/30/2004 | 🌀64 | Report of Sale Filed by Trustee James E Stevens . (Attachments: # 1 Proposed Order)(Shabez, Cindy) (Entered: 10/04/2004) |
| 09/30/2004 | 🌀65 | Notice of Motion and Application for Compensation for John Miller , Auctioneer, Fee: $450.00, Expenses: $150.00. Filed by James E Stevens ,on behalf of James E Stevens . Hearing scheduled for 10/25/2004 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Proposed Order) (Shabez, Cindy) (Entered: 10/04/2004) |
| 09/30/2004 | 🌀66 | Notice of Hearing Filed by James E Stevens on behalf of James E Stevens (RE: 64 Report of Sale). Hearing scheduled for 10/25/2004 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 10/04/2004) |
| 10/12/2004 | 🌀67 | Notice of Motion and Application for Compensation for James E Stevens, Trustee's Attorney, Fee: $8,625.00, Expenses: $307.40. Filed by Trustee James E Stevens Hearing scheduled for 11/1/2004 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Proposed Order) (Stevens, James) Additional attachment(s) added on 10/12/2004 (Weatherford, Mary). (Entered: 10/12/2004) |
| 10/12/2004 | 🌀68 | CORRECTIVE ENTRY Attached Correct PDF (RE: 67 Application for Compensation, ). |

| | | |
|---|---|---|
| | | (Weatherford, Mary) (Entered: 10/12/2004) |
| 10/18/2004 | ❶69 | Adversary Case 03-7063 Closed . (Shabez, Cindy) (Entered: 10/18/2004) |
| 10/25/2004 | ❶70 | Order Granting Application For Compensation (Related Doc # 65). John Miller, fees awarded: $450.00, expenses awarded: $150.00. Signed on 10/25/2004. (Shabez, Cindy) (Entered: 10/25/2004) |
| 10/25/2004 | ❶71 | Order Granted (RE: 64 Report of Sale). Signed on 10/25/2004 (Shabez, Cindy) (Entered: 10/25/2004) |
| 11/01/2004 | ❶72 | Order Granting Application For Compensation (Related Doc # 67). James E Stevens, fees awarded: $8625.00, expenses awarded: $307.40. Signed on 11/1/2004. (Shabez, Cindy) (Entered: 11/01/2004) |
| 02/11/2005 | ❶73 | Order Revoking Discharge of Debtor . Signed on 2/11/2005 (Shabez, Cindy) (Entered: 02/11/2005) |
| 02/11/2005 | ❶74 | Update Revoked Discharge Disposition and Request Notice (RE: 53 BNC Certificate of Mailing - Order of Discharge). (Shabez, Cindy) (Entered: 02/11/2005) |
| 02/11/2005 | ❶75 | BNC Certificate of Mailing. (RE: 74 Update Revoked Discharge Disposition and Request Notice). No. of Notices: 62. Service Date 02/13/2005. (Admin.) (Entered: 02/13/2005) |
| 03/09/2005 | ❶76 | Adversary Case 03-7083 Closed . (Shabez, Cindy) (Entered: 03/09/2005) |
| 04/08/2005 | ❶77 | Notice of Motion and Motion for Disqualification Filed by Terence Bruce Richards . Hearing scheduled for 4/20/2005 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 04/08/2005) |
| 04/08/2005 | ❶78 | Notice of Motion and Motion to Convert Case to Chapter 13. Filed by Terence Bruce Richards . Hearing scheduled for 4/20/2005 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 04/08/2005) |
| 04/21/2005 | ❶79 | Order Denying Motion (Related Doc # 77). Signed on 4/21/2005. (Shabez, Cindy) (Entered: 04/21/2005) |
| 04/21/2005 | ❶80 | Order Denying Motion to Convert Case to Chapter 13 (Related Doc # 78) . Signed on 4/21/2005. (Shabez, Cindy) (Entered: 04/21/2005) |
| 04/28/2005 | ❶81 | Notice of Motion and Application for Compensation for John Miller of Miller Auction Service, Inc., Auctioneer, Fee: $103.00, Expenses: $100.00. Filed by James E Stevens. Hearing scheduled for 5/18/2005 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Proposed Order # 2 Exhibit) (Stevens, James) (Entered: 04/28/2005) |
| 05/16/2005 | ❶82 | Notice of Motion and Motion to Convert Case to Chapter 13., Notice of Motion and Motion for Leave to Sue Trustee, Notice of Motion and Motion to Recuse Judge Barbosa Filed by Terence Bruce Richards . Hearing scheduled for 5/18/2005 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 05/16/2005) |
| 05/18/2005 | ❶83 | Hearing Continued (RE: 82 Motion to Convert Case to Chapter 13, , Motion for Leave, , Motion to Recuse Judge, ). Hearing scheduled for 6/1/2005 at 09:30 AM at Federal Building, 211 South Court |

| | | Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 05/18/2005) |
|---|---|---|
| 05/18/2005 | ◕84 | Order Denying Motion to Convert Case to Chapter 13 (Related Doc # 82) , Denying Motion to Recuse Judge (Related Doc # 82). Signed on 5/18/2005. (Shabez, Cindy) (Entered: 05/18/2005) |
| 05/18/2005 | ◕85 | Order Denying in Part, Continuing Motion for Leave to 06/01/05 at 9:30 a.m.(Related Doc # 82). Signed on 5/18/2005. (Shabez, Cindy) (Entered: 05/18/2005) |
| 05/18/2005 | ◕86 | Order Granting Application For Compensation (Related Doc # 81). John Miller of Miller Auction Service, Inc., fees awarded: $103.00, expenses awarded: $100.00. Signed on 5/18/2005. (Shabez, Cindy) (Entered: 05/18/2005) |
| 05/19/2005 | ◕87 | Notice of Filing District Court Summons, Complaint and Amended Complaint Filed by James E Stevens on behalf of James E Stevens. (Attachments: # 1 Exhibit Exhibit A) (Stevens, James) (Entered: 05/19/2005) |
| 06/14/2005 | ◕88 | Order Denying Motion for Leave (Related Doc # 82). Signed on 6/14/2005. (Shabez, Cindy) (Entered: 06/14/2005) |
| 01/26/2006 | ◕89 | Change of Name/Address for Terrence Bruce Richards. Address changed to 6431 N Sheridan Rd Box 2188, Chicago, IL 60626 Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 01/27/2006) |
| 02/03/2006 | ◕90 | Adversary Case 3-04-ap-07077 Closed . (Shabez, Cindy) (Entered: 02/03/2006) |
| 05/03/2006 | ◕91 | Notice of Motion and Motion to Allow Claim(s) # 1,2,3,4,5,6,7,8,9,10,11,12, Notice of Motion and Motion to Disallow 7,13 Filed by James E Stevens Hearing scheduled for 5/31/2006 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Proposed Order) (Stevens, James) (Entered: 05/03/2006) |
| 05/31/2006 | ◕92 | Order Allowing Claim(s) 1-6,8-12 (RE: 91 Motion to Allow Claims, , Motion to Disallow, ). Signed on 5/31/2006 (Shabez, Cindy) (Entered: 05/31/2006) |
| 05/31/2006 | ◕93 | Order Disallowing Claim(s) 13 (RE: 91 Motion to Allow Claims, , Motion to Disallow, ). Signed on 5/31/2006 (Shabez, Cindy) (Entered: 05/31/2006) |
| 05/31/2006 | ◕94 | Order Modifying Claim(s) 7 (RE: 91 Motion to Allow Claims, , Motion to Disallow, ). Signed on 5/31/2006 (Shabez, Cindy) (Entered: 05/31/2006) |
| 07/05/2006 | ◕101 | Letter: stolen assets Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 07/11/2006) |
| 07/10/2006 | ◕95 | Final Report and Account Filed by U.S. Trustee William T Neary. (Dandurand, Sheree) (Entered: 07/10/2006) |
| 07/10/2006 | ◕96 | Notice of Motion and Application for Compensation for James E Stevens, Trustee Chapter 7, Fee: $1758.71, Expenses: $0.00. Filed by James E Stevens Hearing scheduled for 8/16/2006 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Notice of Hearing) (Dandurand, Sheree) (Entered: 07/10/2006) |
| 07/10/2006 | ◕97 | Notice of Motion and Application for Compensation for James E Stevens, Trustee's Attorney, Fee: $0.00, Expenses: $0.00. Filed by James E Stevens Hearing scheduled for 8/16/2006 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Notice of Hearing) (Dandurand, Sheree) (Entered: 07/10/2006) |
| 07/10/2006 | 98 | Notice of Filing of U S Trustee's Certificate of Review of Trustee's Final Report Filed by U.S. Trustee William T Neary. (Dandurand, Sheree) (Entered: 07/10/2006) |
| 07/10/2006 | 99 | Distribution Report Filed by U.S. Trustee William T Neary. (Dandurand, Sheree) (Entered: 07/10/2006) |
| 07/11/2006 | 100 | Request Notice on Trustee's Final Report and Account (Asset 7) (RE: 95 Final Report and Account - Asset). Hearing scheduled for 8/16/2006 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 07/11/2006) |
| 07/11/2006 | 102 | Letter: Defamation to Ex-Employer Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 07/11/2006) |
| 07/11/2006 | 103 | Letter: Justice being served. Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 07/11/2006) |
| 07/11/2006 | 104 | BNC Certificate of Service - PDF Document. (RE: 100 Request Notice on Trustee's Final Report and Account (Asset 7), Request Notice on Trustee's Final Report and Account (Asset 7)). No. of Notices: 62. Service Date 07/13/2006. (Admin.) (Entered: 07/13/2006) |
| 08/16/2006 | 105 | Order Closing Bankruptcy Estate . Signed on 8/16/2006 (Shores, Janice) (Entered: 08/16/2006) |
| 08/29/2006 | 106 | Final Account and Application to Close Case and Discharge Trustee Filed by Trustee James E Stevens. (Stevens, James) (Entered: 08/29/2006) |
| 08/30/2006 | 107 | Bankruptcy Case Closed and Trustee Discharged . (Shabez, Cindy) (Entered: 08/30/2006) |
| 03/26/2007 | 108 | Notice of Motion and Motion for Leave to file Adversary Complaint, Notice of Motion and Motion to Reopen Chapter 7 Case to to file Adversary Complaint. Fee Amount $260 Filed by Terence Bruce Richards . Hearing scheduled for 4/2/2007 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Smith, Loretta) (Entered: 03/27/2007) |
| 03/26/2007 | 109 | Notice of Motion and Motion for Remand Filed by Terence Bruce Richards . Hearing scheduled for 4/2/2007 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Smith, Loretta) (Entered: 03/27/2007) |
| 04/03/2007 | 110 | Order Denying Motion for Leave (Related Doc # 108), Denying Motion To Reopen Chapter 7 Case (Related Doc # 108). Signed on 4/3/2007. (Shabez, Cindy) (Entered: 04/03/2007) |
| 04/03/2007 | 111 | Order Denying Motion For Remand (Related Doc # 109). Signed on 4/3/2007. (Shabez, Cindy) (Entered: 04/03/2007) |
| 04/05/2007 | 112 | Notice of Appeal to District Court. Filed by Terence Bruce Richards . Fee Amount $0.00 (RE: 110 Order on Motion for Leave, Order on Motion to Reopen Chapter 7 Case). Appellant Designation due by 4/16/2007. Transmission of Record Due by 5/15/2007. (Shabez, Cindy) (Entered: 04/05/2007) |
| 04/05/2007 | 113 | Notice of Filing to Bk Judge and Parties on Service List (RE: 112 Notice of Appeal, ). (Shabez, Cindy) (Entered: 04/05/2007) |

| 05/15/2007 | 114 | Follow Up Letter to Bankruptcy Judge and Parties (RE: 112 Notice of Appeal,, 113 Notice of Filing Re: Appeal). (Shabez, Cindy) (Entered: 05/15/2007) |
| 05/15/2007 | 115 | Transmittal of Record to District Court. Case Number: 07 cv 50088 Assigned to Judge: Frederick Kapala (RE: 112 Notice of Appeal, ). (Shabez, Cindy) (Entered: 05/15/2007) |
| 06/01/2007 | 116 | Letter re: stolen property Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 06/01/2007) |
| 06/01/2007 | 117 | Letter: requesting copies Filed by Terence Bruce Richards . (Shabez, Cindy) Additional attachment (s) added on 6/5/2007 (Weatherford, Mary). Modified on 6/5/2007 to attach legible PDF (Weatherford, Mary). (Entered: 06/04/2007) |
| 06/04/2007 | 118 | Letter: requesting copies Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 06/04/2007) |
| 06/07/2007 | 119 | Letter: Dated 06/07/07- request for signed waiver Filed by Terence Bruce Richards . (Attachments: # 1 Civil Rights Complaint# 2 Waiver) (Shabez, Cindy) (Entered: 06/19/2007) |
| 06/27/2007 | 120 | Petition for Writ of Mandamus Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 06/27/2007) |
| 07/18/2007 | 121 | Notice of Motion and Motion to Reopen Chapter 7 Case to fully administer assets constitutionally. Fee Amount $260 Filed by Terence Bruce Richards . Hearing scheduled for 7/27/2007 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) Modified on 7/18/2007 to correct Hearing Scheduled for 7/22/07 at 10:00 AM (Weatherford, Mary). (Entered: 07/18/2007) |
| 07/18/2007 | 122 | CORRECTIVE ENTRY Hearing Rescheduled (RE: 121 Motion to Reopen Chapter 7 Case, ). Hearing scheduled for 7/22/2007 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Weatherford, Mary) (Entered: 07/18/2007) |
| 07/30/2007 | 123 | Renotice of Notice of Hearing Filed by Terence Bruce Richards (RE: 121 Motion to Reopen Chapter 7 Case, ). Hearing scheduled for 7/1/2007 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Smith, Loretta) (Entered: 07/30/2007) |
| 07/30/2007 | 124 | Letter: To Judge Barbosa from Terence Bruce Richards Filed by Terence Bruce Richards . (Smith, Loretta) (Entered: 07/30/2007) |
| 08/06/2007 | 125 | Notice of Appeal to District Court. Filed by Terence Bruce Richards . Fee Amount $255 . Appellant Designation due by 8/16/2007. Transmission of Record Due by 9/17/2007. (Shabez, Cindy) (Entered: 08/07/2007) |
| 08/07/2007 | 126 | Notice of Filing to Bk Judge and Parties on Service List (RE: 125 Notice of Appeal). (Shabez, Cindy) (Entered: 08/07/2007) |
| 09/17/2007 | 127 | Order Dismissing Motion To Reopen Chapter 7 Case (Related Doc # 121). Signed on 9/17/2007. (Shabez, Cindy) (Entered: 09/17/2007) |
| 09/17/2007 | 128 | Transmittal of Record to District Court. Case Number: 07C50183 Assigned to Judge: Kapala (RE: 125 Notice of Appeal). (Shabez, Cindy) (Entered: 09/17/2007) |
| 10/25/2007 | 129 | Letter: Transcripts of evidentiary hearing Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 10/26/2007) |

| 10/31/2007 | 🌐130 | Letter: Informal Resolution Request Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 11/02/2007) |
|---|---|---|
| 12/11/2007 | 🌐131 | Letter: Newspaper Notification Filed by Terence Bruce Richards . (Weatherford, Mary) (Entered: 12/11/2007) |
| 12/14/2007 | 🌐132 | Letter: Premature Death Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 12/17/2007) |
| 12/14/2007 | 🌐133 | Letter: Premature Death Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 12/17/2007) |
| 01/25/2008 | 🌐135 | Letter: Status Report Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 02/11/2008) |
| 02/08/2008 | 🌐134 | Letter: Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 02/11/2008) |
| 03/26/2008 | 🌐136 | Letter: Filed by Terence Bruce Richards . (Weatherford, Mary) (Entered: 03/28/2008) |
| 05/12/2008 | 🌐137 | Change of Name/Address for Terence Bruce Richards. Address changed to 105 South Ashland, Chicago, IL 60607 Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 05/12/2008) |
| 05/12/2008 | 🌐138 | Notice of Motion and Motion for Leave to to Appeal In Forma Pauperis Filed by Terence Bruce Richards . Hearing scheduled for 5/19/2008 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Proposed Order) (Shabez, Cindy) (Entered: 05/12/2008) |
| 05/12/2008 | 🌐139 | Memorandum of Points and Authorities Filed by Terence Bruce Richards (RE: 138 Motion for Leave, ). (Shabez, Cindy) (Entered: 05/12/2008) |
| 05/12/2008 | 🌐140 | Notice of Motion and Motion to Reopen Chapter 7 Case for proper notice and to be heard. Fee Amount $260 Filed by Terence Bruce Richards . Hearing scheduled for 5/19/2008 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Proposed Order) (Shabez, Cindy) (Entered: 05/12/2008) |
| 05/12/2008 | 🌐141 | Memorandum of Points and Authorities Filed by Terence Bruce Richards (RE: 140 Motion to Reopen Chapter 7 Case, ). (Shabez, Cindy) (Entered: 05/12/2008) |
| 05/13/2008 | 🌐142 | Notice of Motion and Emergency Motion Pursuant to Help Filed by Terence Bruce Richards . (Shabez, Cindy) Modified on 5/13/2008 to eliminate Notice of Motion (Weatherford, Mary). (Entered: 05/13/2008) |
| 05/13/2008 | 🌐143 | CORRECTIVE ENTRY to eliminate Notice of Motion (RE: 142 Generic Motion). (Weatherford, Mary) (Entered: 05/13/2008) |
| 05/19/2008 | 🌐144 | Amended Notice of Motion Filed by Terence Bruce Richards (RE: 138 Motion for Leave, ). Hearing scheduled for 5/21/2008 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 05/19/2008) |
| 05/19/2008 | 🌐145 | Amended Notice of Motion Filed by Terence Bruce Richards (RE: 140 Motion to Reopen Chapter 7 Case, ). Hearing scheduled for 5/21/2008 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 05/19/2008) |
| 06/04/2008 | 🌐146 | Order Denying for the Reasons Stated on the Record Motion for Leave (Related Doc # 138). |

Illinois Northern Bankruptcy Live System - Docket Report    Filed 07/21/2008    Page 14 of 14    Page 11 of 1...

Case 3:08-cv-50148 - Document 1

| | | Signed on 6/4/2008. (Shabez, Cindy) (Entered: 06/04/2008) |
|---|---|---|
| 06/04/2008 | ●147 | Order Denying for the Reasons Stated on the Record Motion To Reopen Chapter 7 Case (Related Doc # 140). Signed on 6/4/2008. (Shabez, Cindy) (Entered: 06/04/2008) |
| 06/05/2008 | ●148 | Certificate of Service (RE: 147 Order on Motion to Reopen Chapter 7 Case). (Shabez, Cindy) (Entered: 06/05/2008) |
| 06/05/2008 | ●149 | Certificate of Service (RE: 146 Order on Motion for Leave). (Shabez, Cindy) (Entered: 06/05/2008) |
| 06/09/2008 | ●150 | Notice of Appeal to District Court. Filed by Terence Bruce Richards . Fee Amount $255 (RE: 147 Order on Motion to Reopen Chapter 7 Case). Appellant Designation due by 6/19/2008. Transmission of Record Due by 7/21/2008. (Shabez, Cindy) (Entered: 06/09/2008) |
| 06/09/2008 | ●151 | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Terence Bruce Richards . (RE: 150 Notice of Appeal). (Shabez, Cindy) (Entered: 06/09/2008) |
| 06/09/2008 | ●152 | Notice of Filing to Bk Judge and Parties on Service List (RE: 150 Notice of Appeal). (Shabez, Cindy) (Entered: 06/09/2008) |
| 06/12/2008 | ●153 | Order Dismissing Motion (Related Doc # 142). Signed on 6/12/2008. (Shabez, Cindy) (Entered: 06/12/2008) |
| 06/20/2008 | ●154 | Amended Notice of Motion and Amended Motion (related document(s): 142 Generic Motion) Filed by Terence Bruce Richards . Hearing scheduled for 7/7/2008 at 09:30 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 06/23/2008) |
| 06/23/2008 | ●155 | Request for Transcript re: Appeal Filed by Terence Bruce Richards . (RE: 150 Notice of Appeal). Transcript Due by 7/18/2008. (Shabez, Cindy) (Entered: 06/23/2008) |
| 07/11/2008 | ●156 | Order Denying for the Reasons Stated on the Record Motion (Related Doc # 142), Denying for the Reasons Stated on the Record Amended Motion (Related Doc # 154). Signed on 7/11/2008. (Shabez, Cindy) (Entered: 07/14/2008) |
| 07/21/2008 | ●157 | Change of Name/Address for Terence Bruce Richards. Address changed to PO Box 3030, Chicago, IL 60690 Filed by Terence Bruce Richards . (Shabez, Cindy) (Entered: 07/21/2008) |

## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 03 BK 71403 |
|---|---|---|---|
| **DATE** | June 4, 2008 | **ADVERSARY NO.** | |
| **CASE TITLE** | In re Terence Bruce Richards | | |

### DOCKET ENTRY TEXT

The motion of Debtor to reopen Chapter 7 case is denied.

**08 C 50 1 48**

■[ For further details see text below.]

### STATEMENT

This matter comes before the Court for ruling on a Motion to Reopen the Bankruptcy Estate pursuant to 11 U.S.C. § 350. Section 350 provides in relevant part that a case " may be reopened in a court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause". The debtor's motion is accompanied by an attached copy of the District Court's order of May 1, 2008 dismissing an appeal in case no. 07 C 50183 wherein the District Court states that appellant has failed to identify any existing order from which an appeal is being made. From the supporting memoranda, this Court can conclude that the movant is seeking to reopen for purposes of somehow relitigating the 11 USC § 727(d) complaint which was brought against him in an adversary complaint filed by the trustee.

The Court would point out at the outset that a motion to reopen an estate is a completely distinct matter from a procedural motion to obtain relief from a judgment or otherwise attack an adversarial judgment within a bankruptcy case. Thus, to reopen the case as the motion seeks to do, would not grant the movant the relief of reopening the adversary case which he apparently wishes to revisit. The reopening of a bankruptcy estate would accomplish nothing where a judgment stands denying the debtor a discharge.

Thus, this Court must conclude that the movant has failed to show cause as required under § 350 for the relief sought. Additionally, the Court must note that the offensive allegations made within the supporting memorandum by the movant directed to this Court are not only an indication of the lack of good faith and

merit in the pursuit of these pleadings, but constitute sanctionable conduct which this Court will not tolerate. The Court is cognizant of the difficult personal circumstances which the movant has endured and thus will satisfy itself with a strong admonition on this occasion stating that if such conduct is repeated, the Court will employ the strongest sanctions available to protect the dignity of the Court and demonstrate that this behavior has no place within our system of litigation.

Debtor's motion to reopen will be denied.

03-71403

<u>STATEMENT OF ISSUES</u>

WHETHER THE BANKRUPTCY JUDGE MANUAL BARBOSA ABUSED
HIS DISCREATION IN DENYING THE PLAINTIFF'S MOTION
TO REOPEN HIS BANKRUPTCY PROCCEDINGS.

