**FILED**
AUG 1 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Terence Bruce Richards ) | |
|     Plaintiff ) | |
| ) | Case Number 08 CV 50148 |
| Vs. ) | |
| ) | District Judge: Philip G. Reinhard |
| James E. Stevens ) | |
|     Defendant(s) ) | Magistrate Judge: P. Michael Mahoney |

## MOTION TO AMEND JURISDICTIONAL STATEMENT

**Now Comes,** Terence Bruce Richards, by and through his own representation, hereby, states as follows:

1. That the Appeal was docketed in the District Court for the Northern District of Illinois – Western Division, on July 21st, 2008, by the way of bankruptcy court clerk transmittal.

2. That the Appellant, Terence Bruce Richards, filed his brief on July 30th, 2008. The Jurisdictional Statement was filed as the generic Title 28 U.S.C. §`1331, and not the specific bankruptcy jurisdictional statute Title 28 U.S.C. §1334, for bankruptcy cases the Court's jurisdictional statement is based on Title 28 U.S.C. §1334. This was merely an oversight on a pro se litigant's error. It appears that bankruptcy rules of procedure, are modeled off the higher court's rules of procedures. In that instant, Fed. R. of App. Proc. Rule 28(b)(1), states if the Appellee dissatisfied with the appellant's choice of jurisdiction, that they should correct the jurisdictional statement, in their brief.

> The appellee's brief must conform to the requirements of Rule 28(a)(1)-(9) and (11), except that none of the following need to appear unless the appellee is dissatisfied with the appellant's statement
> 　　　　(1) the jurisdictional statement;
> 　　　　(2) the statement of issues;
> 　　　　(3) the statement of the case;
> 　　　　(4) the statement of the facts; and
> 　　　　(5) the statement of the standard of review.
>
> Fed. R. App. Proc 28(b)(1)

3. That the Appellee, James E. Stevens, after reviewing the record, and pointing out where, the Appellant, is overlooking some crucial factor, will be filing his Appellee Response brief on or before, August, 20th, 2008.

4. The Appellant, Terence Bruce Richards, will be filing his reply brief by September 2nd, 2008.

**THEREFORE,** the Appellant, respectively request that this Honorable Court, consider the Fed. R. of App. Proc. 28(b)(1) in determining the status of this case.

*[signature]*

## PROOF OF SERVICE

The undersigned certifies that the original of this Motion for Status was filed with the United States District Court, and the foregoing motion was served on the parties or attorney's of record as follows:

By placing a true and correct copy in an envelope, addressed as it is indicted above, that I affixed the necessary postage, thereto, and that I deposited the same in the U.S. mail at Woodstock, Illinois this 7TH, day of August, 2008.

_____
Terence Bruce Richards
P. O. Box 3030
Chicago, Illinois 60690-3030

**(2) Page Limits.**

A motion or a response to a motion must not exceed 20 pages, exclusive of the corporate disclosure statement and accompanying documents authorized by Rule 27 (a)(2)(B), unless the court permits or directs otherwise. A reply to a response must not exceed 10 pages.

**(3) Number of Copies.**

An original and 3 copies must be filed unless the court requires a different number by local rule or by order in a particular case.

## (e) Oral Argument.

A motion will be decided without oral argument unless the court orders otherwise.

*Notes*

## Rule 28. Briefs

### (a) Appellant's Brief.

The appellant's brief must contain, under appropriate headings and in the order indicated:

(1) a corporate disclosure statement if required by Rule 26.1;

(2) a table of contents, with page references;

(3) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;

(4) a jurisdictional statement, including:

(A) the basis for the district court's or agency's subject matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(B) the basis for the court of appeals' jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(C) the filing dates establishing the timeliness of the appeal or petition for review; and

(D) an assertion that the appeal is from a final order or judgment that disposes of all parties' claims, or information establishing the court of appeals' jurisdiction on some other basis;

(5) a statement of the issues presented for review;

(6) a statement of the case briefly indicating the nature of the case, the course of proceedings, and the disposition below;

(7) a statement of facts relevant to the issues submitted for review with appropriate references to the record (see Rule 28(e));

(8) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;

(9) the argument, which must contain:

(A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(10) a short conclusion stating the precise relief sought; and

(11) the certificate of compliance, if required by Rule 32(a)(7).

### (b) Appellee's Brief.

The appellee's brief must conform to the requirements of Rule 28(a)(1)–(9) and (11), except that none of the following need appear unless the appellee is dissatisfied with the appellant's statement:

(1) the jurisdictional statement;

(2) the statement of the issues;

(3) the statement of the case;

(4) the statement of the facts; and

(5) the statement of the standard of review.

### (c) Reply Brief.

The appellant may file a brief in reply to the appellee's brief. Unless the court permits, no further briefs may be filed. A reply brief must contain a table of contents, with page references, and a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the reply brief where they are cited.

### (d) References to Parties.

In briefs and at oral argument, counsel should minimize use of the terms "appellant" and "appellee." To make briefs clear, counsel should use the parties' actual names or the designations used in the lower court or agency proceeding, or such descriptive terms as "the employee," "the injured person," "the taxpayer," "the ship," "the stevedore."

(e) References to the Record.

References to the parts of the record contained in the appendix filed with the appellant's brief must be to the pages of the appendix. If the appendix is prepared after the briefs are filed, a party referring to the record must follow one of the methods detailed in Rule 30(c). If the original record is used under Rule 30(f) and is not consecutively paginated, or if the brief refers to an unreproduced part of the record, any reference must be to the page of the original document. For example:

- Answer p. 7;

- Motion for Judgment p. 2;

- Transcript p. 231.

Only clear abbreviations may be used. A party referring to evidence whose admissibility is in controversy must cite the pages of the appendix or of the transcript at which the evidence was identified, offered, and received or rejected.

(f) Reproduction of Statutes, Rules, Regulations, etc.

If the court's determination of the issues presented requires the study of statutes, rules, regulations, etc., the relevant parts must be set out in the brief or in an addendum at the end, or may be supplied to the court in pamphlet form.

(g) [Reserved]

(h) [Reserved]

(i) Briefs in a Case Involving Multiple Appellants or Appellees.

In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief. Parties may also join in reply briefs.

(j) Citation of Supplemental Authorities.

If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations. The letter must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and must be similarly limited.

*Notes*

Rule 28.1. Cross-Appeals

(a) Applicability.

This rule applies to a case in which a cross-appeal is filed. Rules 28(a)–(c), 31(a)(1),



LII / Legal Information Institute

# U.S. Code collection

TITLE 28 > PART IV > CHAPTER 85 > § 1334

## § 1334. Bankruptcy cases and proceedings

**(a)** Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

**(b)** Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

**(c)**

**(1)** Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

**(2)** Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

**(d)** Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158 (d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

**(e)** The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—

**(1)** of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

**(2)** over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*



Search Law School    Search Cornell

LII / Legal Information Institute

# U.S. Code collection

TITLE 28 > PART IV > CHAPTER 87 > § 1408

### § 1408. Venue of cases under title 11

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

**(1)** in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

**(2)** in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*