---

## CASE NO.  08 C 50148

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

---

| | |
|---|---|
| **TERENCE BRUCE RICHARDS,** | ) |
| | ) |
| **Appellant,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **JAMES E. STEVENS,** | ) |
| | ) |
| **Appellee.** | ) |

---

### Appeal from the United States Bankruptcy Court
### for the Northern District of Illinois, Western Division
### Judge Manuel Barbosa

---

### <u>APPELLEE'S BRIEF</u>

---

**James E. Stevens**
**Charlotte A. LeClercq**
**Barrick, Switzer, Long, Balsley & Van Evera**
**6833 Stalter Drive**
**Rockford, Illinois 61108**
**(815) 962-6611**
**(815) 962-1758 (Fax)**

# <u>TABLE OF CONTENTS</u>

Table of Cases and Statutes .................................................................................................2

Jurisdictional Statement ......................................................................................................3

Statement of Issues Presented for Review and Standard of Review .........................................4

Statement of the Case...........................................................................................................5

Argument .............................................................................................................................7

    I.  The United States Bankruptcy Court for the Northern District of Illinois, Western
       Division, Did Not Abuse its Discretion in Denying Appellant's Motion to Reopen
       the Bankruptcy Estate as Appellant Failed to Establish Cause to Reopen the Estate .......7

Conclusion ...........................................................................................................................9

## <u>TABLE OF CASES AND STATUTES</u>

**<u>Cases</u>**

<u>In re Kreutzer</u>, 344 B.R. 634 (N.D. Ok. 2006) ............................................................3

<u>In re Haker</u>, 411 F.2d 568 (5th Cir. 1969) ...............................................................6

<u>In re Stephenson</u>, 19 B.R. 185 (M.D. Tenn. 1982) ...................................................6

<u>In re Daniels</u>, 163 B.R. 893 (S.D. Ga. 1994) ...........................................................2

**<u>Statutes</u>**

28 U.S.C. §158.........................................................................................................2

11 U.S.C. §350.........................................................................................................6

## <u>JURISDICTIONAL STATEMENT</u>

The United States District Court for the Northern District of Illinois, Western Division, has

jurisdiction over this appeal pursuant to 28 U.S.C. §158(a) as an appeal from a final order of the

United States Bankruptcy Court for the Northern District of Illinois, Western Division.

## <u>STATEMENT OF ISSUES PRESENTED FOR REVIEW AND</u>
## <u>STANDARD OF REVIEW</u>

I.      The United States Bankruptcy Court for the Northern District of Illinois, Western

Division, did not abuse its discretion in denying Appellant's Motion to Reopen the

bankruptcy estate as Appellant failed to establish cause to reopen the estate.

A bankruptcy court's decision not to reopen a bankruptcy under 11 U.S.C. §350(b) is

reviewed for abuse of discretion.  <u>In re Kreutzer</u>, 344 B.R. 634, 638 (N.D. Ok. 2006).

## STATEMENT OF THE CASE

Terence Bruce Richards ("Debtor") filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Western Division, on or about March 14, 2003.  On or about October 2, 2003, the Debtor was granted a Chapter 7 discharge by the Bankruptcy Court. The Chapter 7 Trustee assigned to the Debtor's case was James E. Stevens.  On or about March 9, 2004, Chapter 7 Trustee James E. Stevens ("Trustee") received a fax from Terence B. Richards, the Debtor, stating that he needed to make a confession and that he and a third party, Donald Harrington, both conspired to defraud creditors prior to obtaining his Chapter 7 discharge.  Based on the contents of that letter, the Trustee filed a Complaint to have the Debtor's discharge revoked on or about July 13, 2004.

