F I L E D

AUG 2 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 CV 50148**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Terence Bruce Richards | ) Appeal from the United States |
|     Plaintiff – Appellant | ) Bankruptcy Court for the |
| | ) Northern District of Illinois |
| | ) Western Division |
| Vs. | ) |
| | ) Case Number 03 B 71403 |
| James E. Stevens | ) |
|     Defendant – Appellee | ) Judge Manual Barbosa |

### RESPONSE BRIEF OF APPELLANT

Terence Bruce Richards
P. O. Box 3030
Chicago, Illinois 60690-3030

## TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

Bronson Vs. Schulten 104 U.S. 410 (1881). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Darr Vs. Burford 339 U.S. 200, 203 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Faye Vs. Noia 372 U.S. 391 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hirabayashi Vs. United States 828 F.2d 591, 604 (9th Cir. 1987). . . . . . . . . . . . . . . . . . 4

Illinois Vs. Gates 462 U.S. 213 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

L. Yakle, Postconviction Remedies (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

United States Vs. Bush 888 F.2d 1145 (7th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States Vs. Craig 907 F.2d 653 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

United States Vs. Grass 614 F.2d 365, 368 (3rd Cir. 1980). . . . . . . . . . . . . . . . . . . . . . 9

United States Vs. Keane 852 F.2d 199, 202 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 11

United States Vs. Keogh 391 F.2d 138, 148 (2nd Cir. 1968). . . . . . . . . . . . . . . . . . . . . . . 4

United States Vs. Mayer 235 U.S. 55, 69 (1914). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 8

United States vs. Morgan 346 U.S. 502 (1954). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7, 8, 10

United States Vs. Plumer 27 Fed. Cas. 561 (C.C.D.M. 1859). . . . . . . . . . . . . . . . . . . . . . 7, 8

United States Vs. Sammy Cariola 323 F.2d 180, 184 (3rd Cir. 1963). . . . . . . . . . . . . . . . 8

United States Vs. Walgren 885 F.2d 1417, 1420 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . 4

Strode Vs. Strafford Justices 23 F. Cas. 236 (C.C.D.V. 1810) . . . . . . . . . . . . . . . . . . . . 7

Yasui Vs. United States 772 F.2d 1496 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. §1651(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

## ARGUMENT

The writ of coram nobis, 18 Am. Jur. 2d Coram Nobis §1 (1985), a post-judgment remedy granted by the court that rendered the original [judgment], vacates the judgment or grants a new trial. *L. Yackel, Postconviction Remedies* §§7-9, at 29-41 (1981). To be granted a writ of coram nobis, the petitioner must allege an error which was not previously litigated see *id.* at 31, which was not ascertainable through the ordinary diligence at the time of the trial see *id* at 31-32, and which probably would have affected its outcome see *id.* at 32 *United States Vs. Keogh*, 391 F.2d 138, 148 (2nd Cir. 1968)(Coram Nobis petition properly granted only when court concludes that undisclosed evidence would have permitted defendant to raise reasonable doubt as to his guilt). Specifically, "[t]he writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors'. *United States Vs. Walgren* 885 F.2d 1417, 1420 (9th Cir. 1989)(quoting *Yasui Vs. United States* 772 F.2d 1496, 1498, 1499 & n. 2(9th Cir. 1985)). Where the errors are of "the most fundamental character", such that the proceeding itself is rendered "invalid", the writ of coram nobis permits a court to vacate its judgments. *Hirabayashi Vs. United States* 828 F.2d 591, 604 (9th Cir. 1987)(quoting *United States Vs. Mayer* 235 U.S. 55, 69; 35 S.Ct. 16, 19-20; 59 L.Ed 129 (1914)). District Courts have authority to issue the writ under the All Writs Act, 28 U.S.C. §1651(a).