08 C 50148

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUN 0 9 2008
KENNETH S. GARDNER, CLERK
BY_____
DEPUTY CLERK

## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 03 BK 71403 |
|---|---|---|---|
| **DATE** | June 4, 2008 | **ADVERSARY NO.** | |
| **CASE TITLE** | In re Terence Bruce Richards | | |

**DOCKET ENTRY TEXT**

The motion of Debtor to reopen Chapter 7 case is denied.

■ [ For further details see text below.]

### STATEMENT

This matter comes before the Court for ruling on a Motion to Reopen the Bankruptcy Estate pursuant to 11 U.S.C. § 350. Section 350 provides in relevant part that a case " may be reopened in a court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause". The debtor's motion is accompanied by an attached copy of the District Court's order of May 1, 2008 dismissing an appeal in case no. 07 C 50183 wherein the District Court states that appellant has failed to identify any existing order from which an appeal is being made. From the supporting memoranda, this Court can conclude that the movant is seeking to reopen for purposes of somehow relitigating the 11 USC § 727(d) complaint which was brought against him in an adversary complaint filed by the trustee.

The Court would point out at the outset that a motion to reopen an estate is a completely distinct matter from a procedural motion to obtain relief from a judgment or otherwise attack an adversarial judgment within a bankruptcy case. Thus, to reopen the case as the motion seeks to do, would not grant the movant the relief of reopening the adversary case which he apparently wishes to revisit. The reopening of a bankruptcy estate would accomplish nothing where a judgment stands denying the debtor a discharge.

Thus, this Court must conclude that the movant has failed to show cause as required under § 350 for the relief sought. Additionally, the Court must note that the offensive allegations made within the supporting memorandum by the movant directed to this Court are not only an indication of the lack of good faith and

## STATEMENT

merit in the pursuit of these pleadings, but constitute sanctionable conduct which this Court will not tolerate. The Court is cognizant of the difficult personal circumstances which the movant has endured and thus will satisfy itself with a strong admonition on this occasion stating that if such conduct is repeated, the Court will employ the strongest sanctions available to protect the dignity of the Court and demonstrate that this behavior has no place within our system of litigation.

Debtor's motion to reopen will be denied.

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS - WESTERN

In Re:                                    )
                                          ) Case Number 03 B 71403
        Terence Bruce Richards            )
                                          )

MOTION TO REOPEN BANKRUPTCY ESTATE
PURSUANT TO TITLE 11 U.S.C. 350

    Plaintiff, Terence Bruce Richards, pursuant to 28 U.S.C. 1915

moves this Court for an order permitting him to reopen his case

pursuant Title 11 U.S.C. 350.

                            Respectively submitted,

                            _____
                            Terence Bruce Richards
                            Ashland Federal Correctional Inst.
                            P. O. Box 6001
                            Ashland, Kentucky 41105-6001


                            **FILED**
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF ILLINOIS

                        MAY 1 2 2008

                    KENNETH S. GARDNER, CLERK
                    BY_____
                            DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS — WESTERN

In Re:                                          )
                                                ) Case Number 03 B 71403
        Terence Bruce Richards                  )
                                                )

### ORDER

Plaintiff, Terence Bruce Richards, a prisoner with the Federal
Bureau of Prison systems, has submitted a request for leave to
proceed in forma pauperis. Since there appears to have been abused
of the bankruptcy Court's (Judge Barbosa's) discreation in his decision
making, and fraudulent misrepresentation of the bankruptcy trustee's
representations to this court, on the Plaintiff's bankruptcy discharge,
that was held on January 25th, 2005, and February 9th, 2005. The
debtor, Terence Bruce Richards was never given proper notice, or an
opportunity to be heard, on the bankruptcy trustee's alleged motive,
of the debtor's alleged bankruptcy discharge.


                                    _____
                                    Honorable Judge Barbosa



## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50183 | **DATE** | 5/1/2008 |
| **CASE TITLE** | Richards v. Stevens, et al. | | |

**DOCKET ENTRY TEXT:**

Appellant's motion to stay is denied. This case is dismissed. This case is closed.

[signature]

Docketing to mail notices

■[ For further details see text below.]

---

### STATEMENT

On August 6, 2007, appellant, Terence Bruce Richards, filed a notice of appeal with the United States Bankruptcy Court of the Northern District of Illinois. In his notice of appeal, appellant states he is appealing "from the final judgment entered in the action on the 1st day of August, 2007." On November 5, 2007, appellant filed a motion to stay his appeal so that he may "exhaust his administrative remedies for the purpose to build a record, and give the individual a chance to address the issue." The record on appeal does not reflect any order by the Bankruptcy Court entered on August 1, 2007. The Bankruptcy Court entered an order dismissing appellant's motion to reopen his Chapter 7 case on September 17, 2007.

United States District Courts have jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court, and when leave of the district court is granted, from interlocutory orders and decrees. 28 U.S.C. § 158(a). Federal Rule of Bankruptcy Procedure 8001(a) requires that a notice of appeal (1) "conform substantially to the appropriate Official Form," and (2) "contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys." Fed. R. Bankr. P. 8001(a). The Official Form referenced in (1) is Official Bankruptcy Form 17, which has space for the docket number of the case, the chapter of the Bankruptcy Code the case involves, and the date of entry of the order being appealed. Fadayiro v. Ameriquest Mortgage Co., 371 F.3d 920, 922 (7th Cir. 2004). It is doubtful that a notice of appeal that fails to indicate the order appealed from could be thought to comply with the rule. Id.

In this case, appellant has not identified any existing order from which he appeals. The docket sheet in the record does not reflect any order entered, or hearing held on August 1, 2007.[1] As a result, this court cannot assess if the order appealed from is final or interlocutory, and thus, whether this court has jurisdiction to hear the appeal. Moreover, the court has no basis to conclude that the Bankruptcy Court's September 17, 2007 order is the subject of the appeal. Federal Rule of Bankruptcy Procedure 8006 requires that, within 10 days after filing the notice of appeal, the appellant shall file with the clerk a designation of items to be included in the record on appeal and a statement of issues presented. Fed. R. Bankr. P. 8006. Rule 8006 requires that the record on appeal to include the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Id. Any party filing a designation of items to be included in the record must

# STATEMENT

provide to the clerk a copy of the items designated. Id.

In this case, there is no indication that appellant filed a designation of items to be included in the record on appeal or a statement of issues presented. Although appellant has twice been ordered by the Magistrate Judge to provide a written status report, he has failed to do so, and thus, has not clarified what order he seeks to appeal. Moreover, in his motion for stay appellant only refers to orders entered by the Bankruptcy Court on January 25, 2005, and February 9, 2005. These orders are far outside of the time period for appeal set forth by Federal Rule of Bankruptcy Procedure 8002, which requires a notice of appeal be filed within 10 days of the date of the entry of the order from which the appeal arises. See Fed. R. Bankr. P. 8002.

"Failure to comply with Rule 8006 is not jurisdictional, but such a failure may still be the basis for dismissal of an appeal." In re Thompson, 4 F.3d 997, 1993 WL 347181, at *3 (7th Cir. Sept. 10, 1993); see also In re Manti, 4 F.3d 997, 1993 WL 326694, at *1 (7th Cir. Aug. 27, 1993). The failure to take the steps necessary to allow the clerk to transmit the record on appeal to the appellate court may warrant dismissal. Thompson, 1993 WL 347181, at *3. In this case, a dismissal is merited. See Manti, 1993 WL 326694, at *1-2 (concluding that, where the record before the district court was insufficient to enable it to conduct a meaningful review, dismissal was not an abuse of discretion); In re Opal, No. 02 C 3259, 2002 WL 1379134, at *1 (N.D. Ill. June 25, 2002) (concluding that dismissal of appeal was warranted where appellant failed to designate the contents of the record on appeal or file a statement of issues). Although appellant's appeal has been pending for nine months, he has failed to file a statement of issues, a designation of the record, a brief - as required by Federal Rule of Bankruptcy Procedure 8009, or even a status report requested by the Magistrate. He has not identified an order in the record which he seeks to appeal and has, thus, left the court without any means to determine its jurisdiction. As a result, the court finds appellant has failed to comply with both Rules 8001(a) and 8006. Accordingly, appellant's bankruptcy appeal is dismissed and this case is closed.

---

1. On his notice of appeal, appellant also failed to list the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys.

**United States Bankruptcy Court**
NORTHERN DISTRICT OF ILLINOIS
211 S Court Street
Rockford, IL 61101
Kenneth S. Gardner, Bankruptcy Clerk

| | |
|---|---|
| Date | August 7, 2007 |
| Case Number | 03-71403 |
| Case Name | Terence Bruce Richards |
| Notice of Appeal Filed | August 6, 2007 |
| Notice of Cross Appeal Filed | |

Dear Sir/Madam:

A Notice of Appeal having been filed pursuant to **Bankruptcy Rule 8002**, please be notified that the Record on Appeal will be transmitted to the United States District Court when the record is complete for the purpose of appeal.

**Bankruptcy Rule 8006** requires that, within ten (10) days of the filing of the Notice of Appeal, the Appellant must file the following with the Clerk of the United States Bankruptcy Court:

      A Designation of the Content of the Record on Appeal
      A Statement of the Issues to be presented on Appeal

If the above are not filed within the ten (10) day time period as provided by **Bankruptcy Rule 8006**, the appeal will not be perfected.

Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated. If the party fails to provide the copy of the items designated, the clerk shall prepare the copy at the party's expense.

**Bankruptcy Rule 8006** further states: If the record designated by any party includes a transcript of any proceeding, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and made satisfactory arrangements for payment of its cost.

**Local Rule 414 (B)** states: Upon request, parties shall make the exhibits and transcripts or copies thereof available to any other party to copy at its expense to enable that party to designate or prepare the record on appeal.

                                      By Deputy Clerk          Cindy Shabez

cc: Bankruptcy Judge & Attorneys of Record

IN THE BANKRUPTCY COURT OF NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

IN RE
TERENCE BLAKE RICHARDS

CASE # 03 B 71403

## NOTICE OF MOTION

THE DEBTOR HEREBY INFORMS ALL PARTIES THAT A MOTION HAS BEEN SCHEDULED TO BE HEARD BEFORE JUDGE BARBOSA OR ANY JUDGE SITTING IN HIS STEAD ON JULY 27ND, 2007 AT 10:00 AM.

*[signature]*

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUL 1 8 2007

KENNETH S. GARDNER, CLERK
BY_____
DEPUTY CLERK

IN THE BANKRUPTCY COURT OF NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

IN RE

TERENCE BRUCE RICHARDS

CASE # 03B71403

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUL 18 2007
KENNETH S. GARDNER, CLERK
BY _____
DEPUTY CLERK

MOTION TO REOPEN CASE

AND MOTION FOR REHEARING

NOW COMES TERENCE BRUCE RICHARDS BY AND THROUGH HIS OWN REPRESENTATION HEREBY STATES AS FOLLOWS:

1) A CASE MAY BE REOPEN IN THE COURT IN WHICH SUCH CASE WAS CLOSED TO ADMINISTER ASSETS, TO ACCORD RELIEF TO THE DEBTOR, OR FOR OTHER CAUSE TITLE 11 SECTION 350(B)

TIME LIMITATION

THERE IS NO FORMAL TIME LIMITATION ON REOPENING CASE AND QUESTION OF WHETHER TO REOPEN IS DISCRETIONARY UNITED STATES EX REL BELL VS RINCON (IN RE REW ENTERS) (1994) 181 B.R. 624

COURT DISCRETION

REOPENING OF CASE UNDER TITLE 11 U.S.C. § 350 (B) RESTS WITHIN SOUND DISCRETION OF BANKRUPTCY COURT, AND CASE WILL BE REOPENED UPON SHOWING OF COMPELLING CIRCUMSTANCES MOREOVER, BANKRUPTCY COURTS REFUSING TO REOPEN CLOSED CASE CAN BE OVERTURNED ONLY UPON SHOWING OF ABUSE OF DISCRETION IN RE PAGAN (1976) 59 B.R. 394

2.) THE CASE HAS NOT BEEN FULLY ADMINISTERED CONSTITUTIONALLY.
THE COURT HELD AN UNCONSTITUTIONAL EVIDENTIARY HEARING ON
ON JANUARY 25TH 2005, WITH THE INTENT TO HARM THE DEBTOR
ABUSING ITS DISCRETION, AND COMMITTING A FELONY AGAINST
THE DEBTOR.

IT IS DUTY OF BANKRUPTCY COURT TO REOPEN CLOSED
BANKRUPTCY ESTATE WHENEVER PRIMA FACIE PROOF WAS MADE
THAT ESTATE HAD NOT BEEN FULLY ADMINISTERED
IN RE THOMAS (1953) 204 F.2d 788 BANKRUPTCY CASE MAY BE
REOPENED UNDER 11 U.S.C. § 350(B) WHERE THERE IS PRIMA FACIA
EVIDENCE THAT ASSETS HAVE NOT BEEN FULLY ADMINISTERED IN
RE SHONDEL (1991) 950 F.2d 1301 22 BCD 694 IN EXERCISING ITS
DISCRETION TO REOPEN A CASE "THE BANKRUPTCY COURT SHOULD
EXERCISE ITS EQUITABLE POWERS WITH RESPECT TO SUBSTANCE
AND NOT TECHNICAL CONSIDERATIONS THAT WILL PREVENT
SUBSTANTIAL JUSTICE IN RE STARK 717 F.2d 322.323
774 CIR (1983)

3) PROPER EQUITY WAS NOT ADMINISTERED IN THE CASE AT BAR.
IN REOPENING ESTATE COURT WAS NOT LIMITED TO CASE WHERE
NEW ASSETS ARE FOUND, BUT COULD REOPEN ESTATE FOR
BENEFIT OF BANKRUPT, WHERE EQUITY REQUIRED IT.

4.) THE DEBTOR WAS NEVER AFFORDED PROPER ADMINISTRATION OF JUSTICE

THE PLAINTIFF WAS DEPRIVED OF HIS INTANGIBLE ASSETS OF BANKRUPTCY

DISCHARGE WITHOUT DUE PROCESS OF THE LAW. THE COURT PURPORTED

THAT THE DEBTOR'S INTENT WAS

       THE SOURCE OF CONTACT AND

       SURROUNDING CIRCUMSTANCES

THE SUPREME COURT'S OBSERVATION CRAZA VS. HERANDEZ Y MORALES

CONTROLS HERE " WHATEVER ELSE MAY BE UNCERTAIN ABOUT THE

DEFINITION OF THE TERM 'DUE PROCESS' OF THE LAW" ALL

AUTHORITIES AGREE THAT IT INHIBITS THE TAKING OF ONE

MAN'S PROPERTY AND GIVING IT TO ANOTHER CONTRARY TO

SETTLED USAGES AND MODES OF PROCEDURE AND WITHOUT

NOTICE OR AN OPPORTUNITY FOR A HEARING 230 U.S. 39; 161

33 S. CT. 1033, 1041  57 L. ED. M27 (1912)

THE SUPREME COURT HAS DEFINED THE MINIMUM CONSTITUTIONAL

DICTATES OF DUE PROCESS IN FUENTES VS. SHEVIN 407 U.S. 67 92

92 S. CT. 1983  32 L. ED. 2d 556 (1972) JUSTICE STEWART

OBSERVED THAT "FOR MORE THAN A CENTURY THE CENTRAL

MEANING OF PROCEDURAL DUE PROCESS HAS BEEN CLEAR PARTIES

WHOSE RIGHTS ARE AFFECTED ARE ENTITLED TO BE HEARD

AND IN ORDER THAT THEY MAY BE ENJOY THE RIGHT THEY

MUST BE FIRST TO BE NOTIFIED

To make out prima facie claim that they have been denied due process plaintiff must establish two elements (1) that their liberty or property interest have been invaded by government without opportunity to challenge that invasion and (2) that the purported justification for the invasion is at least plausibly disputable Jacobson vs Regional Planning Agency (1977) 578 F-2d 928

5.) Equitable - Estoppel tolls the statue of limitations for the purpose to afford the injured party a chance to repair the harm caused by equitable estoppel

Therefore, the plaintiff respectively request that this honorable court grant the plaintiff's request to reopen the case, and a motion for rehearing

03-71403

TO:  COURT REPORTER FOR JUDGE BARBOSA

211 SOUTH COURT STREET

ROCKFORD, ILLINOIS 61101

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUN 23 2008
KENNETH S. GARDNER, CLERK
BY
DEPUTY CLERK

FROM: TERENCE BRUCE RICHARDS

105 SOUTH ASHLAND AVE

CHICAGO, ILLINOIS 60607

RE:  COURT TRANSCRIPTS

PLEASE LET ME KNOW WHEN YOU HAVE THE
TRANSCRIPTS FOR MAY 21ST, 2008 AVAILABLE FOR
INSPECTION FOR THE PURPOSE OF REDACTING

THE RESPONSIBILITY FOR REDACTING OFFICIAL COURT
TRANSCRIPTS REST SOLELY WITH COUNSEL AND
THE PARTIES, INCLUDING PRO SE PARTIES.

I HAVE THE FUNDS AVAILABLE TO PAY FOR THE COSTS
OF THE TRANSCRIPTS, PLEASE LET ME KNOW THE COSTS OF
THE TRANSCRIPTS.

Thank you

Terence Bruce Richards

UNITED STATES DISTRICT COURT
FOR THE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

NOTICE REGARDING ELECTRONIC AVAILABILITY OF OFFICIAL COURT TRANSCRIPTS
AND THE REDACTION RESPONSIBILITY OF COUNSEL AND PARTIES

Effective May 15, 2008 and in accordance with Judicial Conference Policy[1], the Eastern and Western Districts of Kentucky will implement the following policy regarding official court transcripts. Transcripts filed electronically will be restricted from remote public access for a period of 90 calendar days. This Notice outlines the duties of counsel and the parties regarding redaction of personal identifiers and the procedure for doing so before the transcript is made electronically available to the public.

**The responsibility for redacting official court transcripts rests solely with counsel and the parties, including *pro se* parties. Redaction responsibilities apply even if the requestor of the transcript is a judge or a member of the public. The Court, the Clerk and/or the Court Reporter will not review the transcript for compliance with this policy or applicable rules.**

Whenever a Court Reporter files an official transcript with the Court, the Clerk's Office will file a Notice of Filing an Official Transcript. Within seven (7) business days[2] following the filing of the transcript, counsel and the parties must file a Notice of Intent to Request Redaction[3], mailing a copy of the Notice to the Court Reporter. Because the Notice will be made electronically available, do not include any personal identifiers in your Notice. If counsel and the parties fail to file a Notice, the Court will assume that redaction of personal identifiers is *not* necessary.

Inspection of transcripts for the purpose of redaction is available at the Clerk's Office to parties, attorneys, and members of the public. Requests for copies of transcripts during this restricted period, however, must be made directly to the Court Reporter, who prepared the transcript. The docket entry in CM/ECF will identify the Court Reporter, who prepared the transcript. Only attorneys for a party in a case, who have obtained the transcript from the Court Reporter, may obtain remote electronic access to the transcript through the Court's CM/ECF system.[4]

Pursuant to Fed. R. Civ. P. 5.2, Fed. R. Cr. P. 49.1, and Joint General Order Number 04-01 for the United States District Courts for the Eastern and Western Districts of Kentucky, *it is the responsibility of*

---

[1]The Judicial Conference of the United States is charged, among other things, to "promote uniformity of management procedures and the expeditious conduct of court business," in part by "a continuous study of the operation and effect of the general rules of practice and procedure," and to recommend changes that would "promote simplicity in procedure, fairness in administration, the just determination of litigation, and the elimination of unjustifiable expense and delay. . . ." *See* 28 U.S.C. § 331.

[2]During the March 2008 session, The Judicial Conference approved revisions to its Policy on Privacy and Public Access to Electronic Case Files (Privacy Policy,) which expanded the time within which attorney must notify the court that they will seek redactions from five to seven calendar days after the transcript is delivered to the court.

[3]An ECF Filing User shall electronically file the notice via CM/ECF by selecting the event "Notice of Intent to Request Redaction."

[4]PACER fees apply when remotely accessing the transcript. Charges accrue for the entire transcript rather than being capped at 30 pages. There is no free look.

*counsel and the parties to review the transcript for redaction purposes.*[5] Only the following personal identifiers may be redacted without further permission from the Court:

1. Social Security numbers;
2. Names of Minor Children;
3. Dates of Birth;
4. Financial Account Numbers; and
5. Home Addresses (applicable in criminal cases).

Leave of Court is required for redaction of additional information not listed above. The transcript will not be electronically available until the Court has ruled on any such motion.

Unless otherwise ordered by the Court, counsel and the parties <u>must review</u> the following portions of the transcript for redaction purposes:

- The Opening and Closing Statements Made on the Party's Behalf;
- The Statements of the Party;
- The Testimony of Witnesses Called by the Party; and
- Sentencing Proceedings[6]
- Any Other Portion of the Transcript as Ordered by the Court.

Within **twenty-one (21) calendar days** following the filing of the transcript, or longer if the Court so orders, counsel and the parties <u>must submit</u> to the Court Reporter a Statement of Redaction, indicating where personal identifiers appear in the transcript by page and line and how they are to be redacted.

EXAMPLE. If a party needs to have a Social Security Number redacted, the statement would read: Social Security Number on page 12, line 9 of the transcript should be redacted to read xxx-xx-6789.

The Statement of Redaction shall not be filed in the official record. All efforts shall be made to keep the actual personal identifiers confidential.

When the Statement of Redaction is submitted to the Court Reporter, a certificate of service shall be filed in the official record and served upon all parties in a case. The certificate shall state that the Statement of Redaction has been submitted to the Court Reporter.

**Within ten (10) calendar days following** submission of the Statement of Redaction to the Court Reporter, the Court Reporter must file the redacted transcript with the Clerk of Court.

This policy applies only to transcripts of federal courtroom proceedings. Other transcripts, such as those taken at deposition and thereafter filed, are subject to the redaction requirements mandated by the Federal Rules of Civil and Criminal Procedure as well as Joint General Order Number 04-01.

**Counsel and parties are admonished that it is possible to avoid the necessity of redactions and prevent harmful disclosure of personal data identifiers by not eliciting or mentioning such information during hearings or trial.**

---

[5] In cases where "standby" counsel is appointed to be available to assist a *pro se* defendant in his or her defense, such counsel is only responsible for reviewing for redaction and providing any redactions to the Court Reporter, the testimony of witnesses called by the defendant as well as the defendant's opening and closing statements.

[6] During the March 2008 session, The Judicial Conference approved revisions to its Policy on Privacy and Public Access to Electronic Case Files (Privacy Policy,) which require both the government and the defendant to review transcripts of sentencing proceedings.