In a hearing on the Complaint to Revoke before the Honorable Manuel Barbosa of the United States Bankruptcy Court for the Northern District of Illinois, Western Division, on January 25, 2005, the Debtor admitted that he had prepared the letter, but stated that he did not fax it to the Trustee's office.  The letter was admitted into evidence on the Trustee's motion without objection from the Debtor.  On February 9, 2005, the Honorable Manuel Barbosa issued his decision in this case with the Trustee appearing personally and the Debtor appearing telephonically.  In issuing that decision, the Court stated that "[t]he debtor's letter to the Trustee, which is Trustee's Exhibit 1, is a comprehensive admission by the Defendant with detailed clarity as to support the necessary elements for the Trustee's case."  The Court went on to note that although Mr. Richards appeared to be a victim himself in this matter as a result of the actions of a third party, Donald Harrington, the role of Mr. Harrington in this matter did not excuse Mr. Richards' conduct with respect to his creditors.  The Court stated that the "confession letter sets forth an intricate and detailed scheme consistent with the debts accumulated by the

5

debtor and reflects a calculated plan to defraud creditors."  Further, the Court determined that the Trustee was not aware of the Debtor's fraudulent activities until the Trustee received the March 2004 letter.

Based upon those determinations, the Court entered judgment in favor of the Trustee and revoked the Debtor's discharge.  The Debtor filed an appeal of that decision on or about April 13, 2005.  The United States District Court for the Northern District of Illinois, Western Division, issued an Order affirming the decision of the Bankruptcy Court revoking the Debtor's discharge on or about December 23, 2005, and judgment in the matter was entered on or about December 29, 2005.  On or about May 12, 2008, the Debtor filed a Motion to Reopen his bankruptcy case which was heard by the Honorable Manuel Barbosa of the United States Bankruptcy Court for the Northern District of Illinois, Western Division, on or about May 21, 2008.  The Bankruptcy Court denied the Debtor's Motion to Reopen in an Order dated June 4, 2008, finding that the Debtor was attempting to reopen his bankruptcy case in order to relitigate the revocation of his discharge.  The Court pointed out that reopening the Debtor's case under Section 350(b) would not grant the Debtor the relief he sought as a judgment was entered denying the Debtor a discharge.  Therefore, the Court denied the Debtor's Motion to Reopen for failure to show cause as required under Section 350(b) to reopen the bankruptcy estate.  The Debtor now seeks to appeal the Bankruptcy Court's Order denying his Motion to Reopen.

## ARGUMENT

I.    **THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION, DID NOT ABUSE ITS DISCRETION IN DENYING APPELLANT'S MOTION TO REOPEN THE BANKRUPTCY ESTATE AS APPELLANT FAILED TO ESTABLISH CAUSE TO REOPEN THE ESTATE.**

"It is elemental bankruptcy law that the granting of a petition to reopen is a matter addressed to the sound discretion of the Court, and the only reason for setting aside the judgment of the trial court is for an abuse of that discretion." In re Haker, 411 F.2d 568, 569 (5th Cir. 1969). Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). While the decision to reopen a bankruptcy estate rest completely in the bankruptcy court's discretion, "the debtor must establish a compelling reason for the court to reopen the estate." In re Stephenson, 19 B.R. 185, 187 (M.D. Tenn. 1982).

In this case the Bankruptcy Court determined, in its Order dated June 4, 2008, that what the Debtor was seeking in attempting to reopen the bankruptcy estate was to relitigate the 11 U.S.C. §727(d) adversary complaint which was brought against him by the Trustee which ultimately led to the revocation of his discharge. In fact, in the transcript of the hearing on the Motion to Reopen on May 21, 2008, the Debtor states: "What I'm asking for is to possibly get my bankruptcy discharge reinstated so I can possibly move on to studying architecture and going to John Marshall to study law and get into real estate law." See transcript of May 21, 2008 hearing attached as an exhibit to Appellant's Brief. In addition, the Debtor argues in the "Short Argument" section of his Brief that the Honorable Manuel Barbosa "abused his discretion, in denying the Plaintiff-Debtor an opportunity to reopen his bankruptcy case under Title 11 U.S.C. §350(b), to modify the bankruptcy discharge injunction under Title 11 U.S.C. §727." The

Bankruptcy Court determined that reopening the bankruptcy estate under Section 350(b) would not accord the Debtor the relief he sought and therefore denied the Motion to Reopen.