4

**GENERAL - BACKGROUND**

The all-writs section of the Judicial Code, 28 U.S.C. §1651(a), authorizes the issuance of writs of error coram nobis. *United States vs. Morgan* 346 U.S. 502, 74 S.Ct. 247; 98 L.Ed 248 (1954). A writ of error coram nobis should only be allowed under compelling circumstances as it is an extraordinary remedy. *Morgan* 346 U.S. at 511, 74 S.Ct. at 252; *United States Vs. Keane* 852 F.2d 199, 202 (7th Cir. 1988), cert. denied, 490 U.S. 1084; 109 S.Ct. 2109, 104 L.Ed.2d 670 (1989). In the instant case, there are several compelling circumstances, some personal and some compelling circumstances for society as well. The biggest one against society, is that there are more than one victim in this case, there are several large corporations and especially the mom and pop shops, who are struggling to create a business for their family to live and inherit in the future. These are the individuals that have been hurt by this judgment. In 2006, these Corporations (and especially mom and pop shop's) filed for bankruptcy claims in the bankruptcy case 03 B 71403, and while, the debtor was in prison, they were falsely denied their claims, amount to slightly over $62,000.00 dollars. While there is $42,000.00 un-administered assets, which was never technically abandoned, or abandoned by the operation of the law. Of this $42,000.00 un-administered assets, approximately $15,000.00 of the assets was known to be have stolen by a third party, by the name of Donald James Harrington, who was arrested and indicted on this particular property. The No Distribution Report, filed in June 2006, was false and misleading. This bankruptcy discharge revocation stands in interference with true and proper justice.

## HISTORY OF WRIT

The British common-law writ of Coram Nobis evolved in the sixteenth century as a remedy for petitioners alleging a judicial wrong. See L. Yackle *supra*. Note 1, §9 at 36-37 (The petition was submitted in the court of the King's Bench, or "before us", that is, before the King. See id. §9 at 37. The Writ of Coram Vobis, an analogous procedure, was heard by the judges of the Court of Common Pleas, or "before you" See *id.* Although the latter term has occasionally been used in the United States, see e.g. *United States Vs. Mayer* 235 U.S. 55, 67 (1914), the distinction is virtually meaningless in the American Context. See L. Yackle *supra*. note 1, §9, at 38-39.) Applied in both civil and criminal cases, See L. Yackle, supra note 1 §8 at 31-32, the writ was brought before the court that had rendered the original judgment, and requested relief in the form of a new trial. See L. Yackle *supra* note 1, §8 at 31-32. In order to obtain the writ, the petitioner had to allege an error of fact (in early practice, errors of fact could be remedied only through the writ of coram nobis, see id. §8 at 32-33, while the writ of habeas corpus was reserved for errors of law. See id. §3, at 4. In modern practice, habeas corpus is the remedy for errors of law when the petitioner is still in custody. The writ of Coram Nobis may address errors of either fact or law when the petitioner has completed his sentence.) See id. §8 at 33. which could not have been ascertained through ordinary diligence at the time of the trial, See L. Yackle *supra* note 1, §8 at 31-32. and which, in all probability, would have affected its outcome. See id. §8 at 32. As a result, a fact that had been litigated could not again be brought before the court, even if the law had changed. See Am. Jur. 2d Coram Nobis §10, at

6

630 (1985).

The Writ of coram nobis was traditionally brought before the trial court to correct an error of fact which did not appear on the record. In its modern application, the writ alleges an error of fact or law, and is invoked when the petitioner is no longer imprisoned on that charge. *United States Vs. Morgan* 346 U.S. 502, 511-13 (1954)(coram nobis relief available after release from custody). It may thus be distinguished from a writ of habeas corpus, 28 U.S.C. §2255 (1988) which alleges an apparent error of law and is addressed to a higher tribunal. See 18 Am. Jur. 2d Coram Nobis §2 at 623 (1985). The writ of habeas corpus challenges the legal right to continue to hold a petitioner in custody. *Darr Vs. Burford* 339 U.S. 200, 203 (1950)("The writ of Habeas Corpus commands general recognition as the essential remedy to safeguard a citizen against imprisonment by State or Nation in violation of his constitutional rights")(overruled on other grounds by *Fay Vs. Noia*, 372 U.S. 391 (1963)).

Traditionally, available in both civil and criminal cases See 18 Am. Jur. 2d Coram Nobis §3 at 623 (1985), the writ of coram nobis has rarely achieved prominence in American Federal practice. Chief Justice Marshall first recognized the availability of the writ in 1810. See *Strode Vs. The Strafford Justices*, 23 F. Cas. 236, 236-37 (C.C.D.V. 1810) (No. 13,537) Nearly, fifty years later, however, the Circuit Court of Massachusetts held in *United States Vs. Plumer* 27 Fed. Cas. 561 (C.C.D.M. 1859) (No. 16,056) that the federal circuit courts had no jurisdiction to issue writs of coram nobis in criminal cases. *Plumer* nonetheless acknowledge that the writ had been used and was appropriate in rare civil cases.