TERENCE BRUCE RICHARDS
10 S SOUTH ASHLAND AVE
CHICAGO, ILLINOIS 60607

CHAMBERS
of
UNITED STATES BANKRUPTCY COURT
211 SOUTH COURT STREET
ROCKFORD, ILLINOIS 61101

29 JUN 20

CHICA

RECEIVED

JUN 2 3 2008

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

1

1          UNITED STATES BANKRUPTCY COURT

2          NORTHERN DISTRICT OF ILLINOIS

3                 WESTERN DIVISION

4

5     In Re: Terrence Richards      )
                                     )          08 C 50 1 48
6                                    )
                                     )
7

8
           The hearing in the above-captioned matter was
9     taken before the Honorable Manuel Barbosa by Jennifer
      Williams, Certified Shorthand Reporter, on May 21, 2008
10    at the United States Federal Courthouse, 211 South
      Court Street, Courtroom 115, Rockford, Illinois.
11

12
                     A P P E A R A N C E S
13

14    MR. JIM STEVENS
      Attorney at Law
15    Barrick, Switzer, Long, Balsley & Van Evera
      6833 Stalter Drive
16    Rockford, IL 61108

17

18    MS. CAROL RYCHEK
      Attorney for the United States Trustee
19

20    MR. TERRENCE RICHARD
      Appearing Pro Se
21

22

23

24

2

1          THE CLERK: Recalls from 9:30.  Recalling

2    earlier matters on the 9:30 call. Terrence Richards,

3    7143.

4          MR. STEVENS: Jim Stevens, the old Chapter 7

5    Trustee.

6          MR. RICHARDS: Terrence Richards.

7          MS. RYCHEK: Carol Rychek on behalf the U.S.

8    Trustee.

9          THE COURT: Good morning, Mr. Richards.

10         We are here this morning on your motion for

11   leave to file In Forma Pauperis.

12         MR. RICHARDS: In Forma Pauperis is just to

13   waive the fee.  It is not to ask for an excuse to not

14   pay the fee.  I do have $48,000.00, not in my

15   possession, that is in the Social Security's

16   possession.

17         THE COURT: I'm sorry.  I missed that last

18   thing you said.  Can you repeat?

19         MR. RICHARDS: The Social Security has

20   $48,000.00 of mine. They are in the process of going

21   through the payment center to send it out to me.  Can I

22   give you a copy of my work order to show you the money?

23         THE COURT: Sure.

24         MR. RICHARDS: I have a copy for you.

3

1              MR. STEVENS:  That is okay.

2              MR. RICHARDS: They owe me from 2004--  Except

3    for the year of 2007, they owe me for 2004, 2005, 2006

4    and up through when they paid me this year.

5              THE COURT:  Okay.  I've just taken a quick

6    glance at this and it looks like you have benefits

7    commencing June of 2006, $1,790.00 and apparently for

8    each month.  I have not done the calculation, but it

9    does sound like a rather substantial--

10              MR. RICHARDS: Right now I don't have any

11    money at all.  I am wearing somebody else's clothes and

12    I have a prescription that I can't fill.  And the place

13    I'm living at is trying to get it filled for me, but I

14    have no money and I would like to proceed to possibly

15    prevail in the case.

16              THE COURT:  We have present the former

17    Chapter 7 Trustee, as well as the U.S. Trustee's

18    counsel.

19              MR. STEVENS: Your Honor, I think Mr. Richards

20    has a misconception of the whole case.  The case is

21    concluded and I think you want to reopen the case so

22    that I'll go after and try to administer assets or

23    another trustee is appointed to go after and administer

24    assets.  I don't want those assets and you can go after

4

1   them now.  So, I mean, you don't need the bankruptcy

2   trustee to go and do all that.  And you are spending an

3   awful lot of time filing pleadings and filing motions

4   when you have the ability to go and force your State

5   Court judgment against this gentleman and do all this.

6          MR. RICHARDS: Excuse me, Your Honor.  The

7   motion to reopen is a very broad statement and it is

8   not very specific and not very detailed as to exactly

9   what I want. What I'm asking for is to possibly get my

10  bankruptcy discharge reinstated so I can possibly move

11  on to studying architecture and going to John Marshall

12  to study law and get into real estate law.  But first I

13  need to get my accounting degree.  And before I can do

14  that, I would like to prove I didn't commit any fraud,

15  actual fraud. There might be a implied fraud because of

16  my background in 20 years in computer finance industry

17  and still that is just knowledge.  And I didn't have

18  any specific purpose to actually commit actual fraud so

19  that is just implied fraud.

20         MR. STEVENS: I don't know that I even have

21  any standing, Your Honor, because I'm no longer the

22  Trustee here, but I get all the pleadings and, in

23  effect, I happen to be a defendant on some lawsuits

24  that Mr. Richards likes to file in Federal Court, but I

1  think too much time has probably gone by to vacate your

2  order.

3          THE COURT: The motion I have before me is for

4  leave to file In Forma Pauperis. I don't believe I have

5  a motion to reconsider in front of me or a motion to

6  vacate.  And, frankly, I haven't even looked at your

7  cited statutes for the authorities or how I am to

8  employ that authority to give you leave to file In

9  Forma Pauperis.

10          MR. RICHARDS: Under Title 8, Section 1930

11          THE COURT: I see that you site that section

12  and it's unclear to me exactly what it was that you

13  wish to appeal, although you now have alluded to the

14  adversary that deprived you of a discharge.  Is there

15  something the U.S. Trustee's office wishes to add?

16          MS. RYCHEK: No, Your Honor.  We would second

17  what Mr. Stevens already stated.

18          THE COURT: Okay.  Mr. Richards, I want to

19  take time to look at the two sections that you cited to

20  see if-- I mean, if you wish to file an appeal of that

21  adversary and it's considered in any way timely and I

22  have the authority to grant you In Forma Pauperis based

23  on what you told me, I would probably be inclined to do

24  it.  I think as a practical matter, the advice you got

6

1  from the Trustee here, if your desire is to go after
2  any assets you lost to an individual in this case, you
3  are free to do this.  You don't need to take this route
4  and all the steps to do that.
5           MR. RICHARDS: I understand that.  I'm looking
6  into the legal significance of this and looking at my
7  future.  I don't want to go back and try to reopen
8  cases and try to go back and recover money.  Like I
9  said, I can do that for the next 20 years if I wish so
10  and am pleased to do so even if it wastes my time to do
11  so.  When you abandoned the property back, then he
12  filed a motion stating it was inconvenient and
13  burdensome to go after someone who was not cooperating
14  with the Court.  And I was getting threats from my
15  employers under duress saying that if I didn't stop
16  these proceedings, I will lose my employment, which
17  happened anyway.  And I was under duress at the time
18  from many different sources.
19           THE COURT: I understand you have gone through
20  a lot.  I want to take this under advisement because,
21  quite honestly, I've not had an opportunity to take a
22  close look at the sections that you cite here.  And I
23  will take a look at that and I will issue a written
24  order within 14 days.  I will send a copy to you and