The Bankruptcy Court did not abuse its discretion in making this determination as reopening the bankruptcy estate would not permit the Debtor to relitigate the revocation of his discharge. In order to do so, the Debtor would have to have the judgment of the Bankruptcy Court revoking his discharge vacated. As noted by the Bankruptcy Court in its Order dated June 4, 2008, reopening the bankruptcy estate "would accomplish nothing where a judgment stands denying the debtor a discharge." Thus, no compelling reason under Section 350(b) is established for reopening the bankruptcy estate where no relief can be afforded. "[R]eopening is of no purpose if a party cannot utilize the reopening to obtain the relief requested." In re Daniels, 163 B.R. 893, 895 (S.D. Ga. 1994). Therefore, the decision of the Bankruptcy Court not to reopen the bankruptcy estate was not an abuse of discretion.

Further, the Debtor appears to be seeking yet another bite at the apple in filing the Motion to Reopen in this matter. After his discharge was revoked in 2005, the Debtor filed an appeal of that decision, but the United States District Court for the Northern District of Illinois, Western Division, affirmed the decision of the Bankruptcy Court. The District Court determined that the Bankruptcy Court had jurisdiction to revoke the Debtor's discharge and that the Bankruptcy Court did not reach the wrong result in revoking that discharge. Once again, in this matter the Debtor, by his own admission, is seeking to have his bankruptcy discharge reinstated, as he attempted to do in his previous appeal. The Bankruptcy Trustee, JAMES E. STEVENS, should not be required to relitigate issues previously decided because the Debtor believes he has found a different avenue to seek the same result.

## **CONCLUSION**

The Bankruptcy Court did not abuse its discretion in refusing to reopen the Debtor's

bankruptcy estate under Section 350(b) as the Debtor failed to establish cause to reopen the

estate.  Therefore, the Trustee respectfully requests that this Court deny the relief sought by the

Debtor in his appeal.


                                        JAMES E. STEVENS, TRUSTEE
                                        Appellee


                                        BY: /s/ Charlotte A. LeClercq
                                             Charlotte A. LeClercq
                                             Attorney for Appellee


Charlotte A. LeClercq
Barrick, Switzer, Long, Balsley & Van Evera
6833 Stalter Drive
Rockford, Illinois 61108
(815) 962-6611

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| TERENCE BRUCE RICHARDS | ) | CASE NO.:  08 C 50148 |
| | ) | |
| Appellant, | ) | Judge Manuel Barbosa |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES E. STEVENS, | ) | |
| | ) | |
| Appellee | ) | |

## <u>NOTICE OF FILING</u>

To:   Terence B. Richards
       P.O. Box 3030
       Chicago, IL  60690

**PLEASE TAKE NOTICE** that on the 21st day of August, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division, an Appellee's Brief, a copy of which is hereby served upon you.

BY:   /s/ Charlotte A. LeClercq
       Charlotte A. LeClercq
       Attorney for James E. Stevens

BARRICK, SWITZER, LONG,
   BALSLEY & VAN EVERA
BY:   CHARLOTTE A. LECLERCQ
6833 STALTER DRIVE
ROCKFORD, IL  61108
(815) 962-6611

## **PROOF OF SERVICE**

I, the undersigned, certify that I served the attached documents upon:

Terence Bruce Richards
P.O. Box 3030
Chicago, IL  60690

by placing a true and correct copy of said documents in an envelope, addressed as is shown above.

That I sealed said envelope and placed sufficient U.S. Postage on it; that I deposited said envelope so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 p.m. on the 21st day of August, 2005.


 /s/ Stephanie S. Johnson