7

The Supreme Court struggled with the writ of coram nobis into the twentieth century. In *Bronson Vs. Schulten* 104 U.S. 410 (1881), the Court disapproved of the trend in the states to award the writ, and expressed doubts as to the writ's validity in the federal system. The Court repeated its doubts several times during the next seventy years.

Federal Rules of Civil Procedure 60(b) adopted in 1946, abolished the writ of coram nobis in civil cases. The rule provides that "[w]rits of coram nobis [and] coram vobis are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." Nonetheless, Rule 60(b) does not abolish the writ of coram nobis in criminal questions. See *Morgan* 346 U.S. at 505-06 n. 4

In *United States Vs. Morgan* 346 U.S. 502 (1954), the Supreme Court finally held that federal courts could issue the Writ of Coram Nobis in a criminal case in which the petitioner challenged his conviction by claiming that he was not informed of his right to counsel. See id. At 511-12 While the Court agreed with earlier opinions holding that the writ was not specifically authorized by any congressional statute, See e.g. United States Vs. Mayer 235 U.S. 55, 69 (1914); United States Vs. Plumer 27 Fed. Cas. 561, 572 (C.C.D.M. 1859)(No. 16,056)(acts of Congress do not authorize re-examination of district court judgments) it concluded that the writ was authorized by the All Writs Act, 28 U.S.C. §1651(a) which provides that "[t]he Supreme Court and all courts, established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law". Id.

## STANDARD OF REVIEW

Use of the writ in a federal trial court is appropriate to correct errors committed by that court in those few cases for which there was no remedy available at the time of trial and where sound reasons exist for failing to seek relief earlier United States Vs. Morgan 346 U.S. 502 (1954) at 512. Earlier proceedings are presumptively correct and the petitioner has the burden to show otherwise. United States Vs. Sammy Cariola, 323 F.2d 180, 184 (3rd Cir. 1963).

Coram Nobis is an extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope. Id at 184. Coram nobis relief is limited to correct errors "of the most fundamental character". United States Vs. Morgan 346 U.S. at 512. The interest of finality of judgments dictates that the standard for a successful collateral attack on a judgment under coram nobis is more stringent than the standard applicable on a direct appeal. United States Vs. Grass 614 F.2d 365, 368 (3rd Cir. 1980). It is even more stringent than the burden on a petitioner seeking habeas relief. United States Vs. Keogh 391 F.2d 138, 148 (2nd Cir. 1968).

In the present case, the appellee claims in his response brief, that the court found all the elements for the alleged bankruptcy fraud, but the fail, to prove the element of intent. In the February 9th, 2005, Court order, Judge Manual Barbosa quotes, the totality of the circumstances, and bases his decision off the wrong standard of proving probable cause, probable cause cannot be based solely off of suspicions, beliefs, and mere conclusions. *Illinois Vs. Gates* 462 U.S. 213 (1983). In the instant case, the Bankruptcy Judge Manual Barbosa and Bankruptcy Trustee James E. Stevens believed that the debtor passed third party Donald James Harrington $45,662.13 dollars from his exempt E.R.I.S.A. account, hoping that third party

9

Harrington would pass it back, with the intent to prevent the Bankruptcy Trustee James E. Stevens from using the funds to repay the creditors. When, the debtor, when he filed his police report, reported earlier thefts $6,800, $5,000 and $4,800 dollars, that is sitting as un-administered assets in bankruptcy adversary hearing 03 A 7083, which was abandoned not in the operation of the law. This is fundamental error of fact. That could not have been raised, due to fraud. Even, though the plaintiff may have written a paper, stating that he conspired with third party Harrington, this is only a very broad statement, with no supporting evidence. The true evidence was before Bankruptcy Court and the Bankruptcy Trustee, in a letter written by his father, which was ruled on May 28th, 2003, and the Exhibit to the adversary complaint, which the judgment was entered November 3rd, 2003 (All the true elements were before the court, before the court entered its judgment revoking the bankruptcy discharge. These facts could have been presented to the court, at the revocation hearing, but due to court's false beliefs, the debtor was unable to present this information, and was unable to know and no reasonable knowledge to know, to present this evidence, even with due diligence.