7

```
 1  Mr. Stevens and the U.S. Trustee's office.

 2          MR. STEVENS: Thank you, Your Honor.

 3          THE COURT: Mr. Richards, I assume you would

 4  like this back?

 5          MR. RICHARDS: Yes. A

 6  (Whereupon the above held proceedings concluded.)

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

8

1    I, JENNIFER WILLIAMS, Certified Shorthand Reporter, do

2    hereby certify that I am a court reporter doing in

3    shorthand the bankruptcy  hearing in the

4    above-mentioned matter and that the foregoing is a true

5    and correct transcript of my shorthand notes so taken

6    aforesaid to the best of my abilities.

7              I further certify that I am neither counsel

8    for nor related to nor employed by any of the parties

9    to this action and that I am not a relative or employee

10   of any counsel employed by the parties hereto or

11   financially interested in the action. Dated at

12   Rockford, Illinois, the 29th day of June, 2008.

13

14

15

16

17   Jennifer Williams, CSR, RPR.

18

19

20

21

22

23

24

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS - WESTERN

08 C 50148

IN RE: TERENCE BRUCE RICHARDS

CASE NUMBER 03 B 71403

NOTICE OF MOTION FOR 'LEAVE TO APPEAL
IN FORMA PAUPERIS'

PLEASE TAKE NOTICE, THAT ON THE ATTACHED AFFIDAVIT OF TERENCE
BRUCE RICHARDS, AND EXHIBIT ATTACHED THERETO THE UNDERSIGNED
WILL MOVE THIS HONORABLE COURT ON THE 7TH DAY OF JULY, 2008
OR SOON THEREAFTER AS THE PARTIES MAY BE HEARD AT THE
UNITED STATES COURTHOUSE OF THE NORTHERN ILLINOIS DISTRICT
COURTHOUSE - WESTERN DIVISION, 211 SOUTH COURT STREET,
ROCKFORD, ILLINOIS, FOR AN ORDER GRANTING MOTION
FOR 'LEAVE TO PROCEED IN FORMA PAUPERIS' PURSUANT
TO 28 U.S.C. 915 AT 10:00 CALLING.

Terence Bruce Richards

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 16 2008

KENNETH S. GARDNER, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS - WESTERN

IN RE:
TERENCE BRUCE RICHARDS    CASE NUMBER 03 B 71403

MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

PLAINTIFF, TERENCE BRUCE RICHARDS, PURSUANT TO
28 U.S.C. 1915 MOVES THIS COURT FOR AN ORDER
PERMITTING HIM TO PROCEED WITHOUT
PREPAYMENT OF FEES AND COSTS OR SECURITY.
PLAINTIFF HAS ATTACHED A DECLARATION IN
SUPPORT OF THIS MOTION.

*[signature]*

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 1 6 2008

KENNETH S. GARDNER, CLERK
BY_____
DEPUTY CLERK

# U.S. BANKRUPTCY COURT
## SCHEDULE OF FEES
### 28 U.S.C. 1930
### *Effective January 1, 2007*

**FILING FEES**

Chapter 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $299
Chapter 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1039
Chapter 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1039
Chapter 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $239
Chapter 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $274
Chapter 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1039
Adversary Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . $250
Notice of Appeal (or cross Appeal) . . . . . . . . . . . . . . . . . . . . . $255
Motions to Modify Stay, Motions to Compel Abandonment of
Property, Motions to withdraw the reference under 28USC157(d) . . . . . . $150
Application for Pro Hac Vice *(for cases filed on or after 2/1/01)* . . . $50
Application for Pro Hac Vice *(for cases prior to 2/1/01)* . . . . . . . . $100
Registration of Judgment from another District . . . . . . . . . . . $39
Creditor Schedule Amendments . . . . . . . . . . . . . . . . . . . . . . . $26
Split case - chapter 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . $260
Split case - chapter 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . $235
Split case - chapter 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . $1000

**CONVERSION FEES**

Motion to convert a Chapter 11 case to a Chapter 7 . . . . . . . . . $15
Motion to convert a Chapter 13 case to a Chapter 7 . . . . . . . . . $25
Motion to convert a Chapter 7 to a Chapter 11 . . . . . . . . . . . $755
Motion to convert a Chapter 13 to a Chapter 11 . . . . . . . . . . . $765

**MISCELLANEOUS FEES**

Retrieval of Record from Federal Records Center . . . . . . . . . . $45
Search of the Records (per name or item searched) . . . . . . . . . $26
Certification of any Document or paper . . . . . . . . . . . . . . . . . $9
Exemplification of any Document or paper . . . . . . . . . . . . . . . $18
Copies (per page,paper) . . . . . . . . . . . . . . . . . . . . . . . . . . . $0.50
Copies (electronic print fee per page) . . . . . . . . . . . . . . . . . . $0.10
Returned check for NSF . . . . . . . . . . . . . . . . . . . . . . . . . . . $45

**REOPENING FEES**

Chapter 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $260
Chapter 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $235
Chapter 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1000

*For more details on bankruptcy fees, please refer to 28 U.S.C. 1930*

*revised December 2006*

10/10/2007

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

### IN FORMA PAUPERIS APPLICATION
### AND
### FINANCIAL AFFIDAVIT

_RICHARDS_
Plaintiff

v.

CASE NUMBER  _O3 B 71403_

Defendant(s)

JUDGE_____

_Wherever ☐ is included, please place an X into whichever box applies. Wherever the answer to any question requires more information than the space that is provided, attach one or more pages that refer to each such question number and provide the additional information. Please PRINT:_
I, _TERENCE E RICHARDS_, declare that I am the ☐plaintiff ☒petitioner ☐movant (other_____) in the above-entitled case. This affidavit constitutes my application ☐ to proceed without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ☐ both. I also declare that I am unable to pay the costs of these proceedings, and that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of this petition/application/motion/appeal, I answer the following questions <u>under penalty of perjury</u>:

1. Are you currently incarcerated?        ☐Yes    ☒No    (If "No," go to Question 2)
   I.D. #_____ Name of prison or jail:_____
   Do you receive any payment from the institution? ☐Yes ☐No    Monthly amount:_____

2. Are you currently employed?        ☐Yes    ☒No
   Monthly salary or wages:_____
   Name and address of employer: _____

   a. If the answer is "No":
      Date of last employment:  _MARCH 14, 2001_
      Monthly salary or wages:  _60,000_
      Name and address of last employer: _HSBC TECHNOLOGY & SERVICES USA INC_
      _2700 SANDERS ROAD_
      _PROSPECT HEIGHTS, IL 60070_

   b. Are you married?        ☐Yes    ☒No
      Spouse's monthly salary or wages:_____
      Name and address of employer:_____

3. Apart from your income stated above in response to Question 2, in the past twelve months have you or anyone else living at the same residence received more than $200 from any of the following sources? _Mark an X in either "Yes" or "No", and then check all boxes that apply in each category._

   a. Salary or wages                                    ☐Yes    ☒No
   Amount_____ Received by_____

b. &#9744; Business, &#9744; profession or &#9744; other self-employment &#9744;Yes &#9747;No

Amount_____ Received by_____

c. &#9744; Rent payments, &#9744; interest or &#9744; dividends &#9744;Yes &#9747;No

Amount_____ Received by_____

d. &#9747; Pensions, &#9744; social security, &#9744; annuities, &#9744; life insurance, &#9744; disability, &#9744; workers' compensation, &#9744; unemployment, &#9744; welfare, &#9744; alimony or maintenance or &#9744; child support

&#9744;Yes    &#9744;No

Amount _1,800_____ Received by _Social Security_____

e. &#9744; Gifts or &#9744; inheritances &#9744;Yes &#9747;No

Amount_____ Received by_____

f. &#9744;Any other sources (state source:_____) &#9744;Yes &#9747;No

Amount_____ Received by_____

4. Do you or anyone else living at the same residence have more than $200 in cash or checking or savings accounts?        &#9744;Yes        &#9744;No        Total amount:_____
In whose name held:_____ Relationship to you:_____

5. Do you or anyone else living at the same residence own any stocks, bonds, securities or other financial instruments?        &#9744;Yes    &#9747;No
Property:_____ Current Value:_____
In whose name held:_____ Relationship to you:_____

6. Do you or anyone else living at the same residence own any real estate (houses, apartments, condominiums, cooperatives, two-flats, three-flats, etc.)?        &#9744;Yes    &#9747;No
Address of property:_____
Type of property:_____ Current value:_____
In whose name held:_____ Relationship to you:_____
Amount of monthly mortgage or loan payments:_____
Name of person making payments:_____

7. Do you or anyone else living at the same residence own any automobiles, boats, trailers, mobile homes or other items of personal property with a current market value of more than $1000?
&#9744;Yes    &#9747;No
Property:_____
Current value:_____
In whose name held:_____ Relationship to you:_____

8. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute monthly to their support. If none, check here &#9744;No dependents
_____ NONE _____
_____

-2-

I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. § 1915(e)(2)(A), the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

Date: _____June, 12, 2008_____

_____
Signature of Applicant

_____TERENCE RICHARDS_____
(Print Name)

--------------------------------------------------------------------------------------------------------------------

**NOTICE TO PRISONERS:** A prisoner must also attach a statement certified by the appropriate institutional officer or officers showing all receipts, expenditures and balances during the last six months in the prisoner's prison or jail trust fund accounts. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account--prepared by each institution where you have been in custody during that six-month period--and you must also have the Certificate below completed by an authorized officer at each institution.

<br>

### CERTIFICATE
### (Incarcerated applicants only)
### (To be completed by the institution of incarceration)

I certify that the applicant named herein, _____, I.D.#_____, has the sum of

$_____ on account to his/her credit at (name of institution)_____.

I further certify that the applicant has the following securities to his/her credit:_____. I further

certify that during the past six months the applicant's average monthly deposit was $_____.

(Add all deposits from all sources and then divide by number of months).

<br>

_____          _____
          DATE                                              SIGNATURE OF AUTHORIZED OFFICER

                                                            _____
                                                                              (Print name)

rev. 10/10/2007

-3-

1909

# Social Security Administration
## Retirement, Survivors, and Disability Insurance
Notice of Award

TERRY B RICHARDS
1402 CAROL CT
APT 1B
PALATINE IL 60074-3053

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland  21241
Date:  June 14, 2006
Claim Number:  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HA

We are writing to let you know that you are entitled to monthly
disability benefits from Social Security beginning September 2004.

**What We Will Pay**

We are paying you beginning June 2006.

- You will receive $1,797.00, which is the money
  you are due for June 2006.

- After that, you will receive $1,797.00 each month.

We are withholding your Social Security benefits for September 2004
through May 2006.  We may have to reduce these benefits if you
receive Supplemental Security Income (SSI) for this period.  When we
decide whether or not we have to reduce your Social Security
benefits, we will send you another letter.  We will pay you any
Social Security benefits you are due for this period.

**Your Benefits**

The following chart shows your benefit amount(s) before any
deductions or rounding.  The amount you actually receive may differ
from your full benefit amount.  When we figure how much to pay you,
we must deduct certain amounts, such as Medicare premiums and
worker's compensation offset.  We must also round down to the nearest
dollar.

| Beginning Date | Benefit Amount | Reason |
|---|---|---|

ENCLOSURES:
PUB. NO. 05-10153   PUB. NO. 05-10058
C                              SEE NEXT PAGE

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HA                                                    1989

| September 2004 | $1680.10 | Entitlement began |
| December 2004 | $1725.40 | Cost-of-living adjustment |
| January 2005 | $1727.00 | Credit for additional earnings |
| December 2005 | $1797.80 | Cost-of-living adjustment |

## Other Social Security Benefits

The benefits described in this letter are the only ones you can
receive from Social Security.  If you think that you might qualify
for another kind of Social Security benefit in the future, you will
have to file another application.

## Your Responsibilities

The decisions we made on your claim are based on information you gave
us.  If this information changes, it could affect your benefits.  For
this reason, it is important that you report changes to us right away.
We have enclosed a pamphlet, "When You Get Social Security Disability
Benefits...What You Need to Know".  It will tell you what must be
reported and how to report.  Be sure to read the parts of the
pamphlet which explain what to do if you go to work or if your health
improves.

## Things To Remember

Doctors and other trained staff decided that you are disabled
under our rules.  But, this decision must be reviewed at least
once every 3 years.  We will send you a letter before we start
the review.  Based on that review, your benefits will continue
if you are still disabled, but will end if you are no longer
disabled.

## Do You Think We Are Wrong?

If you disagree with this decision, you have the right to appeal.  We
will review your case and consider any new facts you have.  A person
who did not make the first decision will decide your case.  We will
correct any mistakes.  We will review those parts of the decision
which you believe are wrong and will look at any new facts you have.
We may also review those parts which you believe are correct and may
make them unfavorable or less favorable to you.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter.  We
  assume you got this letter 5 days after the date on it
  unless you show us that you did not get it within the 5-day
  period.

C                              SEE NEXT PAGE

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HA                                                       1989

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing.  We will ask you to sign a form SSA-561-U2, called "Request for Reconsideration".  Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your right to Question the Decision Made on Your Social Security Claim".  It contains more information about the appeal.

## If You Want Help With Your Appeal

You can have a friend, lawyer or someone else help you.  There are groups that can help you find a lawyer or give you free legal services if you qualify.  There are also lawyers who do not charge unless you win your appeal.  Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know.  If you hire someone, we must approve the fee before he or she can collect it.  And if you hire a lawyer, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

## If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll free at 1-800-772-1213, or call your local Social Security office at 1-847-222-1877.  We can answer most questions over the phone.  If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office.  The office that serves your area is located at:

          SOCIAL SECURITY
          215 SOUTH ELMHURST RD
          PROSPECT HEIGHTS IL  60070

If you do call or visit an office, please have this letter with you.  It will help us answer your questions.  Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

*Jo Anne B. Barnhart*

Jo Anne B. Barnhart
Commissioner
of Social Security

C

**SOCIAL SECURITY ADMINISTRATION**

Date: June 11, 2008
Claim Number: 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A
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DI

TERRY B RICHARDS
1402 CAROL CT
APT 1B
PALATINE IL 60074-3053

You asked us for information from your record. The information that you
requested is shown below. If you want anyone else to have this information, you
may send them this letter.

**Information About Current Social Security Benefits**

  Beginning February 2007, the full monthly
  Social Security benefit before any deductions is......$ 0.00

   We deduct $0.00 for medical insurance premiums each month.

  The regular monthly Social Security payment is........$ 0.00
  (We must round down to the whole dollar.)

  Social Security benefits for a given month are paid the following month. (For
  example, Social Security benefits for March are paid in April.)

  Your Social Security benefits are paid on or about the fourth Wednesday of
  each month.

  Benefits were suspended beginning February 2007.

**Other Important Information**

  PLEASE ASSIST MR RICHARDS IN FILING FOR A MEDICAL UNTIL HIS SSA BENEFITS AND
  MEDICARE ARE REINSTATED THIS SHOULD BE RESOLVE WITHIN THE NEXT FEW WEEKS

If You Have Any Questions

If you have any questions, you may call us at 1-800-772-1213, or call your local Social Security office at 847-222-1877. We can answer most questions over the phone. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
215 SOUTH ELMHURST RD
PROSPECT HEIGHTS, IL 60070


If you do call or visit an office, please have this letter with you. It will help us answer your questions.




OFFICE MANAGER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS - WESTERN

IN RE
TERENCE BRUCE RICHARDS          ) CASE NUMBER   03 B 71403
                                )
                                )

ORDER

PLAINTIFF, TERENCE BRUCE RICHARDS HAS SUBMITTED
A REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS
SINCE IT APPEARS THAT HE IS UNABLE TO PAY
THE COSTS FOR COMMENCEMENT OF SUIT, THE
FOLLOWING ORDER IS ENTERED ON JULY 8TH, 2008

IT IS HEREBY ORDERED, THAT PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED IN FORMA PAUPERIS
IS GRANTED

HONORABLE JUDGE BARBOSA

IN THE NORTHERN DISTRICT OF ILLINOIS
BANKRUPTCY COURT

IN RE:

TERENCE BRUCE RICHARDS ) CASE # 03B71403

## SUPPLEMENTAL MEMORANDUM

THE PLAINTIFF FILES THIS MOTION FOR 'LEAVE TO APPEAL IN FORMA PAUPERIS. ON JUNE 4TH, 2008, THE BANKRUPTCY JUDGE BARBOSA, WHO STOLE OVER $400,000.00 DOLLARS FROM THE PLAINTIFF, AND WILLFULLY AND WANTONLY GAVE THE FUNDS TO A CRIMINAL, MAKING HIM, AS CULPABLE AS THE CRIMINAL HIMSELF. JUDGE BARBOSA, BELIEVES THAT ONE MAN SHOULD BE ABLE TO BUILD THEIR LIFE, AT THE EXPENSE OF ANOTHER MAN.

JUDGE BARBOSA DENIED THE PLAINTIFF'S MOTION ON THE GROUNDS THAT IT IS TAKEN IN BAD FAITH. WHICH MAKES HIM A JUDGE WITH THE ABILITY TO SAY ONE THING AND THEN TURN AROUND, AND SAY ANOTHER, FOR EXAMPLE, ON MAY 4TH, 2004, JUDGE BARBOSA DENIED THE PLAINTIFF'S MOTION TO BE HEARD, TO GIVE JUDGE BARBOSA KNOWLEDGE OF THE CONTEXT OF THE ISSUE AT HAND, HOWEVER JUDGE BARBOSA TOLD THE PLAINTIFF TO SHUT UP AND TO KEEP QUIT BY MOOTING THE PLAINTIFF'S MOTION, THAT THE PLAINTIFF'S MOTION BE MOOTED (NO RIGHT TO SPEAK), AND NOW HE STATES THAT THE PLAINTIFF IS ACTING IN BAD FAITH AND WITH NO MERIT.

JUDGE BARBOSA BELIEVES THAT THE PLAINTIFF (DEBTOR) SHOULD
SUFFER AT THE HANDS OF THE CRIMINAL DONALD
HARRINGTON, AND SHOULD NOT HAVE HIS PROPERTY RETURNED
THIS MAKES JUDGE BARBOSA AS MUCH OF A CRIMINAL
AS THE CRIMINAL HIMSELF. JUDGE BARBOSA LOVES
TERRORIZING AND TORTURING THE PLAINTIFF (DEBTOR),
AND WATCHING HIM SUFFER WITHOUT THE POSSESSION
OF HIS PROPERTY.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS - WESTERN

In Re:                                          )
                                                ) Case Number 03 B 71403
        Terence Bruce Richards                  )
                                                )

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR 'LEAVE TO
APPEAL IN FORMA PAUPERIS'

        Under the federal in forma pauperis statute, any court of the United

States may authorize the commencement, prosecution, or defense of any suit,

action, or proceeding, civil or criminal, or appeal therein, without prepayment

of fees or security for the fees, by a person who submits an affidavit, that

includes a statement of all assets such person possesses, that the person

is unable to pay the fees or give security. 28 U.S.C. 1915(a)(1).

        The federal in forma pauperis statute is designed to provide access to

the federal courts to indigent litigants. Its purpose is to allow qualified

litigants to proceed without having to advance the fees and costs

associated with litigation. De Blasio VS. Gilmore 315 F.3d 396 (4th Cir. 2003).

        The in forma pauperis statute generally applies to all persons applying

for in forma pauperis status, not just prisoners.

        By its terms, the informa pauperis refers to suits, actions, or

proceedings in a court of the United States.

        The Supreme Court in Lowes of Virginia Inc. Vs. Thomas 60 B.R. 418

(W.D. Va. 1986). has upheld the constitutionality of denying a debtor

the privilege of commencing a bankruptcy case in forma pauperis. In forma

pauperis is now recognized in an amendment to 28 U.S.C.A. 1930(f), thus

permitting the bankruptcy court or district Court to waive filing fees

in appropriate Chapter 7 cases. Filing fees, may be waived for an individual

if the court determines that such individual has income less than 150%
of the official poverty line applicable to a family of teh size involved
and is unable to pay that fee in installments. "Filing fee" means the filing
fee to file a bankruptcy case, or any other fee prescribed by the Judicial
Conference under 28 U.S.C. ;1930(b), (c) that is payable to the clerk
upon the commencement of a case.

Terence Bruce Richards

FILED

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY 12 2008

KENNETH S. GARDNER, CLERK

BY_____
        DEPUTY CLERK

## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 03 BK 71403 |
|---|---|---|---|
| DATE | June 4, 2008 | ADVERSARY NO. | |
| CASE TITLE | In re Terence Bruce Richards | | |

### DOCKET ENTRY TEXT

The motion of Debtor to reopen Chapter 7 case is denied.

■[ For further details see text below.]

### STATEMENT

This matter comes before the Court for ruling on a Motion to Reopen the Bankruptcy Estate pursuant to 11 U.S.C. § 350. Section 350 provides in relevant part that a case " may be reopened in a court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause". The debtor's motion is accompanied by an attached copy of the District Court's order of May 1, 2008 dismissing an appeal in case no. 07 C 50183 wherein the District Court states that appellant has failed to identify any existing order from which an appeal is being made. From the supporting memoranda, this Court can conclude that the movant is seeking to reopen for purposes of somehow relitigating the 11 USC § 727(d) complaint which was brought against him in an adversary complaint filed by the trustee.

The Court would point out at the outset that a motion to reopen an estate is a completely distinct matter from a procedural motion to obtain relief from a judgment or otherwise attack an adversarial judgment within a bankruptcy case. Thus, to reopen the case as the motion seeks to do, would not grant the movant the relief of reopening the adversary case which he apparently wishes to revisit. The reopening of a bankruptcy estate would accomplish nothing where a judgment stands denying the debtor a discharge.

Thus, this Court must conclude that the movant has failed to show cause as required under § 350 for the relief sought. Additionally, the Court must note that the offensive allegations made within the supporting memorandum by the movant directed to this Court are not only an indication of the lack of good faith and

-1-

## STATEMENT

merit in the pursuit of these pleadings, but constitute sanctionable conduct which this Court will not tolerate. The Court is cognizant of the difficult personal circumstances which the movant has endured and thus will satisfy itself with a strong admonition on this occasion stating that if such conduct is repeated, the Court will employ the strongest sanctions available to protect the dignity of the Court and demonstrate that this behavior has no place within our system of litigation.

Debtor's motion to reopen will be denied.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| In re: | |
| --- | --- |
| **TERENCE BRUCE RICHARDS,** | Bankruptcy No. 03 - 71403 |
| | Chapter 7 |
| Debtor. | Judge Manuel Barbosa |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Order denying debtor's motion to reopen has

been served by mailing a copy of same via First Class Mail on June 5, 2008 addressed to the

following:

Terence Bruce Richards
105 South Ashland Ave.
Chicago, IL 60607

Office of the U. S. Trustee
780 Regent Street, Suite 304
Madison, Wisconsin 53715

_M. Margaret_

08 C 50 1 48

# United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 03 BK 71403 |
|---|---|---|---|
| **DATE** | June 4, 2008 | **ADVERSARY NO.** | |
| **CASE TITLE** | In re Terence Bruce Richards | | |

**DOCKET ENTRY TEXT**

The motion of Debtor for leave to appeal in forma pauperis is denied.

■[ For further details see text below.]

---

## STATEMENT

This matter has come before the Court on a motion for leave to appeal in forma pauperis. The motion is brought pursuant to 28 U.S.C. § 1915(a)(1) and 28 U.S.C. § 1930(f). Section 1915 pertains to appeals by prisoners, and the Court will assume for purposes of this motion that the movant qualifies for that status although his motion states that he is presently at a halfway house, but his affidavit also indicates a legal residence of Ashland Correctional Institution in Ashland, Kentucky. The movant has provided a form affidavit which appears to comply with the requirements of § 1915(a)(1). Under subsection (2), there is the additional requirement that there be a certified copy of the trust fund account or the institutional equivalent for the prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal. The affidavit is nonetheless fairly comprehensive and indicates that the movant has earned $10 per month during the past 12 months and the Court will assume that any residual amounts held by the debtor are negligible or would have otherwise been reflected in the affidavit.

This Court further notes that 28 U.S.C. § 1915(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." This Court notes that on May 1, 2008 the District Court for the Northern District of Illinois, Western Division, dismissed an appeal taken by the movant for various procedural deficiencies. That case was 07 C 50183. The Court notes that while the movant has detailed to some extent the applicable standards for granting leave to appeal in forma pauperis, he has failed to identify any particular appealable order which would be the subject of his appeal or any other matter ruled on by this Court from which a timely appeal may be taken.

-1-

## STATEMENT

Because this pleading does not articulate the pursuit of a final, appealable order and the Court takes notice of the frivolous and offensive nature of other allegations made in accompanying pleadings filed by the movant, the Court concludes that it cannot certify as required by 11 U.S.C. § 1915(3) that this appeal is being taken in good faith. Accordingly, the motion is denied.

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy No.  03 - 71403 |
| **TERENCE BRUCE RICHARDS,** | Chapter 7 |
| Debtor. | Judge Manuel Barbosa |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Order denying debtor's motion for leave to appeal in forma pauperis has been served by mailing a copy of same via First Class Mail on June 5, 2008 addressed to the following:

Terence Bruce Richards