### Extraordinary Remedy

A writ of error coram nobis should only be allowed under compelling circumstances as it is an extraordinary remedy. *Morgan* 346 U.S. at 511 United States Vs. Keane 852 F.2d 199, 202 (7th Cir. 1988), cert. denied 490 U.S. 1084 (1989). As a substitute for the "Custody" requirement under 28 U.S.C. §2255, the petitioner must show that he or she is under a substantial legal

disability in order to obtain a writ of error coram nobis. United States Vs. Bush 888 F.2d 1145, 1148, 1150-51 (7th Cir. 1989). Specifically, a petition for a writ of error coram nobis to vacate a federal judgment where the sentence has been served will not be granted unless a petitioner can show that he or she suffers from ongoing civil disabilities, or adverse collateral consequences, due to his or her allegedly wrongful judgment. See United States Vs. Craig 907 F2.d 653 (7th Cir. 1990), cert. denied --- U.S. --- 111 S.Ct. 2013, 114 L.Ed.2d 100 (1991); Bush 888 F.2d 1145; Keane 852 F.2d 199. To show that he or she suffers from ongoing civil disabilities a petitioner must demonstrate the following:

The Court's considering ... systematic interests in finality, they have rejected coram nobis petitions except where there is a concrete threat that an erroneous judgment's lingering disabilities will cause serious harm to the petitioner. Thus, the types of disabilities sufficient to justify coram nobis relief can be broken down into three elements. First, the disability must be causing a present harm; it is not enough to raise purely speculative harms or harms that occurred completely in the past. Second, the disability must arise out of the erroneous judgment. Third, the potential harm to the petitioner must be more than incidental.

In the present case, the debtor-petitioner is suffering from three known harms: (1) as the appellees mention in their response brief, the debtor-petitioner still has a moral and legal obligation to repay his creditors; (2) the plaintiff is suffering an economic loss of employment from his past employer HSBC Technology & Services USA, Inc. (3) as the appellees raise in their response brief, the appellant is interested in attending John Marshall Law School, to earn his

11

law degree in Real Estate Law.

First, as the appellees mention in their response brief, the appellant is still under a legal obligation to his creditors. This is a present harm, and it can be resolved by grant this petition for Writ of Coram Nobis. This bankruptcy discharge revocation is only an interference to collecting the debtor-petitioner's stolen property which sits as un-administered assets in adversary hearing 03 A 7083, which was never abandoned under Title 11 U.S.C. §554 or by the operation of the law. Of the $42,000.00 judgment, $24,000.00 dollars of the judgment is the debtor-petitioner. This disability arises out of Bankruptcy Judge Manual Barbosa applying the totality of the circumstances principles to suspicions, beliefs, and mere conclusions, with no factual basis for the decision. This harm was a direct result of the erroneous decision.

Second, as a direct result of the erroneous decision, the plaintiff was unable to recover his employment with his ex-employer HSBC Technology & Services USA, Inc., after they falsely terminated his employment on March 14th, 2004. This is an interference with a prospective contractual agreement, which is preventing the plaintiff from working with his ex-employer.

Third, the Seventh Circuit has previously, noted that the loss of the right to hold occupational licenses, including a law licenses, is the type of civil disability which could support issuance of a writ of error coram nobis. Craig, 907 F.2d at 659; Keane 852 F.2d at 203. In Keane the court found that the petitioner was not under any disability because although he was disbarred after his conviction of mail fraud, the Illinois Supreme Court readmitted him to practice before he filed his petition for a writ of error coram nobis. Keane 852 F.2d at 203. In a more case the Court found that although the petitioner had been disbarred after his conviction,

coram nobis relief was not appropriate because he had not proven that "his conviction [was] a direct result of his disbarment or that he [had] a present desire to apply for reinstatement to the bar" Craig 907 F.2d at 659. In the present case, as the appellees have pointed out, the debtor-petitioner has expressed an interest in obtain a law license.

## CONCLUSION

**THEREFORE,** the Debtor, respectively request that this Honorable Court **GRANT** his appeal, and **REMAND** this case for a petition for Writ of Coram Nobis.

*Terence Bruce Richards*
Terence Bruce Richards
P. O. Box 3030
Chicago, Illinois 60690-3030

## CERTIFICATE OF SERVICE

I, Terence Bruce Richards, hereby swear under penalty of perjury, that I have served the Appellee, James E. Stevens attorney, Barrick, Switzer, Long & Van Evera, 6833 Stalter Drive, Rockford, Illinois, 61107 with a true and correct copy of this response brief, by placing a true and correct copy in the United States Mail, located at 3001 Clark Street, Chicago, Illinois 60657.

Terence Bruce Richards
P. O. Box 3030
Chicago, Illinois 60690-3030