105 South Ashland Ave.
Chicago, IL 60607

Office of the U. S. Trustee
780 Regent Street, Suite 304
Madison, Wisconsin 53715

# U.S. Bankruptcy Court
## Northern District of Illinois (Rockford)
## Adversary Proceeding #: 03-07063

*Assigned to:* Hon. Manuel Barbosa
*Related BK Case:* 03-71403
*Related BK Title:* Terence Bruce Richards
*Related BK Chapter:* 7
*Demand:* $37000
*Nature[s] of Suit:* 454 Recover Money/Property

*Date Filed:* 06/12/03
*Date Terminated:* 10/18/04
*Date Dismissed:* 10/18/04

**Debtor**
-----------------------
**Terence Bruce Richards**

**Plaintiff**
-----------------------
**Trustee James E Stevens**

represented by **James E Stevens**
Barrick, Switzer, Long, Balsley & Van
Ev
6833 Stalter Drive
Rockford, Il 61108
815-962-6611
Fax : 815-962-1758
Email: jstevens@bslbv.com

V.

**Defendant**
-----------------------
**Donald Harrington**

represented by **Donald Harrington**
PRO SE

| Filing Date | # | Docket Text |
|---|---|---|
| 06/12/2003 | 1 | ADVERSARY Complaint [LS] (Entered: 06/12/2003) |
| 06/12/2003 | 2 | COVER Sheet [LS] (Entered: 06/12/2003) |
| 06/12/2003 | 3 | ISSUED Summons - Status Hearing hearing on 07/14/2003 at 9:30 a.m. |

| | | |
|---|---|---|
| | | at U.S. Bankruptcy Court, Federal Courthouse 211 South Court, Rockford, Illinois [LS] (Entered: 06/12/2003) |
| 06/12/2003 | 4 | RECEIPT No. 7958/$150.00 [LS] (Entered: 06/12/2003) |
| 07/01/2003 | 5 | Summons Service Executed on Trustee James E Stevens 7/1/2003 (RE: 3 Summons Issued). (Marko, Kathie) (Entered: 07/14/2003) |
| 07/14/2003 | 6 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 7/28/2003 at 10:00 AM . (Brackett, Jana) (Entered: 07/14/2003) |
| 07/30/2003 | 7 | Order of Judgment against Defendant. Signed on 7/30/2003 (Marko, Kathie) (Entered: 08/16/2003) |
| 09/24/2003 | 8 | Hearing Continued (RE: 5 Summons Service Executed). Status hearing to be held on 10/20/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 09/24/2003) |
| 09/29/2003 | 9 | Issued Citation to Discover Assets and Copies for Service on Donald Harrington (RE: 7 Order of Judgment). (Weatherford, Mary) (Entered: 09/29/2003) |
| 10/20/2003 | 10 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 11/3/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 10/20/2003) |
| 10/23/2003 | 11 | Notice of Motion and Motion for Rule to Show Cause Citation to Discover Assets Filed by James E Stevens on behalf of Trustee James E Stevens . Hearing scheduled for 11/17/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Marko, Kathie) (Entered: 10/27/2003) |
| 11/17/2003 | 12 | Hearing Continued (RE: 11 Motion for Rule to Show Cause, ). Hearing scheduled for 12/1/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 11/17/2003) |
| 11/17/2003 | 13 | Order Granting Motion for Rule to Show Cause why Donald Harrington shall not be held in Contempt of Court. (Related Doc # 11). Hearing scheduled for 12/1/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. Signed on 11/17/2003. (Shabez, Cindy) (Entered: 12/01/2003) |
| 12/01/2003 | 14 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on |

| | | |
|---|---|---|
| | | 12/15/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 12/01/2003) |
| 12/15/2003 | 15 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 12/29/2003 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 12/15/2003) |
| 12/29/2003 | 16 | Order RE: based on a Rule to Show Cause . Signed on 12/29/2003 (Shabez, Cindy) (Entered: 01/08/2004) |
| 01/15/2004 | 17 | Notice of Motion and Motion for Issuance of a Bench Warrant Filed by James E Stevens on behalf of Trustee James E Stevens . Hearing scheduled for 2/9/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Shabez, Cindy) (Entered: 01/15/2004) |
| 02/09/2004 | 18 | Hearing Continued (RE: 17 Generic Motion, ). Status hearing to be held on 2/23/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 02/09/2004) |
| 02/09/2004 | 19 | Order RE: continued to 2/23/04 at 10:00 a.m. re: item #17 . Signed on 2/9/2004 (Shabez, Cindy) (Entered: 02/11/2004) |
| 02/23/2004 | 20 | Hearing Continued (RE: 17 Generic Motion, ). Hearing scheduled for 3/8/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 02/23/2004) |
| 03/08/2004 | 21 | Hearing Continued (RE: 17 Generic Motion, ). Status hearing to be held on 3/15/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 03/08/2004) |
| 03/15/2004 | 22 | Hearing Continued (RE: 17 Generic Motion, ). Status hearing to be held on 4/14/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 03/15/2004) |
| 04/14/2004 | 23 | Hearing Continued (RE: 17 Generic Motion, ). Status hearing to be held on 4/19/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 04/14/2004) |
| 04/15/2004 | 24 | Notice of Motion For Issuance Of A Bench Warrant Filed by James E |

| | | |
|---|---|---|
| | | Stevens on behalf of Trustee James E Stevens . Hearing scheduled for 4/19/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Bachman, Carol) (Entered: 04/15/2004) |
| 04/19/2004 | 26 | Order Granting Motion (Related Doc # 17). Signed on 4/19/2004. (Marko, Kathie) (Entered: 04/26/2004) |
| 04/20/2004 | 25 | Hearing Continued (RE: 5 Summons Service Executed). Status hearing to be held on 4/28/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 04/20/2004) |
| 04/28/2004 | 27 | Order Scheduling . Hearing continued on 6/2/2004 at 10:00 AM . Bench warrant previously issued is stayed until 6/2/04. Signed on 4/28/2004 (Shabez, Cindy) (Entered: 04/29/2004) |
| 04/28/2004 | 28 | Affidavit Filed by Donald Harrington (RE: 19 Order (Generic), 16 Order (Generic)). (Bachman, Carol) (Entered: 04/30/2004) |
| 04/28/2004 | 29 | Affidavit (Bachman, Carol) Additional attachment(s) added on 4/30/2004 (Weatherford, Mary). CORRECTIVE ENTRY: PDF ATTACHED Modified on 4/30/2004 (Weatherford, Mary). (Entered: 04/30/2004) |
| 04/28/2004 | 32 | Notice of Motion and Motion Filed by Terence Bruce Richards . Hearing scheduled for 5/3/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Bachman, Carol) (Entered: 04/30/2004) |
| 04/30/2004 | 30 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 6/2/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Gianesin, Paul) (Entered: 04/30/2004) |
| 04/30/2004 | 31 | CORRECTIVE ENTRY PDF ATTACHED (RE: 29 Affidavit). (Weatherford, Mary) (Entered: 04/30/2004) |
| 05/04/2004 | 33 | Order Mooting Motion (Related Doc # 32). Signed on 5/4/2004. (Marko, Kathie) (Entered: 05/04/2004) |
| 05/06/2004 | 34 | Notice of Motion and Motion to Authorize Trustee to Employ John Miller as Auctionneer Filed by James E Stevens on behalf of Trustee James E Stevens . Hearing scheduled for 6/2/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 1-Proposed Order) (Shabez, Cindy) (Entered: 05/07/2004) |

| 05/06/2004 | 35 | Affidavit re: John Miller Filed by James E Stevens on behalf of Trustee James E Stevens (RE: 34 Motion to Authorize, ). (Shabez, Cindy) (Entered: 05/07/2004) |
|---|---|---|
| 05/10/2004 | 36 | Affidavit Filed by John Miller (RE: 34 Motion to Authorize, ). (Marko, Kathie) (Entered: 05/11/2004) |
| 06/02/2004 | 37 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 6/30/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 06/02/2004) |
| 06/02/2004 | 38 | Order Granting Motion to Authorize Employment of John Miller (Related Doc # 34). Signed on 6/2/2004. (Marko, Kathie) (Entered: 06/04/2004) |
| 06/30/2004 | 39 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 7/28/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 06/30/2004) |
| 07/28/2004 | 40 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 8/25/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 07/28/2004) |
| 08/03/2004 | 41 | Notice of Continued Rule To Show Cause Filed by Trustee James E Stevens (RE: 11 Motion for Rule to Show Cause, ). Hearing scheduled for 8/25/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Bachman, Carol) (Entered: 08/05/2004) |
| 08/25/2004 | 42 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 9/29/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 08/25/2004) |
| 08/25/2004 | 43 | Order Dismissing Motion for Rule to Show Cause why Debtor shall not be held in Contempt of Court. (Related Doc # 11). Signed on 8/25/2004. (Shabez, Cindy) (Entered: 08/26/2004) |
| 09/29/2004 | 44 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 10/18/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Brackett, Jana) (Entered: 09/29/2004) |
|  |  |  |

| 10/07/2004 | 45 | Notice of Motion and Motion to Dismiss Adversary Proceeding Filed by James E Stevens on behalf of Trustee James E Stevens . Hearing scheduled for 10/18/2004 at 10:00 AM at Federal Building, 211 South Court Street, Rm. 115, Rockford, Illinois 61101. (Attachments: # 1 Proposed Order) (Shabez, Cindy) (Entered: 10/07/2004) |
| 10/18/2004 | 46 | Order Granting Motion to Dismiss Adversary Proceeding (Related Doc # 45). Signed on 10/18/2004. (Shabez, Cindy) (Entered: 10/18/2004) |
| 10/18/2004 | 47 | Adversary Case 03-7063 Closed . (Shabez, Cindy) (Entered: 10/18/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/11/2008 13:20:38 | | | |
| **PACER Login:** | th6656 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 03-07063 Fil or Ent: filed From: 2/12/2002 To: 6/11/2008 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE:                                          ) | In Bankruptcy Under Chapter 7 |
|                                                 ) | |
| TERENCE BRUCE RICHARDS,           ) | Case No. 03-B-71403 |
|        Debtors.                              ) | |
| ------------------------------------------------ ) | |
| JAMES E. STEVENS, as Trustee,     ) | |
|        Plaintiff,                            ) | |
| vs.                                             ) | Adversary Case No. 03-A-7063 |
| DONALD HARRINGTON,                   ) | |
|        Defendant.                          ) | |

### NOTICE OF MOTION FOR ISSUANCE OF A BENCH WARRANT

James E. Stevens has filed papers with the Court for a Motion for Issuance of a Bench Warrant against Donald Harrington.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion and want the Court to consider your views on said Motion, then you or your attorney must:

1. File a written response to the above Motion on or before the date set for the hearing on the Motion at the United States Bankruptcy Court, 211 South Court Street, Rockford, IL 61101; OR,
2. Attend the hearing scheduled to be held on **February 9, 2004 at 10:00 A.M.** at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South Court Street, Rockford, IL 61101.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

You must also mail a copy to:    ATTORNEY JAMES E. STEVENS
BARRICK, SWITZER, LONG,
BALSLEY & VAN EVERA
One Madison Street
Rockford, IL 61104

If you file a response, attend the hearing on the Motion, scheduled to be held on **February 9, 2004 at 10:00 A.M.** at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South Court Street, Rockford, IL 61101.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion and grant the same.

Dated: January 15, 2004

_____
ATTORNEY JAMES E. STEVENS

STATE OF ILLINOIS )
) SS.   **PROOF OF SERVICE**
COUNTY OF WINNEBAGO )


The undersigned, being first duly sworn on oath, deposes and says that she served the within document upon:

Terence B. Richards            Donald Harrington
2408 Aspen Drive               19 North Jackson
Woodstock, IL 60098         Waukegan, IL 60085

U. S. Trustee's Office
780 Regent Street, Suite 304
Madison, WI 53715

by placing a true and correct copy of said document in an envelope, each addressed as is shown above by regular mail.

That she sealed said envelopes and placed sufficient U.S. postage on each; that she deposited said envelopes so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 o'clock P.M. on the 15th day of January, 2004.

_Nancy L. Thompton_

Subscribed and sworn to before
me this 15th day of January, 2004.

_Susan M. Coffman_
NOTARY PUBLIC

"OFFICIAL SEAL"
SUSAN M. COFFMAN
Notary Public, State of Illinois
My Commission Expires 10/11/04

L:\steph\TRUSTEE\Richards\bw notice.DOC

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE:                                    )         IN BANKRUPTCY
                                          )
TERENCE BRUCE RICHARDS,                   )         Case No. 03 B 71403
                                          )
      Debtor.                             )
------------------------------------------)
JAMES E. STEVENS, as Trustee,             )
                                          )         Adversary Case No. 03 A 7063
      Plaintiff,                          )
                                          )
vs.                                       )
                                          )
DONALD HARRINGTON,                        )
                                          )
      Defendant.                          )

## MOTION FOR ISSUANCE OF A BENCH WARRANT

**NOW COMES** the Plaintiff, James E. Stevens, by his attorneys, Barrick,

Switzer, Long, Balsley & Van Evera, and moves this Court for the issuance of a

Bench Warrant for the Defendant, DONALD HARRINGTON, for the reasons as

set forth as follows:

1. That on the 30th day of July, 2003, a Judgment Order was entered in

favor of the Plaintiff and against DONALD HARRINGTON in the amount of

$36,882.54 plus a turnover of certain items listed in Exhibit "A" attached to said

Order. A copy of said Order is attached hereto and marked as Exhibit "A".

2. The Plaintiff, JAMES E. STEVENS, did set a Citation to Discover

Assets against the  Defendant, DONALD HARRINGTON, on September 24,

2003.

3. The Defendant, DONALD HARRINGTON, failed to appear at this

Citation hearing. The Plaintiff reset same until the 20th day of October, 2003.

4. The Defendant failed to appear at the reset Citation to Discover Assets on October 20, 2003.

5. The Plaintiff, JAMES E. STEVENS, filed a Rule to Show Cause against the Defendant, DONALD HARRINGTON, setting it on November 17, 2003.   The Defendant, DONALD HARRINGTON, failed to appear at this hearing.

6. The Court on the 17th day of November, 2003 did enter a Rule to Show Cause against the Defendant for his willful failure to appear at previously scheduled Citation to Discover Assets returnable on December 1, 2003.

6. Based upon the Plaintiff's Rule to Show Cause, the Court entered an Order on the 29th day of December, 2003, with the Defendant present wherein the Defendant, DONALD HARRINGTON, was Ordered to turn over to the Plaintiff on or before January 10, 2004 the following items:

a) 1992 BMW 535 Automobile and title;

b) 2 years of bank records from National City Bank for all accounts of Donald Harrington;

c) 2 cell phones;

d) Tires and rims held at Waukegan Tire;

e) carpeting from mobile home and

f) stereo from wife's auto.

7. The Defendant, DONALD HARRINGTON, failed to comply with said Order to turn over the above items pursuant to the Court Order of December 29, 2003.

NOW, THEREFORE, the Plaintiff, JAMES E. STEVENS, prays that this Court issue a Warrant for the Arrest of the Defendant, DONALD

HARRINGTON, for his willful failure to abide by the Orders entered by this

Court and for such other and further relief as the Court deems just.

JAMES E. STEVENS, Trustee of the Estate
of Terence Bruce Richards, Plaintiff

BY: _____

JAMES E. STEVENS, his attorney

BARRICK, SWITZER, LONG,
 BALSLEY & VAN EVERA
JAMES E. STEVENS
One Madison Street
Rockford, Illinois 61104
815-962-6611
L:\steph\TRUSTEE\Richards\bench warrant.mtn.doc

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

HONORABLE MANUEL BARBOSA          Hearing Date: 2/9/04

Bankruptcy Case No. 03B71407    Adversary No. 03.A07063

Title of Cause: _Steven v. Harrington_

Brief Statement
of Motion: _Issuance of Bench Warrant_

Name and Addresses
of moving counsel: _S. Bashly for trustee_

_Terrance Realand - Pro-se_

_Donald Harrington - Pro-se_

Representing: _____

ORDER

Defendant Harrington shall
appear before This Court on
2/23/04 at 10:00 A.M. &
produce at That time all
documents relating to his loan
with American title loan Co of
Kenosha, Wisconsin and Repossession of
the 1992 BMW & 2 years of Bank
Records from National City Bank or
written denial of Such request from
Those financial institutions.

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

IN RE: ) In Bankruptcy Under Chapter 7
)
TERENCE BRUCE RICHARDS, ) Case No. 03-B-71403
    Debtors. )
-------------------------------------------------- )
)
JAMES E. STEVENS, as Trustee, )
    Plaintiff, )
)
vs. ) Adversary Case No. 03-A-7063
)
DONALD HARRINGTON, )
    Defendant. )

### NOTICE OF MOTION FOR ISSUANCE OF A BENCH WARRANT

    James E. Stevens has filed papers with the Court for a Motion for Issuance of a Bench Warrant against Donald Harrington.

    Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

    If you do not want the Court to grant the Motion and want the Court to consider your views on said Motion, then you or your attorney must:

1. File a written response to the above Motion on or before the date set for the hearing on the Motion at the United States Bankruptcy Court, 211 South Court Street, Rockford, IL 61101; OR,
2. Attend the hearing scheduled to be held on **April 19, 2004 at 10:00 A.M.** at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South Court Street, Rockford, IL 61101.

    If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

    You must also mail a copy to:    ATTORNEY JAMES E. STEVENS
    BARRICK, SWITZER, LONG,
    BALSLEY & VAN EVERA
    One Madison Street
    Rockford, IL 61104

    If you file a response, attend the hearing on the Motion, scheduled to be held on **April 19, 2004 at 10:00 A.M.** at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South Court Street, Rockford, IL 61101.

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion and grant the same.

    Dated: April 14, 2004

                ATTORNEY JAMES E. STEVENS

STATE OF ILLINOIS      )
                          ) SS.        **PROOF OF SERVICE**

COUNTY OF WINNEBAGO     )


     Susan M. Coffman, being first duly sworn on oath, deposes and says that she

served a copy of foregoing document upon:

Donald Harrington
19 North Jackson
Waukegan, IL 60085

by placing a true and correct copy of said document in an envelope, addressed as is

shown above.

     That she sealed said envelope and placed sufficient U.S. postage on the same; that

she deposited said envelope so sealed and stamped in the United States Mail at Rockford,

Illinois, at or about the hour of 5:00 o'clock P.M. on the 14th day of April, 2004.

*Susan M Coffman*

Subscribed and sworn to before
me this 14th day of April, 2004.


*Darlene M Johnson*
NOTARY PUBLIC

> OFFICIAL SEAL
> DARLENE M JOHNSON
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES: 08/01/05

James E. Stevens
Barrick, Switzer, Long, Balsley & Van Evera
One South Madison Street
Rockford, IL 61110-7109
(815) 962-6611

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Bankruptcy Under Chapter 7 |
| | ) | |
| TERENCE BRUCE RICHARDS, | ) | Case No. 03-B-71403 |
| Debtors. | ) | |
| ----------------------------------------- | ) | |
| JAMES E. STEVENS, as Trustee, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary Case No. 03-A-7063 |
| DONALD HARRINGTON, | ) | |
| Defendant. | ) | **ORDER FOR ISSUANCE OF** |
| | ) | **BENCH WARRANT** |

THIS MATTER coming on to be heard on the _19th_ day of April, 2004, on

the Trustee's Motion for Issuance of a Bench Warrant against Donald Harrington,

and the Court being fully advised in the premises;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that a Bench Warrant

shall issue for Donald Harrington immediately.

ENTERED this _19th_ day of _____ _April_, 2004.

_____
JUDGE MANUEL BARBOSA

BARRICK, SWITZER, LONG,
 BALSLEY & VAN EVERA
BY: JAMES E. STEVENS (26)
ONE MADISON STREET
ROCKFORD, IL 61104
(815) 962-6611
L:\steph\TRUSTEE\Richards\7063 acversary\order for bench warrant.doc

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

HONORABLE MANUEL BARBOSA          Hearing Date: 4-28-04

Bankruptcy Case No. 03 B 71403 Adversary No. 03 A 7063

Title of Cause: Stevens vs. Harrington

Brief Statement
of Motion: Status

Name and Addresses
of moving counsel: Stevens

Representing: Plaintiff / Trustee

ORDER

Defendant ordered to deliver to Plaintiff
by 5/19/04 the following:
    1) Car Stereo
    2) Documents Re: Sale of 1992 BMW &
    Carpeting
    3) 2 yrs. of Defendants Bank Statements
Cause Continued to 6/2/04 @ 10:00 for
Status; Bench Warrant previously issued
is stayed until 6/2/04                    p.6

APR 2 8 2004

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) In Bankruptcy Under Chapter 7 |
| | ) |
| TERENCE BRUCE RICHARDS | ) Case No. 03-B-71403 |
| Debtor, | ) |
| ------------------------------------------------- | ) |
| JAMES E. STEVENS, as Trustee, | ) Adversary Case No. 03-A-7063 |
| Plaintiff, | ) |
| Vs. | ) |
| DONALD JAMES HARRINGTON, | ) |
| Defendant. | ) |

## **AFFIDAVIT**

**NOW COMES** the Debtor, Terence B. Richards, by his own representation, moves to be heard by the Court as follows:

1.  On July 28th, 2003, the Defendant Donald James Harrington was ordered by the Honorable Judge Manual Barbosa to turnover to the Bankruptcy Trustee James E. Stevens a list of merchandise including a 1992 BMW 535i vehicle.

2.  On December 29th, 2003 the Defendant Donald James Harrington, was once again ordered by the court to return the 1992 535i BMW. See Exhibit 'A'

3.  On February 9th, 2004, the Honorable Judge requested information from the Defendant as to the disposition of the 1992 535i BMW. The defendant informed the Bankruptcy court that the 1992 535i BMW was repossessed by American Title Loan Company of Kenosha Wisconsin due to an outstanding loan with the title loan company.

4.  On February 9th, 2004, the Honorable Judge ordered the Defendant to produce such documentation relating to the loan and repossession of the such 1992 535i BMW. See Exhibit 'B'. Where the Defendant had countersigned the court order acknowledging his receipt of such order.

5.  During the month of March 2004, the defendant informed the Court that the vehicle was not in fact repossessed, by sold to his brother-in-law for $4,000.00 dollars. At such time, the Defendant was asked to produce the Bill of Sale to his brother-in-law on April 14th, 2004.

6.  On April 14th, 2004, the Defendant failed to appear before the Court.

7.  On April 28, 2004, the Defendant was once again to produce the Bill of Sale.

EXHIBIT 'A'

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
#### WESTERN DIVISION

HONORABLE MANUEL BARBOSA        Hearing Date: 2/9/04

Bankruptcy Case No. 03071407        Adversary No. 03A07063

Title of Cause: Steven v. Harrington

Brief Statement
of Motion: Memo of Bench Warrant

Name and Addresses
of moving counsel: S. Bashey for trustee

Terrance Kealand - Pro-se

Donald Harrington - Pro-se

Representing:

### ORDER

Defendant Harrington shall
appear before This Court on
2/23/04 at 10:00 A.M. &
produce at That time all
documents relating to his loan
with American title loan Co of
Kenosha, Wisconsin and Repossession of
the 1992 BMW & 2 years of Bank
Records from National City Bank or
written denial of such requests from
Those financial institutions!

FEB 9 2004

Rec'd copy
S. Bashley Donald Harrington

EXHIBIT 'B'

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

HONORABLE MANUEL BARBOSA          Hearing Date: 12-29-03

Bankruptcy Case No. 03 B 71403  Adversary No. 03 A 7063

Title of Cause: James Stevens, Trustee vs.

Donald Harrington

Brief Statement
of Motion: Rule to Show Cause

Name and Addresses
of moving counsel: Stevens

Representing: Trustee

### ORDER

It is ordered based on a Rule to Show Cause
as follows:

1) Defendant Donald Harrington shall turnover
to James Stevens at his office by 1/10/04
the follows.

a) 1992 BMW 535 Photos & Title

b) 2 Years of Bank Records from National City
Bank for all Accounts of Donald Harrington

c) 2 Cell Phones

d) Tires & Rims held at Waukegan Tire

e) Carpets from Mobile Home

f) Stereo from Wifes Arts

DEC 29 2003

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) In Bankruptcy Under Chapter |
| | ) |
| TERENCE BRUCE RICHARDS | ) Case No. 03-B-71403 |
|     Debtor, | ) |
| --------------------------------------------------------- | ) |
| JAMES E. STEVENS, as Trustee, | ) Adversary Case No. 03-A-7063 |
|     Plaintiff, | ) |
| Vs. | ) |
| DONALD JAMES HARRINGTON, | ) |
|     Defendant. | ) |

## **AFFIDAVIT**

1. On December 29th, 2003, the Defendant Donald James Harrington, was ordered to produce bank statements for of his financial accounts. See Exhibit 'A'

2. On February 9th, 2004, the Defendant claimed that National City Bank has denied such request. That the records are unavailable. See Exhibit 'B'.

3. On April 28, 2004, the Defendant informed the Court that such request will take about 3 weeks to produce such records.

4. During this period of time, the Defendant, Donald James Harrington, has informed the Debtor, Terence Bruce Richards, that the Federal government could kiss his Royal Ass, and that he has no interest in producing such documentation, or paying the Bankruptcy court, or the Debtor any of the funds that were stolen from the Debtor.



UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) In Bankruptcy Under Chapter |
| | ) |
| TERENCE BRUCE RICHARDS, | ) Case No. 03-B-71403 |
|     Debtors, | ) |
| ----------------------------------------------------- | ) |
| JAMES E. STEVENS, as Trustee, | ) Adversary Case No. 03-A-7063 |
|     Plaintiff, | ) |
| Vs. | ) |
| DONALD JAMES HARRINGTON, | ) |
|     Defendant. | ) |

## NOTICE OF MOTION

Terence B. Richards has filed papers with the Court for a Motion to be Heard.

Your rights may be affected. You should read these papers carefully and discuss them
with your attorney, if you have one in this bankruptcy case. (If you do not have an
attorney, you may wish to consult one.)

A hearing is on the Motion is scheduled to be heard on **MAY 3rd , 2004 at 10:00 A.M.**,
at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South
Court Street, Rockford, IL 61101

If you or your attorney do not take these steps, the Court may decide that you do not
oppose the Motion and grant the same.

    Dated: April 28, 2004

                                  DEBTOR, Terence Bruce Richards

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) In Bankruptcy Under Chapter 7 |
| | ) |
| TERENCE BRUCE RICHARDS, | ) Case No. 03-B-71403 |
|     Debtors, | ) |
| ----------------------------------------------------------) | |
| JAMES E. STEVENS, as Trustee, | ) Adversary Case No. 03-A-7063 |
|     Plaintiff, | ) |
| Vs. | ) |
| DONALD JAMES HARRINGTON, | ) |
|     Defendant. | ) |

## MOTION

**NOW COMES** the Debtor, Terence B. Richards, by his own representation, moves to be heard by the Court as follows:

1.) On April 14th, 2004 a motion for a Bench Warrant was set to be heard.

2.) On April 14th, 2004. the Defendant, Donald James Harrington failed to appear, due to an alleged scheduling conflict with his Criminal Case # 04CF725 in the Lake County Courthouse.

3.) He requested the Debtor, Terence B. Richards to speak in his behalf, that he had to be in the Criminal Case on the same date.

4.) The Debtor, Terence B. Richards spoke in behalf that the Defendant Donald James that the Defendant could not be present.

    5.) The Court granted the Defendant, Donald James Harrington relief from the Bench Warrant.

    6.) Since then, the Debtor, has found evidence, that the Defendant Donald James Harrington, could have been in the Court room on April 14th, 2004, that indeed there was no scheduling conflict on April 14th, 2004. The Defendant's criminal court date was in fact on April 15th, 2004 based on the Criminal Case Docket Calendar. See Exhibit A.

**THEREFORE**, the Debtor, Terence B. Richards wishes to have the Court understand he was not in any attempt wishing to commit perjury on the behalf of the Defendant, Donald James Harrington.

*EXHIBIT 'A'*

```
2D02 MQ                      MINUTES QUERY                    04/22/2004

CASE# 04CF00000725 FILED 02/25/2004  STATUS AC STATUS DATE 02/25/2004
TITLE PEOPLE VS HARRINGTON                 ARREST AGENCY WKGN BRANCH CE

DATE: 05/28/2004 TIME: 09:00A ROOM: C201  CALNDR: TLC NOTE: JURY

        EVENTS:
             JURY TRIAL                              SET

DATE: 05/17/2004 TIME: 09:00A ROOM: C201  CALNDR: CRM NOTE: PRE-TRIAL

        EVENTS:
             PRE-TRIAL                               SET

DATE: 04/15/2004 TIME: 10:10A ROOM: C201  CALNDR: CRM NOTE:

        PRESENT:
             BOORAS, JAMES K.              PRESIDING JUDGE
             LIGENZA, MARIANNE             COURT REPORTER
             KLEINHUBERT, DANIEL J.        STATE'S ATTORNEY
             SHAFFER, MARTIN L.            PUBLIC DEFENDER
             HARRINGTON, DONALD J.         DEFENDANT

        EVENTS:
             BOND FORFEITURE VACATED                 YES PRESENT
             QUASH WARRANT                           YES PRESENT
             ARRAIGNMENT                             YES PRESENT
             NOT GUILTY PLEA                         YES PRESENT
             SET PRE-TRIAL DATE                      YES PRESENT
                ALL PRE-TRIAL MOTIONS TO BE FILED WITHIN 21 DAYS
             SET JURY TRIAL DATE                     YES PRESENT
             RECIPROCAL DISCOVERY ORDERED            YES PRESENT
             RELEASED ON CONTINUED BOND              YES PRESENT

DATE: 04/15/2004 TIME: 09:00A ROOM: C201  CALNDR: CRM NOTE: ARRG

        PRESENT:
             BOORAS, JAMES K.              PRESIDING JUDGE
             LIGENZA, MARIANNE             COURT REPORTER
             KLEINHUBERT, DANIEL J.        STATE'S ATTORNEY

        EVENTS:
             ARRAIGNMENT                             STRICKEN ABSENT
             BOND FORFEITURE                         YES ABSENT
             ISSUE WARRANT                           YES ABSENT
                BOND SET IN THE AMOUNT OF $75,000.00
             JUDGMENT ON BOND FORFEITURE             YES ABSENT

DATE: 03/16/2004 TIME: 01:30P ROOM: C120  CALNDR: CRM NOTE:

        PRESENT:
             MARTIN, VICTORIA L.           PRESIDING JUDGE
```

MINUTES QUERY                                    04/22/2004

CASE# 04CF00000725 FILED 02/25/2004   STATUS AC STATUS DATE 02/25/2004
TITLE PEOPLE VS HARRINGTON                  ARREST AGENCY WKGN BRANCH CE

         HAXALL, BOLLING W.              STATE'S ATTORNEY
         SIMMONS, MICHAEL E.             PUBLIC DEFENDER
         HARRINGTON, DONALD J.           DEFENDANT

      EVENTS:
         STATUS                              YES PRESENT
            OF PRELIMINARY EHARING
         FILE INFORMATION                    YES PRESENT
         WAIVE PRELIMINARY HEARING           YES PRESENT
         BOUND OVER TO THE GRAND JURY        YES PRESENT
         SET ARRAIGNMENT DATE                YES PRESENT
         RELEASED ON CONTINUED BOND          YES PRESENT

   DATE: 02/25/2004 TIME: 09:00A ROOM: C120  CALNDR: CRM NOTE:

      PRESENT:
         MARTIN, VICTORIA L.             PRESIDING JUDGE
         KRAUSE, BRADFORD S.             STATE'S ATTORNEY
         LEBOEUF, LISA                   PUBLIC DEFENDER
         HARRINGTON, DONALD J.           DEFENDANT

      EVENTS:
         DEF PRESENT IN CUSTODY              YES PRESENT
            WAUKEGAN POLICE DEPARTMENT
         APPOINT PUBLIC DEFENDER             YES PRESENT
         BOND HEARING                        YES PRESENT
         GERSTEIN HEARING                    YES PRESENT
         BOND SET                            YES PRESENT
            10% OF $4,000.00
         SET STATUS DATE                     YES PRESENT
         FILE DEMAND FOR SPEEDY TRIAL        YES PRESENT
         REMAND                              YES PRESENT

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

HONORABLE MANUEL BARBOSA                    Hearing Date:_____

Bankruptcy Case No.___03 B 71403____ Adversary No.___03 A 7063_____

Title of Cause:_____James Stevens, Trustee v._____

_____Donald Harrington_____

Brief Statement
of Motion:_____Motion of Terrence B. Richards_____

_____

Name and Addresses
of moving counsel:_____

_____

_____

Representing:_____

### ORDER

____IT IS HEREBY ORDERED that the Terrence B. Richards'_____

____Motion is stricken as moot._____

MAY - 4 2004

1

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION


RE:                                    )
                                       )
        TERENCE BRUCE RICHARDS         )    03bk71403
                                       )
        TRUSTEE JAMES E. STEVENS       )    04ap07077
        V.                             )
        RICHARDS                       )
                                       )


        The hearing in the above-captioned matter was taken
before the Honorable Manuel Barbosa by Jennifer Williams,
Certified Shorthand Reporter, on January 25, 2005 at the
United States Federal Courthouse, 211 South Court Street,
Courtroom 115, Rockford, Illinois.

APPEARANCES:

        MR. JAMES E. STEVENS
        Attorney at Law,
        Barrick, Switzer, Long, Balsley & Van Evera
        One South Madison Street
        Rockford, Illinois


        MR. TERENCE BRUCE RICHARDS
        Pro Se

2

CLERK: 1:30 call.  Terence Richards 04 07077.

MR. RICHARDS: Terence Bruce Richards.

MR. STEVENS: Trustee James E. Stevens.

THE COURT:  Good afternoon.  This matter has been specially set for hearing on the objection to or revocation of discharge brought by the Trustee, James Stevens under Section 727 against the debtor, Terence Bruce Richards.  Are both sides ready to proceed at this time?

MR. STEVENS: Yes, Your Honor.

MR. RICHARDS: Yes, Your Honor.

THE COURT: Very well.  Mr. Stevens, you may proceed at this time by calling your first witness.

MR. STEVENS: Thank you.  I'd like to call the defendant, Terence Richards, Your Honor.

THE COURT:  Mr. Richards, would you please step forward.

TERENCE BRUCE RICHARDS,

first witness called by the Trustee, having been first duly sworn by the Clerk of Court was examined and testified as follows:

DIRECT EXAMINATION

BY MR. STEVENS:

THE CLERK: If you will have a seat there and once you are seated, state your name for the record, please.

3

THE WITNESS:  Terence Richards.

Q        And your address, Mr. Richards?

A        Um, I'm in the middle of moving right now.
Right now 1000 Northwest Highway.

Q        What city?

A        Fox River Grove.

Q        Illinois?

A        Yes.

Q        You are the debtor in the Chapter 7
bankruptcy; is that correct?

A        Yes, Your Honor.

Q        You don't need to call me Your Honor.  And
you filed the bankruptcy petition and schedules yourself; is
that correct?

A        Yes.

Q        And you prepared those documents, yourself;
is that correct?

A        Yes.

Q        Did have you anyone assist you in the
preparation of your petition and/or your schedules?

A        No.

Q        To the best of your knowledge, I, James
Stevens, have been acting as your Chapter 7 bankruptcy
trustee?

A        To the best of my knowledge, yes.

4

Q       Are you aware of anyone else that acted as trustee in your bankruptcy petition?

A       I think you might have had assistance from James or Jim Balsley.

Q       Okay.  Steven Balsley?

A       Steven Balsley.

Q       But those were lawyers from my office?

A       Yes.

Q       Now, you filed this bankruptcy on March 14, 2003?

A       Yes.

Q       Okay.  To the best of your knowledge, were you granted a discharge under the four-year bankruptcy on October 2, 2003?

A       Yes.

Q       I would like to show you what I will mark for identification purposes as Plaintiff's Exhibit No. 1.  Would you review that document, please?

A       Okay.  I am familiar with that document.

Q       And you have looked at both pages?

A       Yes.

Q       All right.  Did you, in fact, prepare that document?

A       I prepared that document, but I don't know who faxed it.

6

Q      What parts of the letter do you dispute?

A      I dispute the fact that I never conspired with Donald Harrington and I also dispute--

Q      Hang on a minute so that we can keep on track here.  So you dispute that you conspired with Donald Harrington; is that correct?

A      Yes.

Q      Did you perform the activities that are described in that letter yourself?

A      No, I did not.  Not intentionally.

Q      But did you do that?

A      What activities?

Q      I'll make it more clear.  Did you personally engage in the activities that are described in that letter?

A      I don't understand what you are asking.

Q      The letter says that you conspired to defraud creditors; is that correct?

A      No, I never conspired to defraud creditors.

Q      You also filed an affirmative defense and a verified-- I'm sorry.  You also-- Strike that.  You filed a verified answer and a verified affirmative defense in this case; is that correct?

A      Can you state that again?

Q      In this case, you have filed a verified answer--

7

A        Verified answer.

Q        -- and a verified affirmative defense; is that correct?

A        Yes.

Q        In essence, they are basically the same documents?

A        Yes.

Q        Caption is different?

A        Yes.

Q        In either one of those documents-- You set forth in, I think, the verified answer and in paragraph five-- and I will show you a copy of this, paragraph five.

A        Yes.

Q        All right.  You set forth a series of credit card creditors; is that correct?

A        Yes.

Q        And did you, in fact, borrow those funds that are stated in your verified answer from those creditors?

A        I did borrow this money from the creditors back in 1999.

Q        Did you ever pay them back?

A        Yes.

Q        And when you paid them back back in 1999, it was through a 401(K)?

A        401(K) withdrawal at the time.

8

MR. STEVENS: I have nothing further.

THE COURT: Very well. You may step down.

MR. RICHARDS: Do you have anymore?

MR. STEVENS: No.

THE COURT: Actually, Mr. Richards, before you step down, since you are representing yourself, you have been asked a series of questions here by Mr. Stevens. If you had an attorney, at this point your attorney would have the right to question you so as to clarify or rebut any inferences raised by the questions Mr. Stevens asked you. So since you don't have an attorney, you may simply take the seat and, at this point, I will allow you to make any comments you wish to make with respect to the questions you were just asked by Mr. Stevens.

MR. RICHARDS: I was wondering if I could pass the cross-examination and go to my own defense, because I will be doing the same thing.

THE COURT: You may as soon as Mr. Stevens concludes his case.

MR. STEVENS: I rest. I move for entry of Exhibit No. 1 that I have submitted to the defendant.

THE COURT: Any objection?

MR. RICHARDS: No.

THE COURT: It will be admitted without objection.

9

You may go ahead and take a seat.  Take a seat right here, Mr. Richards.  At this point, you are free to present your portion of your case.

(Plaintiff's Exhibit No. 1 admitted)

MR. RICHARDS: I have my papers.

THE COURT: You may go ahead and get any notes or papers you wish.

MR. RICHARDS: I was just in a bad car accident yesterday and so I have been going sluggish today.

THE COURT:  Very well.

BY MR. RICHARDS:

MR. RICHARDS: Okay.  I would admit that I did file, on March 14, 2003, my own bankruptcy case.  Um, I would like to identify the fact that, you know, I have a manic-depressive illness and I don't know if Mr. Stevens or the Court is aware of that.

THE COURT:  You may go ahead and relate everything you wish to state at this time.

MR. RICHARDS: Okay.  I would like to enter this as an exhibit.

THE COURT:  Could you describe what it is?

MR. RICHARDS: It's a diagnostic sheet from one of my doctors stating my illnesses when I was admitted into the program.

THE COURT:  If you will hand that to me.

10

Ordinarily, I would have requested you have a copy made

available for Mr. Stevens. Mr. Stevens, any objection?

        MR. STEVENS: No, Your Honor. This is all

within the packet or the answer, the affirmative defense.

        THE COURT: Okay. We'll mark that as

Defendant's Exhibit No. 1.

(Defendant's Exhibit No. 1 marked for identification.)

        MR. RICHARDS: Mr. Stevens asked for a

verified proof thereof of my mental illness and I would like

to enter this as the next exhibit. I didn't provide this to

you. I didn't get this--

        MR. STEVENS: I am not going to object to

anything he is going to want as to exhibits. I think Mr.

Richards should be able to advise the Court of whatever he

wants to today even though, from a technical standpoint, Your

Honor, I could object to these things I think. Because he is

not represented by counsel, I'm going to afford him the

latitude and not object and allow in doctor's statements and

consultations and whatever else he wants to admit, Your

Honor.

        THE COURT: Perhaps this might also help.

Mr. Richards, in your affirmative defense, you attached a

rather voluminous number of exhibits dealing with the subject

matter you are touching on right now. To the extent that any

of these exhibits are copies of those, simply refer to them

11

and you need not move to admit them.  They are pleadings,
which are part of the record and you can simply refer to
them, if you wish.

       MR. RICHARDS: This one here is a new
document from the Social Security Administration.  After I
lost my job, I applied for social security disability and
they agreed that the medical evidence in the file shows that
the condition does cause some restrictions in your ability to
function, however you still should have the ability to do
unskilled medium work so I'm just stating that I do have a
mental illness and the government has recognized that as
being such.

       THE COURT:  We'll mark this as Defendant's
Exhibit No. 2.

(Defendant's Exhibit No. 2 marked for identification.)

       MR. RICHARDS: Back at the time when my
behavior was not the greatest and I was seeing a therapist at
the time and he was getting upset with me, he says you are
not watching your finances properly and you are basically out
of control and you should be inside of a hospital to protect
yourself, but I didn't get in until it was too late.  He
didn't send it to me until March 31st.  Can I enter that?

       THE COURT:  We'll mark this letter from
clinical psychologist J.R. Harris dated March 31, 2003 as
Defendant's Exhibit No. 3.

12

(Defendant's Exhibit No. 3 Marked for identification.)

MR. RICHARDS: And then a psychiatrist provided a letter stating which medications I was on at the time.

THE COURT:  This is a letter dated May 12 of 2003 to be marked as Defendant's Exhibit No. 4.

(Defendant's Exhibit No. 4 marked for indentification.)

MR. RICHARDS: Now, on the same topic of my mental illness, if you look at the DSM, which is a book that is used by the psychiatrist and the psychologist team as, like, their bible.  I don't know if you are familiar with that, but it's like the statutes book for law are for attorneys.  This is their bible, the DSM.  It does say that, you know, inside here that people who are manic-depressive do go on buying sprees and they also have a tendency of writing letters to different individuals and then also on page 359--

THE COURT:  I believe this was part of your exhibit and I believe you highlighted certain portions; is that correct?

MR. RICHARDS: Yeah.  If you are ever familiar with a bipolar person, they do go to a natural high and then they crash and then they are, like, regretful for what they did.  Well, I regret going on the shopping spree and then after having my $45,000.00 stolen from me, which I will get into in a minute, I just put my feelings on hold

13

because I was upset.  I didn't want to put them away for five

years, so as soon as that case was over, I was able to, you

know, start thinking about what was happening and I just

regret going on the shopping spree.  Can I enter that as an

exhibit?

THE COURT:  Entered as Defendant's Exhibit

No. 5.

(Defendant's Exhibit No. 5 marked for indentification.)

MR. RICHARDS: Now, going back to 1999 and

the examples that Mr. Stevens has identified and the

creditors.  Back then, in 1999, I pulled up my credit report

and you will see that they all occurred about the same period

of time just like happened back in 2003, and I-- most of them

were-- The credit lines were cancelled and the cards were

cancelled by the consumer, which was I, because I went into--

because I went into a Consumer Credit Counseling program,

which was run by the government and they helped me set up a

debt reduction program and I was able to pay them back over a

period of time and then I went into my 401(K) and I took out

money and paid them through the 401(K).  Here is my credit

report that exemplified the people back in 1999.  I cancelled

the credit lines.

THE COURT:  This will be marked Debtor's

Exhibit No. 6, group exhibit.  Go ahead, Sir.

(Defendant's Exhibit No. 6 marked for indentification.)

14

MR. RICHARDS: This letter I got from
Consumer Credit Counseling Services that states, "To whom it
may concern," which was drafted to the Court and to Mr.
Stevens in March 2003. "Mr. Terence Richards came to Consumer
Credit Counseling Services of McHenry County, Inc. seeking
advice concerning repayment of debt. At that time, it became
apparent to me and to his counselor, Ms. Peggy Sarbaugh that
debt accumulated was of sufficient magnitude that he would be
advised to seek the advice of a bankruptcy attorney." Instead
of seeking the advice of a bankruptcy attorney, I did proceed
just to file my own case, because I did go see a couple of
attorneys at the time and they were like, we don't know what
to do for you. You don't have any money and we're going to
be costing an arm and a leg, because we are going to run from
Woodstock here for you so if you can, do it yourself. It
says here and then continues, Mr. Richards had been a prior
client of mine in the late 1990s and entered into a debt
management program and paid off a sizable amount of credit
card debt over a period of one year and that he subsequently
cashed in a portion of his 401(K) plan and paid off his debts
and to please consider this statement in deliberating over
his bankruptcy discharge.

THE COURT:  Mark that has Debtor's Exhibit
No. 7.

(Defendant's Exhibit No. 7 marked for identification.)

MR. RICHARDS: I don't know if this is pertinent, but Mr. Harrington-- I don't know if you recognize him as not being up on the level and, you know, conning and deceiving people. He has deceived this Court and I don't know if the Court wants to recognize that or not, but I don't know if that is pertinent to this except for when I get down to actually showing the $45,000.00 that was stolen from me, but after I filed my bankruptcy case, I got a letter from the U.S. Attorney's office saying that maybe I could convert my case to a Chapter 13 Bankruptcy and they asked, you know, for various pieces of information, like the payroll stubs, income taxes, credit card statements and check ledgers. And I provided all of the information to them and I would like to enter that as an exhibit.

THE COURT: Debtor's No. 8.

(Defendant's Exhibit No. 8 marked for identification.)

MR. RICHARDS: At the time, I was overextended on my house. They were actually able to sell it for $113,000.00 and not the $115,000.00 that I was told it was worth and I had to find a place to live. I had been living inside of a motel. Mr. Stevens has recognized I live at the Fox River Grove Hotel while the church has been paying for me for the past six months while I try to find a job and get my life re-established. I was, back then, trying to take out a 401(K) hardship withdrawal to buy a mobile home.

16

MR. STEVENS: Excuse me, Your Honor.  I don't
contest that he withdrew funds from his 401(K) post
petition.  They're exempt assets and I don't think the 401(K)
funds are in dispute here today.  I don't think there's any
relevance to them at all.

MR. RICHARDS: But I was going to use them to
buy a mobile home, which would have freed up my income.  I
would like to enter that as-- The same day I got approved for
that withdrawal, the U.S. Trustee's office decided not to
proceed any further with converting my case to a Chapter 13
and told me to just go ahead and proceed under a Chapter 7.

THE COURT: Document group Exhibit 9 for
defendant.  Letter dated April 24, 2003 from the U.S.
Trustee's office will be No. 10.

(Defendant's Exhibit No. 9 and No. 10 marked for
indentification.)

MR. RICHARDS: So I was going to partake in
Chapter 13 bankruptcy under the guidance of the U.S.
Trustee's office and I would have had the money to pay back
the creditors and living in a mobile home and I would have
paid off the mobile home.  I wouldn't have had any mortgage
to pay and that would have freed up some money for me to pay
back to the unsecured creditors.  Unfortunately, I used poor
judgment and when I got the $45,000.00 check I was going to
put it into my own checking account, but, instead, Mr.

Harrington kept saying trust me and why don't you put the

money into my account and I was feeling bad and I said, okay,

here.  Let's see if I can trust him.  Going back and talking

to the branch manager, who wrote this affidavit verifying

what I was saying--

                THE COURT:  Defendant's Exhibit No. 11.

(Defendant's Exhibit No. 11 marked for identification.)

                MR. RICHARDS: -- that he was-- You know,

going back in and talking to him, he was like, I was going to

tell you not to be stupid and trust somebody else with that

money.  I was going to tell you to proceed to put it into

your own account and that you only put the $200.00 into it

and here is a copy of the check that Mr. Harrington signed--

                THE COURT:  Defendant's Exhibit 12.

(Defendant's Exhibit No. 12 marked for identification.)

                MR. RICHARDS:-- to prove that he was at the

Harris Bank.  Here is a copy of their contact on April 29

when I was-- I actually spent an hour and thirty-nine minutes

with the people.

                THE COURT:  Defendant's Exhibit 13.

(Defendant's Exhibit No. 13 marked for identification.)

                MR. RICHARDS: Here is the account where the

money was actually going to go into.

                THE COURT:  Defendant's Exhibit 14.

(Defendant's Exhibit No. 14 marked for identification.)

18

MR. RICHARDS: And, like I said, he pleaded
guilty, but I just didn't have the heart to send him away for
five years. That just drove me crazy. I came here a couple
times and told Mr. Stevens prosecuting somebody is not my
personality.

THE COURT: Debtor's Exhibit 15.

(Defendant's Exhibit No. 15 marked for identification.)

MR. RICHARDS: And then actually a year
later, on March 8, the same day I actually wrote that letter
in Court, Mr. Stevens said, you know, that I tried offering
to pay back-- because I was working at the time and I was
working at a $60,000.00 a year job and even a year later I
was still trying to offer to make payments and he even
brought that to the Court's attention and here is a
transcript from that day.

THE COURT: Transcript from March 8, 2004.

(Exhibit No. 16 marked for identification.)

MR. RICHARDS: Why did I write this letter,
just because I was just frustrated I was just upset with the
whole thing and the way things were going. I just really
wanted to make some payments in. I wrote this letter and my
boss saw it and fired me over it.

THE COURT: The letter you are referring me
to is what I have had marked as Plaintiff's Exhibit No. 1?

MR. RICHARDS: Yes.

20

solely defense of superficial statements.  The corpus is the

body of crime which prove to acts or service in mens rea.

THE COURT:  I think we generally know what

the doctrine stands for.  You can make your statement

relative to that, if you wish.

MR. RICHARDS: Basically because of my mental

illness, corroboratory evidence probably would have been

suffice enough if I did commit a crime, you know,

corroborating evidence based on that rule probably.  You

know, that's all I wanted to say.  Because basically the

doctrine protects people who are mentally unstable from being

accused of a crime based on the false letter.

THE COURT:  Based on the what?

MR. RICHARDS: False letter.  That's what I

wanted to present.

THE COURT:  Okay.

MR. STEVENS: Could I cross-examine?

THE COURT:  Yes.  At this point, Mr.

Richards, Mr. Stevens has a right to ask you questions

relative to the statements you are making.

Mr. Stevens, you may proceed.

CROSS-EXAMINATION

By Mr. Stevens:

Q        Mr. Richards, you do admit you went on the

shopping spree?

21

A          Yes.

Q          And it's your term, "shopping spree?";
correct

A          Shopping spree, yes.  That is what the
psychiatrist called it when I went into the hospital.  To
diagnose a person they ask, you know, Have you gone on a
shopping spree?  And I was like, yeah, I went on a $60,000.00
one recently and they were like, Yeah, okay.  You are
bipolar.

Q          And you did that prior to filing of the
bankruptcy?

A          Apparently twice back in 1999 and in 2003.

Q          And did you tell me, as a Chapter 7 trustee,
before March 9 of 2003, that you had engaged in this shopping
spree and this activity?

A          Yes.

Q          You did?

A          Did I tell you I went on the shopping spree?
I told you there were a lot of assets that got transferred to
Mr. Harrington.

Q          Yes, you did do that.  But prior to October
2nd of 2003-- and I'm using that date, because that is the
date that your discharge order was entered.  All right? --
had you given me any written documentation that you had
engaged in this type of activity that is described in

22

Plaintiff's Exhibit No. 1?

A        I don't understand the question.

Q        Prior to October 2, 2003,--

A        Right.

Q        -- did you tell me that you had engaged in
fraudulent activities?

A        I said I, you know, went on-- There were
assets transferred.  I don't know if it was fraud or if it
was a shopping spree, but--

Q        What you told me was that you transferred
assets to Donald Harrington; is that correct?

A        Yes.  And I filed a motion to try to recover
those before the Court, because after I couldn't pay back
into it and wanting to buy a mobile home and making-- The
creditors had to be paid back so I filed a motion to
surrender the assets.

Q        I want to refer you to the letter that you
wrote, which is Plaintiff's Exhibit No. 1, and at the bottom
of page one, you describe in detail how you obtained these
funds from creditors, do you not?

A        Yeah, but this is also false.  This is just a
story I made up.

Q        You just made it up?

A        Yeah.  If you are going to go on a shopping
spree like I did in 1999 and I ran up all these credit cards

23

in a couple of months, your knowledge of programs and

delinquency status has nothing to do with going on a shopping

spree.

      Q       So now you dispute the content of the March

9th letter?

      A      Yes.

      Q       And you had a chance to talk to a

psychiatrist, as well, back in July?

      A      Yes, I did.

      Q       You were fired after your employer saw the

March 9th letter?

      A      Yes.

       MR. STEVENS: Okay.  Nothing further, Your

Honor.

       THE COURT:  Okay.  Mr. Richards, was there

anything further you were going to present today?

       MR. RICHARDS: No, Your Honor.

       THE COURT:  Very well.  Mr. Stevens just

asked you a couple of questions, If you feel you would like

to elaborate anything on the basis of those questions only at

this time, you may do so.

       MR. RICHARDS: No, just stating that the

letter was a false letter and I should never have wrote it.

       THE COURT:  Very well, you may now go ahead

and take your seat at the table and be excused.

24

MR. RICHARDS: Okay.

MR. STEVENS: I'm in a little bit of an
awkward position, but I'm going to have to testify as
rebuttal to what was just testified to.

THE COURT:  Very well.  There were some
suggestions during the course of the testimony from Mr.
Richards that there had been conversations with you from Mr.
Richards, as well as another professional, I guess, on his
behalf and, although generally I am reluctant to allow
attorneys to testify, if you would please come forward and be
sworn we will allow you to do so.

JAMES STEVENS,
being a witness called on and having been first duly sworn
was examined and testified as follows:

MR. STEVENS: For the record, Your Honor, my
name is James Stevens.  I'm an attorney with the law firm of
Barrick, Switzer, Long, Balsley & Van Evera.  I'm before the
Court today both in an attorney capacity and as Chapter 7
bankruptcy trustee in the Terence B. Richards case.   In
rebuttal to what Mr. Richards testified to, I can state to
the Court that Mr. Richards has, on more than one occasion,
verbally affirmed to me that: (1) he wrote the letter of
March 9, 2003 and that, (2) the contents were true and
correct and that (3) that he was sorry for engaging in the
activity and I think the Court needs to be aware of that and

25

I have nothing further.

THE COURT:  Any questions you wish to ask at this time, Mr. Richards?

MR. RICHARDS: Back in July, you spoke to a professional health worker?

MR. STEVENS: Yes, I did.

MR. RICHARDS: Can you elaborate on what maybe transpired in that conversation?

MR. STEVENS: You want me to?

THE COURT:  Mr. Richards--

MR. RICHARDS: Do you know who the person was first?

MR. STEVENS: As I sit here today, I can't remember that person's name.  If I do recall--

MR. RICHARDS: Do you know who his role was?

MR. STEVENS: No, I do not?

MR. RICHARDS: He was just a social worker who was not familiar with me at all.

THE COURT:  Mr. Richards, this goes a little beyond the testimony given by Mr. Stevens and further would appear to touch on probably some sensitive personal matters, which, although we certainly opened the door and touched on a lot of them, I just feel I need to admonish you since you are proceeding without a lawyer, unless you feel it's crucial to your case.  You might not want to enter into that territory.

defraud creditors.  I thought it was basically he was being

defrauded by Mr. Harrington so, Your Honor, I can state

affirmatively that the Trustee had no knowledge prior to the

March 9, 2004 date of the activities complained of or set

forth in the March 9th letter.  I would also point out to the

Court that the explanation of what Mr. Richards did,

contained in the March 9th letter, I think on it's own, sets

forth a basis for revoking the discharge.  Mr. Richards has

made reference to the fact that he didn't commit a crime.

I'm not accusing him of a crime here, Your Honor.  I'm asking

the Court under 727(d)(1) to vacate the discharge because of

the fraud described in the letter and, as I stated on

rebuttal to Mr. Richards' testimony, he has stated to me on

numerous occasions that, unfortunately, the information

contained in this letter is true and correct.  And for those

reasons, Your Honor, I would ask that the Court find in favor

of the plaintiff and against the defendant and I would also

point out to the Court that I do not believe that there's an

intent factor involved in this case.

            THE COURT:  That there's a--

            MR. STEVENS: No intent factor like there

would be in a criminal case when you are proving fraud.

            THE COURT: You are saying there would be no

elements of intent required?

            MR. STEVENS: Correct.

THE COURT: Very well. Mr. Richards, final statement from you?

MR. RICHARDS: Um, just want to say I'm sorry for writing the letter. I was-- Like I said, I was just coming off my high and I was totally upset by the fact that I couldn't pay back under the Chapter 13 plan and I was just frustrated, because even a year later I was trying to offer to make payments to the Court for what happened and that is not the type of person I am to try to defraud people and I was defrauded by Mr. Harrington and had no intent to defraud anybody else at the time.

THE COURT: Okay. Mr. Richards has not raised the question of admissibility of the letter, but has merely tried to explain it. In any event, for the record, I would point out that the letter constitutes clearly an admission his contemplation under the federal rule of evidence, specifically rule 801(d)(2)(A) in that it provides under the rule in the case law that such admissions are substantive evidence as contrasted with mere impeachment statements and there's no requirement for even additional preliminary documentation and they can be used by a party opponent. There's no requirement of mental capacity as to the declarant and the statement need not even relate to the matter to which the party had personal knowledge. It need not be against interest at the time it was made and, frankly,

31

# C E R T I F I C A T E

I, JENNIFER WILLIAMS, Certified Shorthand Reporter, do hereby

certify  that I am a court reporter doing in shorthand the

bankruptcy hearing in the matter regarding Terence Bruce

Richards, Trustee James E. Stevens v. Richards on January 25,

2005 and that the foregoing is a true and correct transcript

of my shorthand notes so taken aforesaid.

I further certify that I am neither counsel for nor related

to nor employed by any of the parties to this action and that

I am not a relative or employee of any counsel employed by

the parties hereto or financially interested in the action.

Dated at Rockford, Illinois, the 1st day of March, 2005.


_____

Jennifer Williams

Certified Shorthand Reporter

License No. 084-004433

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT COURT

OF ILLINOIS - WESTERN

08 C 50148

IN RE: TERENCE BRUCE RICHARDS

| CASE NUMBER 03 B 71403

NOTICE OF MOTION FOR 'LEAVE TO APPEAL
IN FORMA PAUPERIS

PLEASE TAKE NOTICE, THAT ON THE ATTACHED AFFIDAVIT & TERENCE
BRUCE RICHARDS, AND EXHIBIT ATTACHED THERETO THE UNDERSIGNED
WILL MOVE THIS HONRABLE COURT ON THE 7TH DAY of JULY, 2008
OR SOON THEREAFTER AS THE PARTIES MAY BE HEARD AT THE
UNITED STATES COURTHOUSE OF THE NORTHERN ILLINOIS DISTRICT
COURTHOUSE - WESTERN DIVISION, 211 SOUTH COURT STREET,
ROCKFORD, ILLINOIS, FOR AN ORDER GRANTING MOTION
FOR 'LEAVE TO PROCEED IN FORMA PAUPERIS' PURSUANT
TO 28 U.S.C. A15 AT 10:00 CALLING.

Terence Bruce Richards

RECEIVED

JUN 16 2008

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS - WESTERN

IN RE:
    TERENCE BRUCE RICHARDS     CASE NUMBER 03 B 71403

MOTION FOR 'LEAVE TO APPEAL IN FORMA PAUPERIS

PLAINTIFF, TERENCE BRUCE RICHARDS, PURSUANT TO
28 U.S.C. 1915 MOVES THIS COURT FOR AN ORDER
PERMITTING HIM TO PROCEED WITHOUT
PREPAYMENT OF FEES AND COSTS OR SECURITY.
PLAINTIFF HAS ATTACHED A DECLARATION IN
SUPPORT OF THIS MOTION.

Terence Bruce Richards



RECEIVED

JUN 16 2008

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT COURT

OF ILLINOIS - WESTERN

IN RE

TERENCE BRUCE RICHARDS

CASE NUMBER 03 B 71403

ORDER

PLAINTIFF, TERENCE BRUCE RICHARDS HAS SUBMITTED

A REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS

SINCE IT APPEARS THAT HE IS UNABLE TO PAY

THE COSTS FOR COMMENCEMENT OF SUIT, THE

FOLLOWING ORDER IS ENTERED ON JULY 9TH, 2008

IT IS HEREBY ORDERED, THAT PLAINTIFF'S MOTION

FOR LEAVE TO PROCEED IN FORMA PAUPERIS

IS GRANTED

HONORABLE JUDGE BARBOSA

08 C 50148

FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS - WESTERN

IN RE: TERENCE BRUCE RICHARDS        | CASE NUMBER 03 B 71403

NOTICE OF MOTION FOR 'LEAVE TO APPEAL
IN FORMA PAUPERIS'

PLEASE TAKE NOTICE, THAT ON THE ATTACHED AFFIDAVIT OF SERVICE
BRUCE RICHARDS, AND EXHIBIT ATTACHED THERETO THE UNDERSIGNED
WILL MOVE THIS HONORABLE COURT ON THE TTH DAY OF JULY, 2008
OR SOON THEREAFTER AS THE PARTIES MAY BE HEARD AT THE
UNITED STATES COURTHOUSE OF THE NORTHERN ILLINOIS DISTRICT
COURTHOUSE - WESTERN DIVISION, 211 SOUTH COURT STREET,
ROCHFORD, ILLINOIS, FOR AN ORDER GRANTING MOTION
FOR 'LEAVE TO PROCEED IN FORMA PAUPERIS' PURSUANT
TO 28 U.S.C. 915 AT 10:00 CALLING.

*Terence Bruce Richards*



RECEIVED

JUN 16 2008

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS - WESTERN

IN RE:
TERENCE BRUCE RICHARDS | CASE NUMBER 03 B 71403

MOTION FOR "LEAVE TO APPEAL IN FORMA PAUPERIS"

PLAINTIFF, TERENCE BRUCE RICHARDS, PURSUANT TO
28 U.S.C. 1915 MOVES THIS COURT FOR AN ORDER
PERMITTING HIM TO PROCEED WITHOUT
PREPAYMENT OF FEES AND COSTS OR SECURITY.
PLAINTIFF HAS ATTACHED A DECLARATION IN
SUPPORT OF THIS MOTION.



RECEIVED
JUN 16 2008
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

# U.S. BANKRUPTCY COURT
## SCHEDULE OF FEES
### 28 U.S.C. 1930
### *Effective January 1, 2007*

**FILING FEES**

Chapter 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $299
Chapter 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1039
Chapter 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1039
Chapter 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $239
Chapter 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $274
Chapter 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1039
Adversary Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . $250
Notice of Appeal (or cross Appeal) . . . . . . . . . . . . . . . . . . . . $255
Motions to Modify Stay, Motions to Compel Abandonment of
Property, Motions to withdraw the reference under 28USC157(d) . . . . . . $150
Application for Pro Hac Vice *(for cases filed on or after 2/1/01)* . . . $50
Application for Pro Hac Vice *(for cases prior to 2/1/01)* . . . . . . . $100
Registration of Judgment from another District . . . . . . . . . . . $39
Creditor Schedule Amendments . . . . . . . . . . . . . . . . . . . . . . . $26
Split case - chapter 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $260
Split case - chapter 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $235
Split case - chapter 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1000

**CONVERSION FEES**

Motion to convert a Chapter 11 case to a Chapter 7 . . . . . . . . $15
Motion to convert a Chapter 13 case to a Chapter 7 . . . . . . . . $25
Motion to convert a Chapter 7 to a Chapter 11 . . . . . . . . . . . $755
Motion to convert a Chapter 13 to a Chapter 11 . . . . . . . . . . $765

**MISCELLANEOUS FEES**

Retrieval of Record from Federal Records Center . . . . . . . . . . $45
Search of the Records (per name or item searched) . . . . . . . . $26
Certification of any Document or paper . . . . . . . . . . . . . . . . . . $9
Exemplification of any Document or paper . . . . . . . . . . . . . . . $18
Copies (per page,paper) . . . . . . . . . . . . . . . . . . . . . . . . . . . $0.50
Copies (electronic print fee per page) . . . . . . . . . . . . . . . . . $0.10
Returned check for NSF . . . . . . . . . . . . . . . . . . . . . . . . . . . . $45

**REOPENING FEES**

Chapter 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $260
Chapter 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $235
Chapter 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1000

*For more details on bankruptcy fees, please refer to 28 U.S.C. 1930*

*revised December 2006*

10/10/2007

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

**IN FORMA PAUPERIS APPLICATION
AND
FINANCIAL AFFIDAVIT**

_RICHARDS_
Plaintiff

v.

CASE NUMBER __03 B 71403__

Defendant(s)

JUDGE_____

_Wherever □ is included, please place an X into whichever box applies. Wherever the answer to any question requires more information than the space that is provided, attach one or more pages that refer to each such question number and provide the additional information. Please PRINT:_

I, __TERENCE RICHARDS__, declare that I am the □plaintiff ☒petitioner □movant (other_____) in the above-entitled case. This affidavit constitutes my application □ to proceed without full prepayment of fees, or □ in support of my motion for appointment of counsel, or □ both. I also declare that I am unable to pay the costs of these proceedings, and that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of this petition/application/motion/appeal, I answer the following questions _under penalty of perjury_:

1.  Are you currently incarcerated?        □Yes    ☒No    (If "No," go to Question 2)
    I.D. #_____ Name of prison or jail:_____
    Do you receive any payment from the institution? □Yes □No    Monthly amount:_____

2.  Are you currently employed?        □Yes    ☒No
    Monthly salary or wages:_____
    Name and address of employer: _____
    _____

    a.  If the answer is "No":
        Date of last employment:__ MARCH 14TH, 2004__
        Monthly salary or wages:__ 60,000__
        Name and address of last employer:__ HSBC TECHNOLOGY E SERVICES USA INC__
        __2700 SANDERS ROAD__
        __PROSPECT HEIGHTS, ILL 60070__

    b.  Are you married?        □Yes    ☒No
        Spouse's monthly salary or wages:_____
        Name and address of employer:_____
        _____

3.  Apart from your income stated above in response to Question 2, in the past twelve months have you or anyone else living at the same residence received more than $200 from any of the following sources? _Mark an X in either "Yes" or "No", and then check all boxes that apply in each category._

    a.  Salary or wages                        □Yes    ☒No
    Amount_____ Received by_____

b.    ☐ Business, ☐ profession or ☐ other self-employment        ☐Yes        ☒No
Amount_____ Received by_____

c.    ☐ Rent payments, ☐ interest or ☐ dividends                ☐Yes        ☒No
Amount_____ Received by_____

d.    ☐ Pensions, ☒ social security, ☐ annuities, ☐ life insurance, ☐ disability, ☐ workers'
      compensation, ☐ unemployment, ☐ welfare, ☐ alimony or maintenance or ☐ child support
                                                                ☐Yes        ☐No
Amount____1, 800_____ Received by____SOCIAL SECURITY____

e.    ☐ Gifts or ☐ inheritances                                ☐Yes        ☒No
Amount_____ Received by_____

f.    ☐Any other sources (state source:_____ )   ☐Yes        ☒No
Amount_____ Received by_____

4.    Do you or anyone else living at the same residence have more than $200 in cash or checking or
      savings accounts?            ☐Yes        ☒No       Total amount:_____
      In whose name held:_____ Relationship to you:_____

5.    Do you or anyone else living at the same residence own any stocks, bonds, securities or other
      financial instruments?                              ☐Yes        ☒No
      Property:_____ Current Value:_____
      In whose name held:_____ Relationship to you:_____

6.    Do you or anyone else living at the same residence own any real estate (houses, apartments,
      condominiums, cooperatives, two-flats, three-flats, etc.)?    ☐Yes        ☒No
      Address of property:_____
      Type of property:_____ Current value:_____
      In whose name held:_____ Relationship to you:_____
      Amount of monthly mortgage or loan payments:_____
      Name of person making payments:_____

7.    Do you or anyone else living at the same residence own any automobiles, boats, trailers, mobile
      homes or other items of personal property with a current market value of more than $1000?
                                                          ☐Yes        ☒No
      Property:_____
      Current value:_____
      In whose name held:_____ Relationship to you:_____

8.    List the persons who are dependent on you for support, state your relationship to each person and
      indicate how much you contribute monthly to their support.  If none, check here ☐No dependents
      _____ NONE _____
      _____

I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. § 1915(e)(2)(A), the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

Date:  _JUNE 12, 2008_

_____
Signature of Applicant

_TERRENCE RICHARDS_____
(Print Name)

----------------------------------------------------------------------------------------------------

**NOTICE TO PRISONERS:** A prisoner must also attach a statement certified by the appropriate institutional officer or officers showing all receipts, expenditures and balances during the last six months in the prisoner's prison or jail trust fund accounts. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account--prepared by each institution where you have been in custody during that six-month period--and you must also have the Certificate below completed by an authorized officer at each institution.

**CERTIFICATE**
**(Incarcerated applicants only)**
**(To be completed by the institution of incarceration)**

I certify that the applicant named herein, _____, I.D.#_____, has the sum of

$_____ on account to his/her credit at (name of institution)_____.

I further certify that the applicant has the following securities to his/her credit:_____. I further

certify that during the past six months the applicant's average monthly deposit was $_____.

(Add all deposits from all sources and then divide by number of months).

_____              _____
          DATE                                    SIGNATURE OF AUTHORIZED OFFICER

                                       _____
                                                      (Print name)

rev. 10/10/2007

1909

# Social Security Administration
# Retirement, Survivors, and Disability Insurance
## Notice of Award

TERRY B RICHARDS
1402 CAROL CT
APT 1B
PALATINE IL 60074-3053

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland  21241
Date:  June 14, 2006
Claim Number:  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HA

We are writing to let you know that you are entitled to monthly
disability benefits from Social Security beginning September 2004.

**What We Will Pay**

We are paying you beginning June 2006.

- You will receive $1,797.00, which is the money
  you are due for June 2006.

- After that, you will receive $1,797.00 each month.

We are withholding your Social Security benefits for September 2004
through May 2006. We may have to reduce these benefits if you
receive Supplemental Security Income (SSI) for this period.  When we
decide whether or not we have to reduce your Social Security
benefits, we will send you another letter.  We will pay you any
Social Security benefits you are due for this period.

**Your Benefits**

The following chart shows your benefit amount(s) before any
deductions or rounding.  The amount you actually receive may differ
from your full benefit amount.  When we figure how much to pay you,
we must deduct certain amounts, such as Medicare premiums and
worker's compensation offset.  We must also round down to the nearest
dollar.

| Beginning Date | Benefit Amount | Reason |
|---|---|---|

ENCLOSURES:
PUB. NO. 05-10153  PUB. NO. 05-10058
C                              SEE NEXT PAGE

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HA                                        1989

| September 2004 | $1680.10 | Entitlement began |
| December 2004 | $1725.40 | Cost-of-living adjustment |
| January 2005 | $1727.00 | Credit for additional earnings |
| December 2005 | $1797.80 | Cost-of-living adjustment |

## Other Social Security Benefits

The benefits described in this letter are the only ones you can
receive from Social Security. If you think that you might qualify
for another kind of Social Security benefit in the future, you will
have to file another application.

## Your Responsibilities

The decisions we made on your claim are based on information you gave
us. If this information changes, it could affect your benefits. For
this reason, it is important that you report changes to us right away.
We have enclosed a pamphlet, "When You Get Social Security Disability
Benefits...What You Need to Know". It will tell you what must be
reported and how to report. Be sure to read the parts of the
pamphlet which explain what to do if you go to work or if your health
improves.

## Things To Remember

Doctors and other trained staff decided that you are disabled
under our rules. But, this decision must be reviewed at least
once every 3 years. We will send you a letter before we start
the review. Based on that review, your benefits will continue
if you are still disabled, but will end if you are no longer
disabled.

## Do You Think We Are Wrong?

If you disagree with this decision, you have the right to appeal. We
will review your case and consider any new facts you have. A person
who did not make the first decision will decide your case. We will
correct any mistakes. We will review those parts of the decision
which you believe are wrong and will look at any new facts you have.
We may also review those parts which you believe are correct and may
make them unfavorable or less favorable to you.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We
  assume you got this letter 5 days after the date on it
  unless you show us that you did not get it within the 5-day
  period.

C                          SEE NEXT PAGE

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HA                                                                1909

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing.  We will ask you to sign a form SSA-561-U2, called "Request for Reconsideration".  Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your right to Question the Decision Made on Your Social Security Claim".  It contains more information about the appeal.

### If You Want Help With Your Appeal

You can have a friend, lawyer or someone else help you.  There are groups that can help you find a lawyer or give you free legal services if you qualify.  There are also lawyers who do not charge unless you win your appeal.  Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know.  If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

### If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll free at 1-800-772-1213, or call your local Social Security office at 1-847-222-1877.  We can answer most questions over the phone.  If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office.  The office that serves your area is located at:

               SOCIAL SECURITY
               215 SOUTH ELMHURST RD
               PROSPECT HEIGHTS IL  60070

If you do call or visit an office, please have this letter with you.  It will help us answer your questions.  Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

*Jo Anne B. Barnhart*

Jo Anne B. Barnhart
Commissioner
of Social Security

C

SOCIAL SECURITY ADMINISTRATION

Date: June 11, 2008
Claim Number: 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A
                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DI

TERRY B RICHARDS
1402 CAROL CT
APT 1B
PALATINE IL 60074-3053

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

Information About Current Social Security Benefits

   Beginning February 2007, the full monthly
   Social Security benefit before any deductions is......$ 0.00

      We deduct $0.00 for medical insurance premiums each month.

   The regular monthly Social Security payment is........$ 0.00
   (We must round down to the whole dollar.)

   Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

   Your Social Security benefits are paid on or about the fourth Wednesday of each month.

   Benefits were suspended beginning February 2007.

Other Important Information

   PLEASE ASSIST MR RICHARDS IN FILING FOR A MEDICAL UNTIL HIS SSA BENEFITS AND MEDICARE ARE REINSTATED THIS SHOULD BE RESOLVE WITHIN THE NEXT FEW WEEKS

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT COURT

OF ILLINOIS - WESTERN

IN RE

TERRENCE BRUCE RICHARDS     ) CASE NUMBER 03 B 71403

)

)

## ORDER

PLAINTIFF, TERRENCE BRUCE RICHARDS HAS SUBMITTED

A REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS

SINCE IT APPEARS THAT HE IS UNABLE TO PAY

THE COSTS FOR COMMENCEMENT OF SUIT, THE

FOLLOWING ORDER IS ENTERED ON JULY 9TH, 2008

IT IS HEREBY ORDERED, THAT PLAINTIFF'S MOTION

FOR LEAVE TO PROCEED IN FORMA PAUPERIS

IS GRANTED

HONORABLE JUDGE BARBOSA

IN RE                                      (

  TERENCE BRUCE RICHARDS     |     CASE # 03 B 71405

                                           |


## SUPPLEMENTAL MEMORANDUM

THE PLAINTIFF FILES THIS MOTION FOR LEAVE TO APPEAL
IN FORMA PAUPERIS. ON, JUNE 4TH, 2008, THE BANKRUPTCY
JUDGE BARBOSA, WHO STOLE OVER $100,000.00 DOLLARS FROM
THE PLAINTIFF, AND WILLFULLY AND WANTONLY GAVE THE
FUNDS TO A CRIMINAL, MAKING HIM, AS CULPABLE AS
THE CRIMINAL HIMSELF. JUDGE BARBOSA, BELIEVES THAT
ONE MAN SHOULD BE ABLE TO BUILD THEIR LIFE, AT
THE EXPENSE OF ANOTHER MAN.


JUDGE BARBOSA DENIED THE PLAINTIFF'S MOTION ON
THE GROUNDS THAT IT IS TAKEN IN BAD FAITH. WHICH
MAKES HIM A JUDGE WITH THE ABILITY TO SAY ONE THING
AND THEN TURN AROUND, AND SAY ANOTHER. FOR EXAMPLE,
ON MAY 8TH, 2004, JUDGE BARBOSA DENIED THE PLAINTIFF'S
MOTION TO BE HEARD, TO GIVE JUDGE BARBOSA KNOWLEDGE
OF THE CONTEXT OF THE ISSUE AT HAND. HOWEVER JUDGE BARBOSA
TOLD THE PLAINTIFF TO SHUT UP AND TO KEEP QUIT
BY MOOTING THE PLAINTIFF'S MOTION. THAT THE PLAINTIFF'S
MOTION BE MOOTED, (NO RIGHT TO SPEAK), AND NOW HE
STATES THAT THE PLAINTIFF IS ACTING IN BAD FAITH,
AND WITH NO HEART.

(DEBTOR)

JUDGE BARBOSA BELIEVES THAT THE PLAINTIFF SHOULD SUFFER AT THE HANDS OF THE CRIMINAL DONALD WARRINGTON, AND SHOULD NOT HAVE HIS PROPERTY RETURNED. THIS MAKES JUDGE BARBOSA AS MUCH OF A CRIMINAL AS THE CRIMINAL HIMSELF. JUDGE BARBOSA LOVES TERRORIZING AND TORTURING THE PLAINTIFF (DEBTOR), AND WATCHING HIM SUFFER WITHOUT THE POSSESSION OF HIS PROPERTY.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT COURT
OF ILLINOIS — WESTERN

In Re:                                          )
                                                ) Case Number 03 B 71403
        Terence Bruce Richards                  )
                                                )

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR 'LEAVE TO
APPEAL IN FORMA PAUPERIS'

    Under the federal in forma pauperis statute, any court of the United

States may authorize the commencement, prosecution, or defense of any suit,

action, or proceeding, civil or criminal, or appeal therein, without prepayment

of fees or security for the fees, by a person who submits an affidavit, that

includes a statement of all assets such person possesses, that the person

is unable to pay the fees or give security. 28 U.S.C. 1915(a)(1).

    The federal in forma pauperis statute is designed to provide access to

the federal courts to indigent litigants. Its purpose is to allow qualified

litigants to proceed without having to advance the fees and costs

associated with litigation. De Blasio VS. Gilmore 315 F.3d 396 (4th Cir. 2003).

    The in forma pauperis statute generally applies to all persons applying

for in forma pauperis status, not just prisoners.

    By its terms, the informa pauperis refers to suits, actions, or

proceedings in a court of the United States.

    The Supreme Court in Lowes of Virginia Inc. Vs. Thomas 60 B.R. 418

(W.D. Va. 1986). has upheld the constitutionality of denying a debtor

the privilege of commencing a bankruptcy case in forma pauperis. In forma

pauperis is now recognized in an amendment to 28 U.S.C.A. 1930(f), thus

permitting the bankruptcy court or district Court to waive filing fees

in appropriate Chapter 7 cases. Filing fees, may be waived for an individual

if the court determines that such individual has income less than 150%
of the official poverty line applicable to a family of teh size involved
and is unable to pay that fee in installments. "Filing fee" means the filing
fee to file a bankruptcy case, or any other fee prescribed by the Judicial
Conference under 28 U.S.C. ;1930(h), (c) that is payable to the clerk
upon the commencement of a case.


Terence Bruce Richards

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY X 2 2008

KENNETH S. GARDNER, CLERK

BY_____
DEPUTY CLERK

08 C 50 1 48

TO       CLERK OF NORTHERN DISTRICT OF ILLINOIS

         211 SOUTH COURT STREET

         ~~CHICAGO~~ ROCKFORD, ILLINOIS 61101

FROM   TERENCE DRENCE RICHARDS

       105 SOUTH ASHLAND AVE

       CHICAGO, ILLINOIS 60607

RE   FILING

     THE ATTACHED MOTION IS FOR A NEW FILING
OF APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
I DON'T HAVE THE CASE NUMBER YET, BUT THE BANKRUPTCY CASE NUMBER
IS 03871403

                    Thank You
                    Terrence Brince Richards

| | |
|---|---|
| TERENCE BRUCE RICHARDS<br>PLAINTIFF | APPEAL FROM THE UNITED STATES<br>BANKRUPTCY COURT<br><br>CASE # 03 B 71403 |
| VS. | CASE NUMBER |
| JAMES E. STEVENS<br>DEFENDANT | |

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 11 2008

KENNETH S. GARDNER, CLERK

BY

DEPUTY CLERK

MOTION FOR EXTENSION OF TIME
TO FILE THE APPELLATE BRIEF AND PAY DOCKETING
FEES

1) THE PLAINTIFF IS CURRENTLY RESIDING AT THE SALVATION ARMY
CORRECTIONAL CENTER, CHICAGO ILLINOIS 60607, AWAITING HIS
SOCIAL SECURITY DISABILITY PAYMENTS.

2.) THE DEFENDANT, JAMES E. STEVENS AIDED AND ABETTED A
CRIMINAL FELON IN STEALING OVER $100,000.00 DOLLARS
FROM THE PLAINTIFF-DEBTOR

3) THE BANKRUPTCY JUDGE MANUAL BARBOSA, AN ADDITIONAL
ACCOMPALISH IN THE CRIMINAL-THEFT HAS
BEEN TORTURING, THREATENING, AND MISLEADING THE
PLAINTIFF FROM BRINGING HIS CLAIMS AND EXERCISING
HIS CONSTITUTIONAL RIGHTS.

4.) THE PLAINTIFF ATTEMPTED TO FILE HIS SUITS STARTING IN EARLY 2007, AND JUDGE MANUAL BARBOSA HAS DONE EVERYTHING HIS CRIMINAL POWER TO DIVERT THE TRUTH FROM BECOME KNOWN.

5.) THE PLAINTIFF HAS RECEIVED THREAT LETTERS FROM JUDGE MANUAL BARBOSA DATED JUNE 4TH, 2008, A COPY OF THIS THREATENING LETTER CAN BE FOUND UNDER CASE 03 B71403, DATED JUNE 4TH, 2008 ENTITLED ORDER DENYING THE PLAINTIFF'S MOTION'S TO REOPEN ESTATE

THE PLAINTIFF HAS GROWN IMMUNE TO JUDGE BARBOSA'S CRIMINAL TACTICS AND THREATS.

6.) THE ORDER WAS IN RESPONSE TO AN APPEAL FROM CASE 07C50183, IN WHICH THE OUTCOME, IN A NUTSHELL, IS THAT THERE IS NO ABUSE OF DISCREATION, WHEN THERE IS NOTHING IN THE RECORD TO REVIEW

7.) THE PLAINTIFF FILED CASE NUMBERS 07C1732 AND 07C2656 IN WHICH THEY WERE DENYIED BECAUSE THE STATUTE OF LIMITATIONS HAS ALLEGEDLY EXPIRED.

8.) THE PLAINTIFF PROFFERS THE FOLLOWING:

THE PLAINTIFF FILED A MOTION ON APRIL 28TH, 2004
FOR HIM TO HAVE A CHANCE TO BE HEARD
BEFORE HE WAS MALICIOUSLY PROSECUTED BY
WAUKEGAN POLICE DEPARTMENT, DETECTIVE
SZVCHNICKI, SEE CASE 07C2656 (SEE ATTACHMENTS)

THE PLAINTIFF WAS UNDER DURESS FROM
THE THIRD PARTY, DONALD JAMES AARINGTON
THREATENING BODILY HARM, IF THE ~~PLAINTIFF~~ DEFENDANT
WARRINGTON WAS ARRESTED FOR THE BENCH WARRANT
DURING THE TIME FRAME OF JANUARY 15TH, 2004
THROUGH MAY 2004.

THE THIRD PARTY ALSO INFORMED THE PLAINTIFF,
IF HE HAD NO INTENTIONS OF REPAYING THE
PLAINTIFF HIS STOLEN PROPERTY [SEE ATTACHED.]

9.) THE CRIMINAL BANKRUPTCY JUDGE MANUAL BARBOSA
FAILED TO LISTEN TO THE PLAINTIFF'S CRY FOR
HELP, AND MOOTED THE ISSUE, THEREAFTER
ABANDONED STOLEN PROPERTY IN CONTRAVENTION
OF STATE LAW, WITH THE INTENT TO
PERMANENTLY DEPRIVE THE PLAINTIFF OF HIS
STOLEN FUNDS

10.) THE PLAINTIFF WOULD LIKE TO REQUEST AN EXTENSION
OF TIME TO GIVE HIS BRIEF. HE WOULD LIKE TO
PAY THE COST OF LITIGATION BEFORE FILING HIS
BRIEF.

11.) THE PLAINTIFF WOULD ALSO LIKE THE EXTENSION, SO HE
CAN MAKE A PROFESSIONAL LOOKING BRIEF.

THEREFORE, THE PLAINTIFF MOVES FOR EXTENSION OF
TIME TO FILE HIS BRIEF AND PAY THE DOCKETING FEE.

PROOF OF SERVICE

I, TERENCE BRUCE RICHARDS, HEREBY SWEAR WDER PENALTY
OF PERSURY THAT I HAVE SERVED THE FOLLOWING
DOCUMENTS ON JAMES E STEVENS 6833 STALTER DRIVE
RUCKFORD, ILLINOIS 61107 BY DEPOSITING A TRUE AND
CORRECT COPY IN THE MAIL AT 105 SOUTH ASHLAND AVE
CHICAGO, ILLINOIS 60607.

*Terence Bruce Richards*

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | In Bankruptcy Under Chapter 7 |
| ) | |
| TERENCE BRUCE RICHARDS, ) | Case No. 03-B-71403 |
| Debtors. ) | |
| -------------------------------------------------- ) | |
| JAMES E. STEVENS, as Trustee, ) | |
| Plaintiff, ) | |
| vs. ) | Adversary Case No. 03-A-7063 |
| DONALD HARRINGTON, ) | |
| Defendant. ) | |

## NOTICE OF MOTION FOR ISSUANCE OF A BENCH WARRANT

James E. Stevens has filed papers with the Court for a Motion for Issuance of a Bench Warrant against Donald Harrington.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion and want the Court to consider your views on said Motion, then you or your attorney must:

1. File a written response to the above Motion on or before the date set for the hearing on the Motion at the United States Bankruptcy Court, 211 South Court Street, Rockford, IL 61101; OR,
2. Attend the hearing scheduled to be held on **February 9, 2004 at 10:00 A.M.** at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South Court Street, Rockford, IL 61101.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

You must also mail a copy to:  ATTORNEY JAMES E. STEVENS
BARRICK, SWITZER, LONG,
BALSLEY & VAN EVERA
One Madison Street
Rockford, IL 61104

If you file a response, attend the hearing on the Motion, scheduled to be held on **February 9, 2004 at 10:00 A.M.** at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South Court Street, Rockford, IL 61101.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion and grant the same.

Dated: January 15, 2004

_____
ATTORNEY JAMES E. STEVENS

STATE OF ILLINOIS      )
                         ) SS.   **PROOF OF SERVICE**

COUNTY OF WINNEBAGO   )

The undersigned, being first duly sworn on oath, deposes and says that she

served the within document upon:

Terence B. Richards                   Donald Harrington
2408 Aspen Drive                     19 North Jackson
Woodstock, IL 60098               Waukegan, IL 60085

U. S. Trustee's Office
780 Regent Street, Suite 304
Madison, WI 53715

by placing a true and correct copy of said document in an envelope, each addressed as

is shown above by regular mail.

That she sealed said envelopes and placed sufficient U.S. postage on each; that

she deposited said envelopes so sealed and stamped in the United States Mail at

Rockford, Illinois, at or about the hour of 5:00 o'clock P.M. on the _15th_ day of January,

2004.

_Nancy L. Hughton_

Subscribed and sworn to before

me this _15th_ day of January, 2004.

_Susan M. Coffman_
NOTARY PUBLIC

"OFFICIAL SEAL"
SUSAN M. COFFMAN
Notary Public, State of Illinois
My Commission Expires 10/11/04

L:\steph\TRUSTEE\Richards\bw notice.DOC

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE:                                    )
                                          )       IN BANKRUPTCY
TERENCE BRUCE RICHARDS,                   )       Case No. 03 B 71403
                                          )
       Debtor.                            )
------------------------------------------)
JAMES E. STEVENS, as Trustee,             )
                                          )       Adversary Case No. 03 A 7063
       Plaintiff,                         )
                                          )
vs.                                       )
                                          )
DONALD HARRINGTON,                        )
                                          )
       Defendant.                         )

## MOTION FOR ISSUANCE OF A BENCH WARRANT

**NOW COMES** the Plaintiff, James E. Stevens, by his attorneys, Barrick,
Switzer, Long, Balsley & Van Evera, and moves this Court for the issuance of a
Bench Warrant for the Defendant, DONALD HARRINGTON, for the reasons as
set forth as follows:

1. That on the 30th day of July, 2003, a Judgment Order was entered in
favor of the Plaintiff and against DONALD HARRINGTON in the amount of
$36,882.54 plus a turnover of certain items listed in Exhibit "A" attached to said
Order. A copy of said Order is attached hereto and marked as Exhibit "A".

2. The Plaintiff, JAMES E. STEVENS, did set a Citation to Discover
Assets against the Defendant, DONALD HARRINGTON, on September 24,
2003.

3. The Defendant, DONALD HARRINGTON, failed to appear at this
Citation hearing. The Plaintiff reset same until the 20th day of October, 2003.

4. The Defendant failed to appear at the reset Citation to Discover Assets on October 20, 2003.

5. The Plaintiff, JAMES E. STEVENS, filed a Rule to Show Cause against the Defendant, DONALD HARRINGTON, setting it on November 17, 2003. The Defendant, DONALD HARRINGTON, failed to appear at this hearing.

6. The Court on the 17th day of November, 2003 did enter a Rule to Show Cause against the Defendant for his willful failure to appear at previously scheduled Citation to Discover Assets returnable on December 1, 2003.

6. Based upon the Plaintiff's Rule to Show Cause, the Court entered an Order on the 29th day of December, 2003, with the Defendant present wherein the Defendant, DONALD HARRINGTON, was Ordered to turn over to the Plaintiff on or before January 10, 2004 the following items:

a) 1992 BMW 535 Automobile and title;

b) 2 years of bank records from National City Bank for all accounts of Donald Harrington;

c) 2 cell phones;

d) Tires and rims held at Waukegan Tire;

e) carpeting from mobile home and

f) stereo from wife's auto.

7. The Defendant, DONALD HARRINGTON, failed to comply with said Order to turn over the above items pursuant to the Court Order of December 29, 2003.

NOW, THEREFORE, the Plaintiff, JAMES E. STEVENS, prays that this Court issue a Warrant for the Arrest of the Defendant, DONALD

HARRINGTON, for his willful failure to abide by the Orders entered by this

Court and for such other and further relief as the Court deems just.


JAMES E. STEVENS, Trustee of the Estate
of Terence Bruce Richards, Plaintiff

BY: _____
       JAMES E. STEVENS, his attorney


BARRICK, SWITZER, LONG,
 BALSLEY & VAN EVERA
JAMES E. STEVENS
One Madison Street
Rockford, Illinois  61104
815-962-6611
L:\steph\TRUSTEE\Richards\bench warrant.mtn.doc

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE:                    )      In Bankruptcy Under Chapter 7

                          )

TERENCE BRUCE RICHARDS,    )      Case No. 03-B-71403
   Debtors.                )

--------------------------------------------------- )

JAMES E. STEVENS, as Trustee,   )
   Plaintiff,              )

vs.                     )      Adversary Case No. 03-A-7063

DONALD HARRINGTON,       )
   Defendant.            )

## NOTICE OF MOTION FOR ISSUANCE OF A BENCH WARRANT

James E. Stevens has filed papers with the Court for a Motion for Issuance of a Bench Warrant against Donald Harrington.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion and want the Court to consider your views on said Motion, then you or your attorney must:

1.    File a written response to the above Motion on or before the date set for the hearing on the Motion at the United States Bankruptcy Court, 211 South Court Street, Rockford, IL 61101; OR,
2.    Attend the hearing scheduled to be held on **April 19, 2004 at 10:00 A.M.** at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South Court Street, Rockford, IL 61101.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

You must also mail a copy to:      ATTORNEY JAMES E. STEVENS
                                    BARRICK, SWITZER, LONG,
                                    BALSLEY & VAN EVERA
                                    One Madison Street
                                    Rockford, IL 61104

If you file a response, attend the hearing on the Motion, scheduled to be held on **April 19, 2004 at 10:00 A.M.** at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South Court Street, Rockford, IL 61101.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion and grant the same.

Dated: April 14, 2004

                                       ATTORNEY JAMES E. STEVENS

STATE OF ILLINOIS      )
                       ) SS.     **PROOF OF SERVICE**

COUNTY OF WINNEBAGO   )


Susan M. Coffman, being first duly sworn on oath, deposes and says that she

served a copy of foregoing document upon:

> Donald Harrington
> 19 North Jackson
> Waukegan, IL 60085

by placing a true and correct copy of said document in an envelope, addressed as is

shown above.

That she sealed said envelope and placed sufficient U.S. postage on the same; that

she deposited said envelope so sealed and stamped in the United States Mail at Rockford,

Illinois, at or about the hour of 5:00 o'clock P.M. on the 14th day of April, 2004.


*Susan M Coffman*


Subscribed and sworn to before
me this 14th day of April, 2004.


*Darlene M Johnson*
NOTARY PUBLIC

OFFICIAL SEAL
DARLENE M JOHNSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 08/30/05

James E. Stevens
Barrick, Switzer, Long, Balsley & Van Evera
One South Madison Street
Rockford, IL 61110-7109
(815) 962-6611

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Bankruptcy Under Chapter 7 |
| | ) | |
| TERENCE BRUCE RICHARDS, | ) | Case No. 03-B-71403 |
|    Debtors. | ) | |
| ------------------------------------------- | ) | |
| JAMES E. STEVENS, as Trustee, | ) | |
|    Plaintiff, | ) | |
| vs. | ) | Adversary Case No. 03-A-7063 |
| DONALD HARRINGTON, | ) | |
|    Defendant. | ) | **ORDER FOR ISSUANCE OF BENCH WARRANT** |
| | ) | |

THIS MATTER coming on to be heard on the _19 th_ day of April, 2004, on

the Trustee's Motion for Issuance of a Bench Warrant against Donald Harrington,

and the Court being fully advised in the premises;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that a Bench Warrant

shall issue for Donald Harrington immediately.

ENTERED this _19 th_ day of _____ _April_, 2004.

JUDGE MANUEL BARBOSA

BARRICK, SWITZER, LONG,
 BALSLEY & VAN EVERA
BY: JAMES E. STEVENS (26)
ONE MADISON STREET
ROCKFORD, IL 61104
(815) 962-6611
L:\steph\TRUSTEE\Richards\7063 adversary\order for bench warrant.doc

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) In Bankruptcy Under Chapter |
| | ) |
| TERENCE BRUCE RICHARDS, | ) Case No. 03-B-71403 |
|     Debtors, | ) |
| ---------------------------------------------------------) | |
| JAMES E. STEVENS, as Trustee, | )   Adversary Case No. 03-A-7063 |
|     Plaintiff, | ) |
| Vs. | ) |
| DONALD JAMES HARRINGTON, | ) |
|     Defendant. | ) |

## **NOTICE OF MOTION**

Terence B. Richards has filed papers with the Court for a Motion to be Heard.

Your rights may be affected. You should read these papers carefully and discuss them
with your attorney, if you have one in this bankruptcy case. (If you do not have an
attorney, you may wish to consult one.)

A hearing is on the Motion is scheduled to be heard on **MAY 3rd , 2004 at 10:00 A.M.**,
at the United States Bankruptcy Court, Federal Building, Courtroom 115, 211 South
Court Street, Rockford, IL 61101

If you or your attorney do not take these steps, the Court may decide that you do not
oppose the Motion and grant the same.

    Dated: April 28, 2004

DEBTOR, Terence Bruce Richards

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) In Bankruptcy Under Chapter 7 |
| | ) |
| TERENCE BRUCE RICHARDS, | ) Case No. 03-B-71403 |
|     Debtors, | ) |
| -------------------------------------------------- ) | |
| JAMES E. STEVENS, as Trustee, | ) Adversary Case No. 03-A-7063 |
|     Plaintiff, | ) |
| Vs. | ) |
| DONALD JAMES HARRINGTON, | ) |
|     Defendant. | ) |

## MOTION

**NOW COMES** the Debtor, Terence B. Richards, by his own representation, moves to be heard by the Court as follows:

1.) On April 14th, 2004 a motion for a Bench Warrant was set to be heard.

2.) On April 14th, 2004, the Defendant, Donald James Harrington failed to appear, due to an alleged scheduling conflict with his Criminal Case # 04CF725 in the Lake County Courthouse.

3.) He requested the Debtor, Terence B. Richards to speak in his behalf, that he had to be in the Criminal Case on the same date.

4.) The Debtor, Terence B. Richards spoke in behalf that the Defendant Donald James that the Defendant could not be present.

    5.) The Court granted the Defendant, Donald James Harrington relief from the Bench Warrant.

    6.) Since then, the Debtor, has found evidence, that the Defendant Donald James Harrington, could have been in the Court room on April 14th, 2004, that indeed there was no scheduling conflict on April 14th, 2004. The Defendant's criminal court date was in fact on April 15th, 2004 based on the Criminal Case Docket Calendar. See Exhibit A.

**THEREFORE**, the Debtor, Terence B. Richards wishes to have the Court understand he was not in any attempt wishing to commit perjury on the behalf of the Defendant, Donald James Harrington.

*EXHIBIT 'A'*

SD02 MQ                          MINUTES QUERY                        04/22/2004

CASE# 04CF00000725 FILED 02/25/2004  STATUS AC STATUS DATE 02/25/2004
TITLE PEOPLE VS HARRINGTON                     ARREST AGENCY WKGN BRANCH CE

DATE: 05/28/2004 TIME: 09:00A ROOM: C201  CALNDR: TLC NOTE: JURY

    EVENTS:
        JURY TRIAL                              SET

DATE: 05/17/2004 TIME: 09:00A ROOM: C201  CALNDR: CRM NOTE: PRE-TRIAL

    EVENTS:
        PRE-TRIAL                               SET

DATE: 04/15/2004 TIME: 10:10A ROOM: C201  CALNDR: CRM NOTE:

    PRESENT:
        BOORAS, JAMES K.                PRESIDING JUDGE
        LIGENZA, MARIANNE               COURT REPORTER
        KLEINHUBERT, DANIEL J.          STATE'S ATTORNEY
        SHAFFER, MARTIN L.              PUBLIC DEFENDER
        HARRINGTON, DONALD J.           DEFENDANT

    EVENTS:
        BOND FOREFEITURE VACATED                 YES PRESENT
        QUASH WARRANT                            YES PRESENT
        ARRAIGNMENT                              YES PRESENT
        NOT GUILTY PLEA                          YES PRESENT
        SET PRE-TRIAL DATE                       YES PRESENT
          ALL PRE-TRIAL MOTIONS TO BE FILED WITHIN 21 DAYS
        SET JURY TRIAL DATE                      YES PRESENT
        RECIPROCAL DISCOVERY ORDERED             YES PRESENT
        RELEASED ON CONTINUED BOND               YES PRESENT

DATE: 04/15/2004 TIME: 09:00A ROOM: C201  CALNDR: CRM NOTE: ARRG

    PRESENT:
        BOORAS, JAMES K.                PRESIDING JUDGE
        LIGENZA, MARIANNE               COURT REPORTER
        KLEINHUBERT, DANIEL J.          STATE'S ATTORNEY

    EVENTS:
        ARRAIGNMENT                              STRICKEN ABSENT
        BOND FORFEITURE                          YES ABSENT
        ISSUE WARRANT                            YES ABSENT
          BOND SET IN THE AMOUNT OF $75,000.00
        JUDGMENT ON BOND FORFEITURE              YES ABSENT

DATE: 03/16/2004 TIME: 01:30P ROOM: C120  CALNDR: CRM NOTE:

    PRESENT:
        MARTIN, VICTORIA L.             PRESIDING JUDGE

MINUTES QUERY                    04/22/2004

CASE# 04CF00000725 FILED 02/25/2004   STATUS AC STATUS DATE 02/25/2004
TITLE PEOPLE VS HARRINGTON                ARREST AGENCY WKGN BRANCH CE

          HAXALL, BOLLING W.            STATE'S ATTORNEY
          SIMMONS, MICHAEL E.           PUBLIC DEFENDER
          HARRINGTON, DONALD J.         DEFENDANT

     EVENTS:
          STATUS                                   YES PRESENT
             OF PRELIMINARY EHARING
          FILE INFORMATION                         YES PRESENT
          WAIVE PRELIMINARY HEARING                YES PRESENT
          BOUND OVER TO THE GRAND JURY             YES PRESENT
          SET ARRAIGNMENT DATE                     YES PRESENT
          RELEASED ON CONTINUED BOND               YES PRESENT

   DATE: 02/25/2004 TIME: 09:00A ROOM: C120  CALNDR: CRM NOTE:

          PRESENT:
          MARTIN, VICTORIA L.           PRESIDING JUDGE
          KRAUSE, BRADFORD S.           STATE'S ATTORNEY
          LEBOEUF, LISA                 PUBLIC DEFENDER
          HARRINGTON, DONALD J.         DEFENDANT

     EVENTS:
          DEF PRESENT IN CUSTODY                   YES PRESENT
             WAUKEGAN POLICE DEPARTMENT
          APPOINT PUBLIC DEFENDER                  YES PRESENT
          BOND HEARING                             YES PRESENT
          GERSTEIN HEARING                         YES PRESENT
          BOND SET                                 YES PRESENT
             10% OF $4,000.00
          SET STATUS DATE                          YES PRESENT
          FILE DEMAND FOR SPEEDY TRIAL             YES PRESENT
          REMAND                                   YES PRESENT

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

HONORABLE MANUEL BARBOSA          Hearing Date:_____

Bankruptcy Case No.___03 B 71403____ Adversary No.__03 A 7063_____

Title of Cause:_____ James Stevens, Trustee v._____

_____ Donald Harrington_____

Brief Statement
of Motion:_____ Motion of Terrence B. Richards_____

_____

Name and Addresses
of moving counsel:_____

_____

_____

Representing:_____

## ORDER

_____

_____IT IS HEREBY ORDERED that the Terrence B. Richards'_____

_____Motion is stricken as moot._____

_____

_____

_____

_____

_____

MAY - 4 2004

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) In Bankruptcy Under Chapter 7 |
| | ) |
| TERENCE BRUCE RICHARDS | ) Case No. 03-B-71403 |
|    Debtor, | ) |
| ---------------------------------------------------) | |
| JAMES E. STEVENS, as Trustee, | ) Adversary Case No. 03-A-7065 |
|    Plaintiff, | ) |
| Vs. | ) |
| DONALD JAMES HARRINGTON, | ) |
|    Defendant. | ) |

## **AFFIDAVIT**

**NOW COMES** the Debtor, Terence B. Richards, by his own representation, moves to be heard by the Court as follows:

1. On July 28th, 2003, the Defendant Donald James Harrington was ordered by the Honorable Judge Manual Barbosa to turnover to the Bankruptcy Trustee James E. Stevens a list of merchandise including a 1992 BMW 535i vehicle.

2. On December 29th, 2003 the Defendant Donald James Harrington, was once again ordered by the court to return the 1992 535i BMW. See Exhibit 'A'

3. On February 9th, 2004, the Honorable Judge requested information from the Defendant as to the disposition of the 1992 535i BMW. The defendant informed the Bankruptcy court that the 1992 535i BMW was repossessed by American Title Loan Company of Kenosha Wisconsin due to an outstanding loan with the title loan company.

4. On February 9th, 2004, the Honorable Judge ordered the Defendant to produce such documentation relating to the loan and repossession of the such 1992 535i BMW. See Exhibit 'B'. Where the Defendant had countersigned the court order acknowledging his receipt of such order.

5. During the month of March 2004, the defendant informed the Court that the vehicle was not in fact repossessed, by sold to his brother-in-law for $4,000.00 dollars. At such time, the Defendant was asked to produce the Bill of Sale to his brother-in-law on April 14th, 2004.

6. On April 14th, 2004, the Defendant failed to appear before the Court.

7. On April 28, 2004, the Defendant was once again to produce the Bill of Sale.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) In Bankruptcy Under Chapter |
| | ) |
| TERENCE BRUCE RICHARDS | ) Case No. 03-B-71403 |
| Debtor, | ) |
| ------------------------------------------------------- | ) |
| JAMES E. STEVENS, as Trustee, | ) Adversary Case No. 03-A-7063 |
| Plaintiff, | ) |
| Vs. | ) |
| DONALD JAMES HARRINGTON, | ) |
| Defendant. | ) |

## AFFIDAVIT

1. On December 29th, 2003, the Defendant Donald James Harrington, was ordered to produce bank statements for of his financial accounts. See Exhibit 'A'

2. On February 9th, 2004, the Defendant claimed that National City Bank has denied such request. That the records are unavailable. See Exhibit 'B'.

3. On April 28, 2004, the Defendant informed the Court that such request will take about 3 weeks to produce such records.

4. During this period of time, the Defendant, Donald James Harrington, has informed the Debtor, Terence Bruce Richards, that the Federal government could kiss his Royal Ass, and that he has no interest in producing such documentation, or paying the Bankruptcy court, or the Debtor any of the funds that were stolen from the Debtor.





THERESE BRUCE RICHARDS
1402 CARLE COURT APT # 18
PALATINE, ILLINOIS 60873

CLERK OF
NORTHERN ILLINOIS BANKRUPTCY COURT
211 SOUTH COURT STREET
ROCKFORD, ILLINOIS 61101

RECEIVED
JUN 11 2008
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS